UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE WISHART,

                Plaintiff,

-against-

Correction Officer PETER WELKLEY (in his individual capacity), Correction Officer CEDRIK SORIA (in his individual capacity), Correction Officer JOSEPH SULLIVAN (in his individual capacity), Correction Officer W. MARYJANOWSKI (in his individual capacity), Correction Officer PAUL PALISTRANT (in his individual capacity), Correction Officer SWIATOWY (in his individual capacity), Correction Officer MITHADRILL (in his individual capacity), Correction Sgt. JAMES OPPERMAN (in his individual capacity), Correction Sgt. EDWARD RICE (in his individual capacity), and Correction Lt. BRIGHT (in his individual capacity).

                Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

No. 19-cv-6189 (MAT) (JWF)

**IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the parties to the above-captioned matter, that the following procedures shall govern the production and subsequent handling of confidential documents and information produced by any party.

    1.    The following materials are deemed "confidential" for the purposes of this litigation:

        a.    any discovery material produced by Defendants that contains or discloses confidential information concerning personnel or security matters; and

        b.    all medical documents received by any party, from whatever source;

and

    c.    any documents containing Defendants' personal identifying information including but not limited to personal phone number, home address, email address, and social security number.

2.    The attorneys for Plaintiff and Defendants shall use confidential material and documents only for the prosecution or defense of this action.

3.    Any document a party deems confidential must be prominently marked as such when produced.

4.    The Plaintiff's attorneys shall not disclose confidential discovery material to persons other than the counsel of record and employees of such counsel actively assisting in the conduct of this action, including employees of any firm or business retained to reproduce the discovery material for use in accordance with this Agreement. All such disclosures shall be made only as necessary for the prosecution and defense of claims in this action.

5.    The Plaintiff's attorneys agree not to share with Plaintiff a copy of the confidential discovery material or the content of the confidential discovery material unless authorized by the Court in accordance with paragraph 7 below.

6.    Notwithstanding the foregoing, confidential discovery material may be used by counsel for any party at a deposition or trial to examine or cross-examine any witness. Any attorney seeking to use a confidential document at trial or in any other public proceeding must first inform counsel for the opposing party. Upon conclusion of the deposition or trial, any such exhibit shall be maintained in a sealed envelope.

7.      Nothing contained in this Agreement, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document or information is, in fact, confidential. Further nothing in this Agreement shall operate as a waiver of a party's right to obtain discovery material or as an admission by any party that any particular document is neither discoverable nor admissible at the trial of this action.

8.      Any confidential document that is also designated by any party as a proposed trial exhibit, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open Court, subject to the applicable rules of evidence, unless a party obtains an appropriate protective order from the Court.

9.      If any party objects to the designation of any material as confidential and if good faith negotiations to resolve the issue prove unsuccessful, the party wishing to designate material as confidential may, within 60 days following the parties' efforts to resolve the objection, apply to the Court for a ruling that the document should be treated as confidential discovery material. Until the Court enters an order changing the designation, the material shall be treated as confidential discovery material in accordance with this Agreement.

10.     Nothing in this Agreement shall be construed to limit a party's use of its own confidential materials or information contained in confidential materials in any manner, or to limit the use of confidential materials or their contents to the extent that they are publicly available or have been obtained by a party or a party's attorney through other lawful means, such as a F.O.I.L. request.

11.     Within thirty (30) days after this action and all other related legal proceedings have been terminated, confidential discovery material and document and all copies thereof shall be either destroyed or returned to the counsel for the opposing party.

Dated: August 6, 2019

_____
Joshua S. Moskovitz, Esq.
*Attorney for Plaintiff George Wishart*
Bernstein Clarke & Moskovitz PLLC
*Attorneys for Claimant*
11 Park Place, Suite 914
New York, New York 10007

Dated: August 6, 2019

_____
Rob Rickner, Esq.
*Attorney for Plaintiff George Wishart*
Rickner PLLC
The Woolworth Building
233 Broadway, Suite 2220
New York, New York 10279

Dated: August 6, 2019

_____
Hillel Deutsch, Esq.
*Attorney for Served Defendants*
Assistant Attorney General
NYS Office of the Attorney General
144 Exchange Blvd., Suite 200
Rochester, New York 14614

**SO ORDERED:**

_____
HON. JONATHAN W. FELDMAN

4