**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

GEORGE WISHART,

                                    Plaintiff,

                    -against-

Correction Officer PETER WELKLEY (in his
individual capacity), Correction Officer CEDRIK
SORIA (in his individual capacity), Correction Officer
JOSEPH SULLIVAN (in his individual capacity),
Correction Officer W. MARYJANOWSKI (in his
individual capacity), Correction Officer PAUL
PALISTRANT (in his individual capacity), Correction
Officer SWIATOWY (in his individual capacity),
Correction Officer MITHADRILL (in his individual
capacity), Correction Sgt. JAMES OPPERMAN (in
his individual capacity), Correction Sgt. EDWARD
RICE (in his individual capacity), and Correction
Lt. BRIGHT (in his individual capacity).

                                    Defendants.

Dkt. No. 19-cv-06189 (MAT)
(JWF)

## GENERAL OBJECTIONS

In addition to any specific objections or limitations stated below in
Defendants specific responses, Defendants incorporate the following objections and
limitations into each of their responses to Interrogatories.

1.      Defendants object to these Interrogatories to the extent that
they are overly broad, unduly burdensome, vague, ambiguous, duplicative,
compound, and seek information that is not relevant to this action and not reasonably
calculated to lead to the discovery of admissible evidence.

2.      Defendants object to these Interrogatories to the extent they
purport to impose burdens and obligations which are inconsistent with or in excess of the
obligations set forth in the Federal Rules of Civil Procedure ("FRCP") and the Rules of
this Court.

3.      Defendant object to these Interrogatories to the extent that they call for information already in the Plaintiff's possession or available in the public domain. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

4.      Defendants respond to these Interrogatories without conceding the relevancy, materiality, or the admissibility of any documents or other information identified, and without prejudice to its rights to object to further discovery or to the admissibility of any evidence.

5.      Defendants object to these Interrogatories to the extent they require disclosure of privileged attorney-client communications or communications protected by the self- evaluative privilege or any other privilege or source of confidentiality.

6.      Defendants decline any obligation to (a) generate documents not currently existing; (b) describe any unsuccessful efforts to respond to any request; (c) locate any document or tangible thing not in their possession, custody or control; (d) add and/ or change the meaning of any request in the conjunctive or disjunctive; and (e) respond to any portion or aspect of an Interrogatory not described with reasonable particularity by the express language of the request.

9.      Defendants expressly incorporate each of these general objections into their response to each Interrogatory. Because discovery is ongoing, Defendants reserve the right to amend, modify or supplement any responses herein.

### GENERAL STATEMENTS

The following statements apply to all responses to the Requests.

1.      All responses are made subject to the foregoing General Objections and these General Statements, which may or may not be repeated in each response. To the extent specific General Objections and/or Statements are cited in a specific response, those specific

citations are provided because they are believed to be particularly relevant to the specific Request and are not to be construed as a waiver of any other General Objection or Statement applicable to information falling within the scope of the Request.

2.    Where a partial response can be made to a Request that is otherwise objectionable, such will be made without waiving any stated objection.

3.    These responses are made without waiver of, and with preservation of:

a.    all questions as to competency, relevancy, materiality, privilege, and admissibility of each response herein as evidence in any further proceeding in this action, including trial;

b.    the right to object to the use of any response herein, or the subject matter thereof, in any further proceedings in this action, including trial, and in any other lawsuit or proceedings;

c.    the right to object on any ground at any time to a demand or request for a further response to this or any other discovery involving or relating to the subject matter of the responses herein provided; and

d.    the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

4.    A response stating that responsive documents will be produced is not meant and shall not be interpreted as an admission or representation that responsive documents-- exist. It is solely a representation that after a reasonable search, non-objectionable, responsive documents that are located will be produced.

5.    In responding to Plaintiff's Requests, Defendants do not concede that any of the information sought or provided is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendants reserve the right to produce documents for inspection in the first instance, for subsequent production of copies of those documents selected by Plaintiff during such inspection.

7.    Since discovery is ongoing, Defendants reserve the right to supplement and/or amend their responses to the Requests.

### DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST CONSOLIDATED SET OF DOCUMENT REQUESTS

Defendants, on information and belief, respond as follows to Plaintiff's First Set of Document Demands:

1.    All documents concerning Wishart.

**Response:** Object to this demand as overbroad, seeking irrelevant documents, and not proportional to the needs of the case. Without waiving this objection, Mr. Bright's responsive documents (other than those sent to him by counsel) are produced as **Exhibit A**. Mr. Welkley's responsive documents (other than those sent to him by counsel) are produced as **Exhibit B**. The remaining Defendants have no such responsive documents other than the lawsuit and documents sent to them by counsel which are privileged.

2.    All documents concerning the incident involving Wishart that occurred on March 14, 2016 at Orleans Correctional Facility.

**Response:** Defendants have no such documents in their possession other than the documents listed above.

3.    All photographs and videotape concerning Wishart.

**Response:** Defendants have no such documents in their possession other than the documents listed above.

4.    All photographs and videotape concerning the incident involving Wishart that occurred on March 14, 2016 at Orleans Correctional Facility, including any photographs or videotapes of Wishart in the days following the incident.

**Response:** Defendants have no such documents in their possession other than the documents listed above.

5.    All of Wishart's medical records.

**Response:** Defendants have no such documents in their possession other than the documents listed above.

6.      All documents and communications between any New York State

correctional facility and Defendants' counsel relating in any way to providing Wishart's

medical records to Defendants' counsel.

**Response:** Object to this demand as seeking irrelevant and privileged communications.
Without waiving this objection, Defendants have no such documents in their possession
other than the documents listed above.

7.      Any statement of any person involved in or who witnessed the incident

involving Wishart on March 14, 2016 at Orleans Correctional Facility.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

8.      All "sick call" requests or any request for medical care made by Wishart

on or after March 14, 2016.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

9.      All grievances submitted by Wishart on or after February 1, 2016.

**Response:** Object to this demand as overbroad, seeking irrelevant documents, and not
proportional to the needs of the case.  Without waiving this objection, Defendants have no
such documents in their possession other than the documents listed above.

10.     All records of Wishart's phone calls from February 1, 2016 to present.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

11.     All correspondence from Wishart to the Superintendent of Orleans

Correctional Facility in February or March 2016.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

12.     All documents concerning any investigation of the March 14, 2016

incident involving Wishart at the Orleans Correctional Facility.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

13.     All documents concerning the investigation of Correction Officer Peter

Welkley's interactions or correspondence with ███████████ (also known as ███████

████████.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

14.     All documents concerning Wishart's conduct on March 14, 2016.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

15.     All documents concerning the misbehavior report regarding the March 14,

2016 incident involving Wishart.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

16.     All documents concerning the hearing related to misbehavior report about

the March 14, 2016 incident.

**Response:** Defendants have no such documents in their possession other than the
documents listed above.

17.     The complete personnel file for each Defendant for their work as a

correctional officer or in any other law enforcement capacity.

**Response:** Object to this demand as overbroad, seeking irrelevant documents, and not
proportional to the needs of the case.  Any such request must be made through DOCCS.
Without waiving this objection, Defendants consent for DOCCS to produce any
documents in Defendants' personnel files pertaining to Use of Excessive Force or
truthfulness or veracity for two years prior to the incident alleged and one after, and the
documents, if any, pertaining to the disciplinary action pertaining to Mr. Welkley and Ms.
███████.

18.     All documents concerning any complaint about any Defendant while

employed as a corrections officer or in any other law enforcement capacity.

**Response**: Object to this demand as overbroad, seeking irrelevant documents, and not
proportional to the needs of the case.  Without waiving this objection, Defendants have no
such documents in their possession other than the documents listed above.

19.     All documents concerning any discipline of each Defendant while

employed as a corrections officer or in any other law enforcement capacity.

**Response**: Object to this demand as overbroad, seeking irrelevant documents, and
not proportional to the needs of the case.  Without waiving this objection, Mr.
Welkley has never been disciplined for excessive or unnecessary use of force, or
any reason pertaining to truthfulness and veracity and the documents in his
possession pertaining to the allegations at bar are appended to this response.  The
remaining Defendants possess no documents pertaining to discipline for any reason
pertaining to truthfulness, unnecessary use of force, or the allegations at bar.

20.     All documents concerning any Defendant's separation from employment

by the State of New York or the New York State Department of Corrections and

Community Supervision.

**Response**: Object to this demand as overbroad, seeking irrelevant documents, and
not proportional to the needs of the case.

21.     All documents concerning any Defendant's pension from the State of New

York.

**Response**: Object to this demand as overbroad, seeking irrelevant documents, and
not proportional to the needs of the case.

22.     All documents concerning any agreement by the State of New York to

defend each Defendant in this action.

**Response**: Object to this demand as overbroad, seeking irrelevant documents,
seeking confidential and privileged documents, and not proportional to the needs of
the case.  Without waiving this objection, Defendants are not aware of any such
documents other than documents sent by counsel which are privileged.

23.     All documents and communications concerning any agreement by the

State of New York to indemnify or insure each Defendant for any liability incurred in this

action.

**Response**: Object to this demand as overbroad, seeking irrelevant documents,
seeking confidential and privileged documents, and not proportional to the needs of
the case.  Without waiving this objection, Defendants do not possess any such
documents.

24.     All emails, to or from any account used or controlled by any Defendant,

from January 1, 2015 to the present, concerning Wishart.

**Response:** Counsel searched Defendants' emails for any emails referencing Mr. Wishart and no responsive documents were found other than privileged communications with counsel.

25.    All emails, to or from any account used or controlled by any Defendant, from January 1, 2015 to the present, concerning ██████████ (also known as ██████████.

**Response:** Counsel searched Defendants' emails for any emails referencing Ms. ██████ Ms. ████ and no responsive documents were found.

26.    All emails from any Defendant to any other Defendant, dated from January 1, 2015 to the present.

**Response:** Object to this demand as overbroad, seeking irrelevant documents, seeking confidential and privileged documents, and not proportional to the needs of the case.

27.    All text messages, to or from any cell phone or other text messaging application used or controlled by any Defendant, from January 1, 2015, to the present, concerning:

   a.   Wishart,

   b.   ██████████ (also known as ██████████,

   c.   any other Defendant,

   d.   the investigation of the March 14, 2016 incident at Orleans Correctional

        Facility involving Wishart, or

   e.   this lawsuit.

**Response:** Object to this demand as overbroad, seeking irrelevant documents, and not proportional to the needs of the case, with regard to subsections (c), (d) and (e). Without waiving this objection, Defendants' functioning phones were searched for texts related to the underlying allegations of this matter and no responsive texts were found.

28.    All text messages to or from any cell phone or other text messaging application used or controlled by any Defendant to any Defendant, dated from

January 1, 2015 to the present.

**Response:** Object to this demand as overbroad, seeking irrelevant documents, and not proportional to the needs of the case.

29.   All emails sent from ▮▮▮▮▮▮@gmail.com" or to

▮▮▮▮▮▮gmail.com" concerning:

   a.  Wishart,

   b.  ▮▮▮▮▮▮ (also known as ▮▮▮▮▮▮,

   c.  any other Defendant,

   d.  the investigation of the March 14, 2016 incident at Orleans Correctional

      Facility involving Wishart, or

   e.  this lawsuit.

**Response:** Counsel has searched Defendants' emails and no such emails were found.

30.   All posts to social media, from February 1, 2016, by any Defendant

concerning:

   a.  Wishart,

   b.  ▮▮▮▮▮▮ (also known as ▮▮▮▮▮▮,

   c.  any other Defendant, or

   d.  the investigation of the March 14, 2016 incident at Orleans Correctional

      Facility involving Wishart, or

   e.  this lawsuit.

**Response:**  Object to this demand to the extent it seeks posts pertaining to any defendant or this lawsuit over a period of four and half years as overbroad, unduly burdensome and not proportional to the needs of the case and seeking irrelevant documents.  With regard to the other categories sought: Defendants have made no such posts.

31.   All posts to social media, from February 1, 2016, to the present, by any

Defendant concerning the use of force as or by a correctional officer or other law

enforcement capacity.

**Response**: Object to this demand as overbroad, seeking irrelevant documents, and not proportional to the needs of the case. Without waiving this objection, Defendants have made no posts about the allegations they used force in this matter or in any other instances.

32.    All document preservation communications to each Defendant related in any way to the claims in this action or in *George Wishart v. The State of New York*, Claim No. 129405 filed in the New York Court of Claims.

**Response**: Object to this demand as seeking privileged communications.

33.    All documents obtained using any release, including medical releases, provided by Wishart in this action.

**Response**: Defendants have no such documents.

34.    All documents that will be used, for any purpose, including but not limited to impeachment, in this action.

**Response**: Object to this demand as premature. Defendants have identified all relevant witnesses and document in their Rule 26 disclosures and reserve the right to supplement as discovery proceeds.

35.    All documents related in any way to any affirmative defense asserted in this action.

**Response**: Object to this demand as premature. Defendants have identified all relevant witnesses and document in their Rule 26 disclosures and reserve the right to supplement as discovery proceeds.

Dated: September 16, 2019
Rochester, New York

HILLEL DEUTSCH

Hillel Deutsch
NYS Assistant Attorney General
144 Exchange Blv. Rochester, NY 14614
Phone: (585) 546-7430
*Attorney for Defendants*