# BERNSTEIN CLARKE & MOSKOVITZ

11 Park Place, Suite 914, New York, New York 10007
www.bcmlaw.com   Tel. (212) 321-0087   Fax (917) 722-0930

Andrew M. J. Bernstein
Lance A. Clarke
Joshua S. Moskovitz

September 25, 2019

**BY FIRST CLASS MAIL AND EMAIL**

Hillel Deutsch
Assistant Attorney General
New York State Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614

Re: *Wishart v. Welkley* et al., No. 19-cv-6189 (MAT) (JWF)

Dear Mr. Deutsch,

I write regarding deficiencies with Defendants' responses to Plaintiff's First Consolidated Set of Document Requests and Plaintiff's First Set of Interrogatories.

First, as we discussed today, plaintiff objects to defendants not having produced all responsive documents within their "possession, custody, or control" per Fed. R. Civ. P. 34(a)(1). Specifically, you have not produced Mr. Wishart's medical records or other records you have received from the New York State Department of Corrections and Community Supervision ("DOCCS"). As you know, it is plaintiff's position that these documents are subject to disclosure and since you will not agree to produce them, we intend to move to compel their production.

Moreover, it is apparent that you have committed spoliation by discarding relevant documents. On May 12, 2019, you stated that you had Mr. Wishart's complete medical file from DOCCS and that those records "will be provided as part of Rule 26 disclosures." You described the records you said you would produce as follows: "The records I obtained pursuant to statute are Plaintiff's medical records from DOCCS." In response to my question, "whether you have received all of Plaintiff's DOCCS medical records, or only records from a certain period of time or related only to certain treatment," you stated, "I requested [Mr. Wishart's] complete medical file." Now you tell us that you no longer have the complete medical file because you only retained certain documents. Thus, you discarded relevant documents that you said you would produce. Accordingly, we have no choice but to seek sanctions for this intentional spoliation.

Second, there are a number of redactions in the documents that were produced as "Exhibit B" that have not been explained, and you did not produce a privilege log. The redactions appear to cover defendant Welkley's address, as well as an entire page of unknown subject matter. Please explain the basis for those redactions and if you are asserting a privilege, please provide a log that complies with the applicable rules.

**BERNSTEIN CLARKE & MOSKOVITZ**

Hillel Deutsch
September 25, 2019
Page 2

Third, your responses do not comply with Fed. R. Civ. P. 34(b)(2)(C), which states that "[a]n objection [to a request for documents] must state whether any responsive materials are being withheld on the basis of that objection." For instance, you have objected to plaintiff's document request number 17 (requesting the personnel files for each defendant) but have not stated whether you are withholding documents on the basis of your objection. The same is true for defendants' response to plaintiff's document requests 19, 20, 21, 26, 27, 28, 30, 31, 32, 34, and 35. Failing to comply with this rule waives the objections. *See Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

Fourth, in response to plaintiff's document request number 25 ("All emails, to or from any account used or controlled by any Defendant, from January 1, 2015 to the present, concerning ▇▇▇ (also known as ▇▇▇)," you responded, "Counsel searched Defendants' emails for any emails referencing ▇▇▇ and no responsive documents were found." This is deeply troubling as we know there are emails that defendant Welkley exchanged with ▇▇▇ from an account that he identified in his interrogatory responses as an email account he controls. Furthermore, defendant Welkley told investigators with the Office of Special Investigations that he had sent such emails. Thus, your search was either insufficient or defendant Welkley has deleted those emails. Please provide us with the parameters of your search, including the search terms that you used, to search Welkley's and the other defendants' email accounts.

Fifth, we dispute your objections to plaintiff's document requests 26 and 27, and 28, which ask generally for relevant communications between the defendants in this case. In their interrogatory responses, defendants admit that they have communicated with each other concerning the allegations in this action. Moreover, there is a conspiracy claim here. Accordingly, plaintiff is entitled to these documents.

Sixth, we dispute your objections to plaintiff's document request 31, which asks for any social media posts by the defendants concerning the use of force by correctional officers. Since this case involves a claim for the use of force by defendants in their capacity as correctional officers and a conspiracy to use force by correctional officers, statements made by the defendants regarding such conduct is highly probative of their intentions and motives.

Seventh, we dispute the defendants' objections to plaintiff's interrogatories number 11 and 12, which seek the identities of the defendants' employers and entities to which defendants have applied for employment since 2006. This request encompasses relevant information and is proportional to the needs of the case as several of the defendants no longer work for DOCCS. It is relevant to plaintiff's claims – including his right to seek punitive damages – to know where the individual defendants work and where they have applied for work.

**BERNSTEIN CLARKE & MOSKOVITZ**

Hillel Deutsch
September 25, 2019
Page 3

      Please supplement your responses and produce the requested information within two weeks. If we have not received complete responses by then, we will be forced to file a motion to compel.

Sincerely,

Joshua S. Moskovitz

cc:    Rob Rickner (by email)