# BERNSTEIN CLARKE & MOSKOVITZ

11 Park Place, Suite 914, New York, New York 10007
www.bcmlaw.com   Tel. (212) 321-0087   Fax (917) 722-0930

Andrew M. J. Bernstein
Lance A. Clarke
Joshua S. Moskovitz

January 14, 2020

**BY ECF and EMAIL**

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

    Re:    *Wishart v. Welkley* et al., Case No. 19-cv-6189 (MAT) (MJP)

Your Honor,

    We write as Plaintiff's counsel to respond to Defendants' January 8, 2020 email to the Court, and to request a written order directing Defendants to fully comply with the Court's December 17, 2019 discovery order.  Defendants have not provided the following information: (1) the names of three of the four defendants who are no longer employed by the New York Department of Corrections and Community Supervision ("DOCCS"), (2) the dates of departure of three of the officers who are no longer DOCCS employees, (3) the circumstances of the departure of these three defendants, (4) the circumstances of defendant Soria's departure (other than to say he "retired"), and (5) the current employment information for any of the four officers who are no longer employed by DOCCS.

    It is our recollection, confirmed by notes we took at the December 17 conference, that the Court ordered Defendants to provide this information.  Instead, Defendants disclosed that defendant Soria and three other unnamed defendants no longer work for DOCCS; that "[t]he closest departure to the date of the incident alleged was Officer Soria, who retired in August 2017, a year and a half after the incident alleged, after 27 years on the job"; and that "[n]one of the four officers were disciplined for any wrongdoing pertaining to any matter at bar."  Defs.' Dec. 30, 2019 letter to the Court (ECF Doc. 19).  Defendants' letter says that this information was "collected" by DOCCS, but DOCCS is not a party to this suit; therefore, it is unclear what efforts Defendants themselves have undertaken to comply with the Court's order.

    Defendants now object to providing the rest of the information the Court ordered them to produce.  It is readily apparent that disclosing the name of just one of the four defendants who is no longer employed by DOCCS is inadequate.  Moreover, the conclusory statement that defendant Soria "retired" and the other defendants were not disciplined – "for any wrongdoing pertaining to any matter at bar," suggesting they were disciplined for another matter – says nothing about the circumstances of their separation from DOCCS.  Nor have Defendants provided any information

BERNSTEIN CLARKE & MOSKOVITZ

Hon. Mark W. Pedersen
January 14, 2020
Page 2

about these Defendants' current employment.  The identities of the defendants who do not work for DOCCS, the dates of their separations, the circumstances of those separations, and their current employment information is basic, relevant, and non-privileged information.  There is no reason for Defendants to continue to withhold this information in contravention of the Court's order.

Plaintiff's letter motion for discovery dated November 18, 2019 (ECF Doc. 17) explained why information concerning the defendants' separations from DOCCS is discoverable.  In addition to being basic biographic information, it is likely to provide relevant impeachment.  *See E.E.O.C. v. Buffalo Broad. Co.*, 163 F.R.D. 178, 180 (W.D.N.Y. 1995) (allowing discovery of impeachment evidence); *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988) (citing *Lewis v. Baker*, 526 F.2d 470, 475 (2d Cir. 1975), which upheld verdict in part because dishonest statements on employment applications can be used for impeachment).  It is a matter of public record that one of the defendants at least was terminated by DOCCS, although the circumstances are unclear.  This case will require a jury to weigh credibility, and therefore, impeachment information will prove highly probative.

During the December 17, 2019 conference, the Court and the parties discussed at length why Plaintiff needs discovery on the extent and source of Defendants' financial resources: because an appropriate punitive damages award depends on that evidence.  *See, e.g., Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 400 (E.D.N.Y. 1998).  Therefore, the Court ordered Defendants to provide this information.  Defendants have offered no justification for continuing to withhold this information.

Accordingly, and to avoid further uncertainty about the Court's order, we ask the Court to enter a written order directing Defendants to provide this information.  We remain available to discuss these matters during the telephone conference scheduled for Thursday, January 16, 2020 at 2:00 p.m.

Sincerely,

Joshua S. Moskovitz
BERNSTEIN CLARKE & MOSKOVITZ PLLC

Rob Rickner
RICKNER PLLC

cc:   Hillel Deutsch (by ECF)