UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE WISHART,

                    *Plaintiff*,            **MEMORANDUM OF LAW**

          -against-                **19-CV-6189**

PETER WELKLEY, et al.,

                 *Defendants*.

---

## I. Facts Alleged in the Complaint

Plaintiff, a former inmate, alleges a retaliatory assault by certain Defendants on March 14, 2016. He also claims that the Defendants engaged in a conspiracy, or knew of and failed to prevent a conspiracy, to assault Plaintiff for purportedly threatening to file a grievance against Corrections Officer Welkley. These claims constitute Plaintiff's Fourth and Fifth causes of action in this matter, which are brought under 28 U.S.C. § 1985 and 28 U.S.C. § 1986, respectively.

## II. Motion to Dismiss Standard

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standard applicable to Rule 12(b)(6) motions applies to Rule 12(c) motions. Baiul v. NBC Sports, 2016 U.S. Dist. LEXIS 52291, at *24 (S.D.N.Y. Apr. 19, 2016)

The U.S. Supreme Court, in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's

1

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Id. at 555 (citations and internal quotations omitted). See also, ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting Bell Atl. Corp. v. Twombly) (footnote omitted); Iqbal v. Hasty, 490 F.3d 143 (2d Cir. Jun. 14, 2007) (Indicating that Bell Atl. Corp. v.. Twombly adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Burnette v. Carothers, 192 F.3d 52, 56 (1999), cert. denied, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir.1995) (citing In re American Express Co. Shareholder Litig., 39 F.3d 395, 400–01 n. 3 (2d Cir.1994)). Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 145–146 (2d Cir.2002).

### III.  Argument

The standard for a claim under 28 U.S.C. § 1985, and by extension 28 U.S.C. § 1986, which addresses wrongs "mentioned in section 1985" is well-established:

2

A conspiracy claim under Section 1985(3) contains four elements: [i] a conspiracy, [ii] for the purpose of depriving any person ... of the equal protection of the laws ..., [iii] an act in furtherance of the conspiracy, and [iv] whereby a person is injured in his person or property or deprived of a right or privilege of a citizen. To succeed, **a plaintiff must also show that there was some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action**.

A plaintiff must [further] provide some **factual basis supporting a meeting of the minds**, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end[,] **along with some details of time and place and the alleged effects of the conspiracy.**

Benzinger v. NYSARC, Inc., 385 F. Supp. 3d 224, 236 (S.D.N.Y. 2019) (internal citations and quotation marks omitted)(emphasis added).

Plaintiff does not even allege, much less show, any racial (or other) discriminatory animus on the part of Defendants.  The claims warrant dismissal on this ground alone.

Plaintiff also fails to provide any factual basis for the alleged conspiracy, which purportedly involved Plaintiff verbally complaining to C.O. Palistrant, C.O. Palistrant then purportedly telling unspecified others, who then purportedly, at some point, agreed to assault Plaintiff.  The exact language used by Plaintiff is:

Upon information and belief, sometime on or before March 14, 2016, C.O. Palistrant told C.O. Welkley, C.O. Soria, and/or other correction officers about Wishart's complaint.

Upon information and belief, sometime on or before March 14, 2016, C.O. Welkely and C.O. Soria discussed Wishart's complaint with all or some of the other Defendants and agreed to punish Wishart for making his complaint. (D.N. 1, ⌐ 47, 50).

These conclusory allegations fall far short of the requirements for a conspiracy claim to survive a motion to dismiss under Rule 12(c).

3

## IV.  Stay of Discovery

Defendants seek a stay of discovery pending the outcome of this Motion.  In determining whether a stay is appropriate, in addition to taking into account the nature and complexity of the particular case, "courts consider the following factors in determining whether a stay is appropriate: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Thomas v. N.Y.C. Dep't of Educ., 2010 U.S. Dist. LEXIS 95798, at *7 (E.D.N.Y. Sep. 14, 2010) quoting Rivera v. Inc. Vill. of Farmingdale, 2007 U.S. Dist. LEXIS 99970 at *1 (E.D.N.Y. Oct. 17, 2007).

In this case, claims Four and Five are plainly not meritorious.  Plaintiff does not allege any sort of racial or class-based animus and fails to provide anything beyond the most vague and conclusory allegations supporting the conspiracy claims.

Discovery in this case has been and will continue to be burdensome. Plaintiff has demanded electronic discovery in the form of emails, texts and social media searches from the personal cell phones and email accounts of Defendants, all to search for evidence of a nonexistent 'conspiracy.' Most Defendants have had their phones' data collected, but, due to illness, C.O. Palistrant has not yet had his data collected. Additionally, while most other data has been collected, there still remains to perform the searches, then go through the potentially thousands of responsive texts emails and social media correspondence. Finally, the removal of two parties and two causes of action from the case would significantly reduce the burden of discovery as the scope of inquiry would

4

be sharply curtailed from months prior and years following the incident date, to the date and time of the alleged incident.

There is no risk of prejudice here.  The incident date was March 14, 2016, nearly four years ago. The electronic data is not going anywhere. There is no issue of loss of memory given the remoteness of the incident as is. There is no prejudice to be had from an adjournment of discovery to determine if two Defendants and two causes of action should be dismissed from this case.

## V.  Conclusion

Causes of action Four and Five should be dismissed.  Officers Welkely and Palistrant, whose sole involvement stems from the allegations in counts Four and Five should be dismissed from the case.  Because dismissal of two counts and two Defendants will significantly reduce the burdensomeness of discovery, and will not result in prejudice to Plaintiff, Defendants ask discovery be stayed pending resolution of this motion.

Dated:  February 6, 2020
        Rochester, New York

                                LETITIA JAMES
                                Attorney General of the State of New York
                                Attorney for Served Defendants

                                 s/ Hillel Deutsch
                                HILLEL DEUTSCH
                                Assistant Attorney General of Counsel
                                NYS Office of the Attorney General
                                144 Exchange Boulevard, Suite 200
                                Rochester, New York 14614
                                Telephone: (585) 546-7430
                                hillel.deutsch@ag.ny.gov

5

## CERTIFICATE OF SERVICE

I certify that on February 6, 2020, I electronically filed the foregoing

Memorandum of Law on behalf of the Served Defendants with the Clerk of the District

Court using CM/ECF system, which sent notification of such filing to the following:

1.      Joshua S. Moskovitz
        Bernstein Clarke & Moskovitz PLLC
        11 Park Place
        Suite 914
        New York, NY 10007

2.      Robert Howard Rickner
        Rickner PLLC
        233 Broadway
        Suite 2220
        New York, NY 10279


And, I hereby certify that I have mailed, by the United States Postal Service, the

document to the following non-CM/ECF participant(s):

1.      n/a


                        LETITIA JAMES
                        Attorney General of the State of New York
                        Attorney for Served Defendants

                         s/ Hillel Deutsch
                        HILLEL DEUTSCH
                        Assistant Attorney General of Counsel
                        NYS Office of the Attorney General
                        144 Exchange Boulevard, Suite 200
                        Rochester, New York 14614
                        Telephone:  (585) 546-7430
                        Hillel.Deutsch@ag.ny.gov

6