**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

GEORGE WISHART,

                 Plaintiff,

           -against-

Correction Officer PETER WELKLEY (in his
individual capacity), Correction Officer CEDRIK
SORIA (in his individual capacity), Correction Officer
JOSEPH SULLIVAN (in his individual capacity),
Correction Officer W. MARYJANOWSKI (in his
individual capacity), Correction Officer PAUL
PALISTRANT (in his individual capacity), Correction
Officer SWIATOWY (in his individual capacity),
Correction Officer MITHADRILL (in his individual
capacity), Correction Sgt. JAMES OPPERMAN (in his
individual capacity), Correction Sgt. EDWARD RICE
(in his individual capacity), and Correction Lt. BRIGHT
(in his individual capacity).

                Defendants.

No. 19 CV 6189 (MAT) (MWP)

-----------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS AND FOR A "STAY" OF DISCOVERY

BERNSTEIN CLARKE &
MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007

RICKNER PLLC
The Woolworth Building
233 Broadway Suite 2220
New York, New York 10279

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

BACKGROUND ..................................................................................................................2

LEGAL STANDARD............................................................................................................4

      A.     Motion to Dismiss........................................................................................4

      B.     Stay of Discovery........................................................................................5

ARGUMENT.........................................................................................................................6

      POINT I –    DEFENDANTS' MOTION TO DISMISS IS FUTILE AND
                    SHOULD BE DENIED AS MOOT ............................................................6

      POINT II –   DEFENDANTS HAVE NOT SHOWN GOOD CAUSE
                    FOR A "STAY" OF DISCOVERY .............................................................9

CONCLUSION......................................................................................................................11

i

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Adickes v. S. H. Kress & Co.*,
    398 U.S. 144 (1970).................................................................................7, 8

*Arista Records LLC v. Doe*,
    604 F.3d 110 (2d Cir. 2010)......................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................4

*Covell v. Chiari & Ilecki, LLP*,
    No. 12CV660A, 2013 U.S. Dist. LEXIS 96851 (W.D.N.Y. July 11, 2013) ......................5

*Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*,
    No. 08 Civ. 2437, 2009 U.S. Dist. LEXIS 7905 (S.D.N.Y. Feb. 3, 2009) ......................5, 9

*Erickson v. Pardus*,
    551 U.S. 89 (2007).................................................................................4, 6

*Keystone Coke Co. v. Pasquale*,
    Civ. Action No. 97-6074, 1999 U.S. Dist. LEXIS 170 (E.D. Pa. Jan. 7, 1999) ...............5

*Moran v. Flaherty*,
    No. 92 Civ. 3200, 1992 U.S. DIST. Lexis 14568 (S.D.N.Y. Sept. 25, 1992) ...................5

*Pangburn v. Culbertson*,
    200 F.3d 65 (2d Cir. 1999).........................................................................5

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007).......................................................................4

*Victory v. Pataki*,
    814 F.3d 47 (2d Cir. 2016).......................................................................4, 8

**STATUTES**

42 U.S.C. § 1983.............................................................................. *passim*

42 U.S.C. § 1985.............................................................................. *passim*

42 U.S.C. § 1986.............................................................................. *passim*

## PRELIMINARY STATEMENT

Nine months after answering Plaintiff's Complaint and less than one month before the close of fact discovery, Defendants moved to dismiss two of the five causes of action; they also sought a "stay" of discovery – but they actually seek to avoid court-ordered discovery altogether.  The motion should be denied because Defendants' reason for seeking this relief is mistaken.  They contend that if Plaintiff's claims under 42 U.S.C. § 1985 and § 1986 are dismissed, two of the defendants must be dismissed from the case, which would limit discovery.  But Defendants ignore that they are all liable as conspirators under the remaining causes of action brought under 42 U.S.C. § 1983.  Thus, defendants' motion will not remove any of the defendants from the case nor will it limit the scope of discovery.

The primary object of Defendants' motion is to avoid complying with the magistrate judge's discovery order regarding electronically stored information ("ESI").  Defendants filed this motion *seven weeks* after the magistrate judge ordered them to gather ESI from their cell phones, emails, and social media; and they acknowledge that they have not fully complied with the Court's Order.  This motion is a belated attempt to avoid compliance with the Court's discovery order.  Defendants never filed a Rule 72 objection to the magistrate judge's order and instead, repeatedly represented that they were attempting to comply with it.  There is no lawful basis for Defendants to now reargue that order.  Indeed, other than the assertion that two of the defendants must be dismissed, which is simply wrong, the only reasons Defendants now give for "staying" the magistrate judge's order are the very same reasons the magistrate judge rejected when the Court overruled defendants' objections to ESI discovery.

Plaintiff agrees to withdraw the two causes of action brought under § 1985 and § 1986.  Thus, there is no basis to stay or limit the Court's discovery orders.  Dismissing these two claims

leaves all of the defendants in the case because they conspired together to violate plaintiff's constitutional rights and are therefore liable as co-conspirators under the remaining § 1983 causes of action.  Accordingly, Defendants' motion should be denied as moot.

## BACKGROUND

This civil rights action arises from a conspiracy by the defendants to violate the constitutional rights of Plaintiff George Wishart while he was incarcerated at Orleans Correctional Facility ("Orleans").  The defendants are current and former New York State Correction Officers who conspired to and did in fact assault Mr. Wishart in retaliation for his complaint that defendant Peter Welkley had made unwanted advances towards Mr. Wishart's girlfriend (referred to as "Jane" to respect her privacy).  Compl. ¶¶ 8-62.[1]  In addition to harassing Jane when she visited Orleans, defendant Welkley sent Jane harassing and inappropriate emails.  *Id.* ¶¶ 41-43.

In March 2016, Mr. Wishart "complained to C.O. Palistrant (and other unknown officers) about C.O. Welkley's harassment of Jane."  *Id.* ¶ 46.  Defendant Palistrant communicated Mr. Wishart's complaint to Officer Welkley as well as defendant Cedrik Soria and other officers.  *Id.* ¶ 47.  In addition to working together as corrections officers, Welkley and Soria were personal friends.  *Id.* ¶ 49.  Welkley and Soria then "discussed Wishart's complaint with all or some of the other Defendants and agreed to punish Wishart for making his complaint."  *Id.* ¶ 50.

On March 14, 2016, Soria and other officers cornered Mr. Wishart in a bathroom and assaulted him, injuring his shoulder badly enough to require surgery.  *Id.* ¶¶ 51-61.  The defendant officers then actively tried to cover up the assault by submitting false reports and a fabricated

---

[1] It has been revealed in discovery that two of the defendants have been terminated from their employment with the Department of Corrections and two departed prior to attaining thirty years of service, which means they did not fully maximize their pension benefits at the time they left.  *See* ECF Doc. 25.

complaint against Mr. Wishart that caused him to be sent to the SHU. *Id.* ¶¶ 63-66. Defendant Soria and other officers "wrote memos that falsely claimed they did not use force on Wishart and that they did not observe any injuries to Wishart." *Id.* ¶ 64.

Fortunately, before Mr. Wishart was taken to the SHU, he was examined by medical staff who noted his injuries. *Id.* ¶ 67. Because of that, investigators with the Department of Corrections and Community Supervision's Office of Special Investigations ("OSI") launched an investigation, which included interviewing Mr. Wishart, Jane, the defendant officers, and inmates. *Id.* ¶ 68. The defendant officers "lied to the OSI investigators and claimed they had no explanation for how Wishart was injured." *Id.* ¶ 69. After an extensive inquiry, OSI concluded that defendant Welkley had improperly contacted Jane and that after Mr. Wishart complained about Welkley's behavior, he was assaulted by corrections officers. *Id.* ¶ 70; *see also* ECF Doc. 17-2 (OSI Report).[2]

As a result of the assault, Mr. Wishart suffered serious physical injuries to his head, face, neck, torso, left knee and thigh, right foot, and left shoulder. Compl. ¶ 73. He was eventually examined by an orthopedic surgeon and had to undergo two surgeries to repair the injury to his shoulder. *Id.* ¶ 75. Mr. Wishart continues to experience pain from these injuries, some of which are believed to be permanent. *Id.* ¶ 76.

Mr. Wishart's Complaint includes five causes of action. The first three causes of action arise under 42 U.S.C. § 1983: (1) for excessive force in violation of the Eighth Amendment, *id.* ¶¶ 79-85; (2) for unlawful retaliation in violation of the First Amendment, *id.* ¶¶ 86-93; and (3) for failure to intervene to stop the aforementioned constitutional violations, *id.* ¶¶ 94-100. All three

---

[2] OSI found that it was "unsubstantiated" Mr. Wishart was assaulted because he complained about Welkley's behavior, but that finding is belied by the timing of the assault, the fact that the officers lied about assaulting Mr. Wishart, and, according to OSI's own investigation, Soria and Welkley were personal friends. ECF Doc. 17-2 (OSI Report) at 2. There is ample support for a jury to find that Mr. Wishart's assault was the product of a conspiracy between the defendants to retaliate against Mr. Wishart for complaining about Welkley's behavior.

causes of action are pled "[a]gainst [a]ll [d]efendants" and allege that the "Defendants planned, encouraged, and/or participated in the unprovoked physical attack on Wishart," *id.* ¶ 80; and that "the Defendants, working in concert, retaliated" against Mr. Wishart for complaining about Welkley's behavior toward Jane, *id.* ¶ 88.  Thus, the three causes of action under § 1983 are based on the defendants' conspiracy to violate Mr. Wishart's constitutional rights while acting under the color of law.  The fourth and fifth causes of action arise under 42 U.S.C. § 1985 and § 1986.  These claims overlap Plaintiff's § 1983; the only difference is that § 1985 and § 1986 do not require the unconstitutional acts to have been committed by a person acting "under color of law."

## LEGAL STANDARD

### A.    Motion to Dismiss

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The court must "draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally."  *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).  Facts alleged upon information and belief, as with any factual allegations, must be accepted as true on a Rule 12(b)(6) motion.  *Arista Records LLC v. Doe*, 604 F.3d 110, 119-20 (2d Cir. 2010).

Factual allegations that suggest the plausibility, not probability, of an illicit agreement are sufficient to plead a conspiracy.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[S]tating [a conspiracy] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.").  "It is axiomatic

. . . that 'conspiracies are by their very nature secretive operations that can hardly ever be proven by direct evidence.'" *Victory v. Pataki*, 814 F.3d 47, 68 (2d Cir. 2016) (quoting *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994)); *see also Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (§ 1983 "conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence" (internal quotation marks omitted)).

### B. Stay of Discovery

"Rule 26(c) provides the Court with discretion to stay discovery 'for good cause.'" *Covell v. Chiari & Ilecki, LLP*, No. 12CV660A, 2013 U.S. Dist. LEXIS 96851, at *9 (W.D.N.Y. July 11, 2013) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 26(c)). "Factors relevant to a court's determination of "good cause" include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2009 U.S. Dist. LEXIS 7905, at *3 (S.D.N.Y. Feb. 3, 2009) (cited in *Covell*, 2013 U.S. Dist. LEXIS 96851, at *9). "Under Rule 26(c), prior to obtaining a protective Order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention." *Covell*, 2013 U.S. Dist. LEXIS 96851, at *9 (citing Fed. R. Civ. P. 26(c)).

Stays of discovery should not be granted simply because the defendant has filed a motion to dismiss. *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 U.S. DIST. Lexis 14568, at *3-4 (S.D.N.Y. Sept. 25, 1992). Indeed, "when the pending motion will not dispose of the entire case," a stay of discovery "is rarely appropriate." *Keystone Coke Co. v. Pasquale*, Civ. Action No. 97-6074, 1999 U.S. Dist. LEXIS 170, at *1 (E.D. Pa. Jan. 7, 1999) (citing *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, Civ. Action No. 92-7061, 1993 U.S. Dist. LEXIS 3734 (E.D. Pa. 1993)); *see also*

*Coca-Cola Bottling Co. of the Lehigh Valley*, 1993 U.S. Dist. LEXIS 3734, at *6 ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. Requests to stay discovery are rarely appropriate where resolution of the motion to dismiss will not dispose of the entire case.")).

## ARGUMENT

### POINT I

### DEFENDANTS' MOTION TO DISMISS IS FUTILE
### AND SHOULD BE DENIED AS MOOT

The allegations in the Complaint (and the evidence already exchanged in discovery) show that Welkley and Palistrant, while acting under color of law, initiated the conspiracy to violate Plaintiff's constitutional rights and conspired with the other defendants to do so. Therefore, they are liable as conspirators under 42 U.S.C. § 1983, which is precisely how Plaintiff's first, second, and third causes of action are pled. The only meaningful distinction between Plaintiff's claims under § 1983 and Plaintiff's claims under §§ 1985/1986, are that the latter claims do not have a color of law requirement. Given that the defendants' actions all occurred under color of law, and therefore, support claims under § 1983, Plaintiff is willing to withdraw his §§ 1985/1986 claims, rendering Defendants' motion moot. Since the Complaint includes ample factual allegations to plead a § 1983 conspiracy among all of the defendants – and Defendants have never suggested otherwise – defendants Welkley and Palistrant will remain in the case.

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."

6

*Pangburn*, 200 F.3d at 72.  There is no doubt that taking the factual allegations in the Complaint as true, *see Erickson*, 551 U.S. at 93, there are ample allegations to support a § 1983 conspiracy among the defendants.  The Complaint alleges that Plaintiff complained to Palistrant about Welkley's harassment of Plaintiff's girlfriend; that Palistrant communicated Plaintiff's complaint to Welkley, Soria, and other officers; that Welkley and Soria were personal friends; that  Welkley and Soria discussed Plaintiff's complaint with all or some of the other Defendants and agreed to punish Wishart for making his complaint; that Soria and other Defendants then assaulted Plaintiff; and finally, that Soria and the other Defendants then created false reports and lied during the official investigation into how Plaintiff was injured.  These facts more than sufficiently plead a § 1983 conspiracy to deprive Plaintiff of his constitutional rights.

The Supreme Court and the Second Circuit have both confirmed that where the defendants conferred shortly before the deprivation of the plaintiff's constitutional rights, one or more of the defendants was personally involved in the constitutional violation, and the circumstantial evidence supports the conclusion that the defendants conspired to deprive the plaintiff of his constitutional rights, the plaintiff's § 1983 conspiracy claim must be allowed to proceed to trial.

In *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970), the Supreme Court concluded that the plaintiff's § 1983 conspiracy should be tried to a jury.  The plaintiff was denied service at a lunch counter and arrested after leaving the store.  She sued the store owner, S. H. Kress & Co., on the allegation that "a Kress employee, in the course of employment, and a Hattiesburg policeman somehow reached an understanding to deny Miss Adickes service in the Kress store, or to cause her subsequent arrest because she was a white person in the company of Negroes."  398 U.S. at 152.  The Supreme Court concluded that there was a triable issue as to the existence of a conspiracy based on evidence that "there was a policeman in the store at the time of the refusal to

serve [Adickes], and that this was the policeman who subsequently  arrested her"; also, "the sequence of events created a substantial enough possibility of a conspiracy to allow her to proceed to trial, especially given the fact that the noncircumstantial evidence of the conspiracy could only come from adverse witnesses" and there was evidence that the store owner lied about his motivation for denying the plaintiff service. *Id.* at 156-57.

In *Victory v. Pataki*, the Second Circuit reversed summary judgment for the defendants on plaintiff's § 1983 conspiracy claim since the "Defendants admittedly participated in multiple conversations regarding the potential rescission of Victory's parole," which was the crux of plaintiff's constitutional deprivation claim.  814 F.3d at 68.  The Second Circuit found error in the lower court's decision "that Victory could not establish the agreement necessary to sustain a conspiracy claim due to lack of direct evidence 'that these individuals agreed to anything other than reviewing Plaintiff's parole file.'" *Id.*

*Adickes* and *Victory* were both decided on summary judgment and thus, presented a higher bar than a basic pleading standard as we have here.  Mr. Wishart's Complaint includes more allegations than the conspiracy evidence available *Adickes* and *Victory* to support a finding of a conspiracy between Welkley, Palistrant, and the other defendants.   Accordingly, a § 1983 conspiracy claim has unquestionably been pled, which makes it unsurprising that Defendants have not moved to dismiss that claim.

Therefore, since the defendants acted under color of law and are liable under § 1983, defendants Welkley and Palistrant will remain in this case even without the §§ 1985/1986 claims.  Thus, Plaintiff's willingness to withdraw those claims renders the defendants' motion moot.

## POINT II

## DEFENDANTS HAVE NOT SHOWN GOOD CAUSE FOR A "STAY" OF DISCOVERY

Defendants' request for a "stay" of discovery should be denied because none of the defendants will be dismissed from the case because of the remaining § 1983 causes of action, and defendants give no other reason that they should be allowed to avoid their court-ordered discovery obligations.  Accordingly, defendants have established no cause, let alone good cause, to support a stay of discovery.  *See Ellington Credit Fund, Ltd.*, 2009 U.S. Dist. LEXIS 7905, at *3 ("Factors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery.").

It is clear that Defendants' motion is an effort not to "stay" discovery but to avoid it altogether.  Defendants seek to be excused from full compliance with the Court's discovery order that required them to collect emails, text, and social media data so that the parties could search the data for relevant communications.  *See* Defs.' MOL (ECF Doc. 24-1) at 4-5.  However, Defendants never objected to that order under Federal Rule of Civil Procedure 72.  In fact, Defendants have repeatedly represented that they were working to comply with the Court's Order.  Now, a month-and-a-half after the Court directed Defendants to gather their electronic communications, Defendants bring this motion acknowledging they have not fully complied with the Court's Order but seeking to avoid compliance with it.  This type of gamesmanship should not be condoned.

This is a transparent effort to belatedly reargue the magistrate judge's discovery order.  The reason Defendants ask for a "stay" – that complying with the Court's discovery order would be too burdensome – is precisely the same argument Defendants made before the magistrate judge in opposition to Plaintiff's motion to compel.  The magistrate judge rejected that argument and

ordered Defendants to gather their electronic communications.   Thus, this motion essentially rehashes an argument Defendants already lost.   Moreover, Defendants' contention that complying with the magistrate judge's ESI Order would be overly burdensome is undercut by their admission that they have already collected most of the relevant data.   *See* Defs.' MOL (ECF Doc. 24-1) at 4. In sum, Defendants have not shown good cause to "stay" or, in reality, overrule the magistrate judge's ESI Order.

       The relevancy and importance of Defendants' electronic communications is clear.   What triggered the conspiracy to violate Plaintiff's constitutional rights was his complaint to Officer Palistrant that Officer Welkley was harassing Jane.   Among other things, Welkley had sent Jane harassing emails.   Prior to the magistrate judge's ESI order, defendants said they searched Welkley's email but did not locate any emails with Jane.[3]   Thus, it was clear that Defendants' search was inadequate, or the emails were not preserved; but whatever the reason, the need for a comprehensive collection of ESI data and a thorough search of Defendants' electronic communications was obvious.[4]   Moreover, it is known that Welkley and Soria are friends and this case involves a conspiracy among the defendants to punish Plaintiff for complaining about Welkley's behavior.

       This is why the magistrate judge ordered Defendants to collect their ESI in anticipation of a comprehensive search.   Now, over a month later, Defendants admit they have not collected Palistrant's ESI and they want to avoid searching Welkley's ESI altogether – even though they

---

[3] Those emails were obtained and reviewed by OSI in the course of its investigation into this incident.   During Welkley's interview with OSI he acknowledged sending certain emails but claimed he did not recall sending others.

[4] If the search was inadequate, a comprehensive search may turn up the emails with Jane and other probative communications.   If the emails were not preserved, complete ESI data should reveal when the relevant emails were deleted, which could be highly probative of a consciousness of guilt.

have already collected some of Welkley's electronic communications.  This runs directly against the demonstrated need for this evidence and the Court's ESI discovery order.

Accordingly, Defendants' motion should be denied because they have not shown good cause for a stay, nor any other basis to avoid the Court's discovery orders; and the need for this discovery is clear.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is moot and their request for a stay of discovery should be denied.

Dated: New York, New York
        February 21, 2020

Respectfully submitted,

Joshua S. Moskovitz
BERNSTEIN CLARKE & MOSKOVITZ PLLC

Rob Rickner
RICKNER PLLC

*Attorneys for Plaintiff*

11