UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE WISHART

                Plaintiff,

v.

PETER WELKLEY et al.,

                Defendants.

DECISION & ORDER

19-CV-6189-DGL-MJP

---

**Pedersen, M.J.** On January 14, 2020, Plaintiff filed a letter motion (ECF No. 20) seeking to enforce the Court's prior directions to counsel on the issue of electronically stored evidence and to obtain the answer to five specific questions concerning Defendants' employment with DOCCS. On March 13, 2020, Defendants filed a motion seeking an order staying discovery as to claims involving the subject of a motion to dismiss pending before the district judge. (Motion to Stay, Mar. 13, 2020, ECF No. 31.) On March 20, 2020, Plaintiff filed another motion (ECF No. 33) to reconsider the Court's March 17, 2020, Order directing discovery (ECF No. 33). Plaintiff raised two issues: Defendants' counsel's ex parté communication with the Court; and Defendants' noncompliance with the Court's prior discovery Order. For the reasons stated below, the Court denies Defendant's motion for a stay, and grants Plaintiff's motion for reconsideration, and upon reconsideration, amends its March 17, 2020, Decision and Order as outlined below.

In its March 17, 2020 Order, the Court noted that Defendants had not complied with the Court's February 3, 2020, Order which directed Defendants to provide four

categories of information to Plaintiff. (Order at 3, Feb. 6, 2020, ECF No. 25.)[1] The February 3 Order directed the defendants to "produce Bates numbered copies of the following to the Court, for in camera review:"

> 1. For any defendants who left employment at DOCCS prior to attaining thirty years of service and thus maximizing their benefits, the reason for the defendant's departure;
>
> 2. The reason for termination for any defendants terminated by DOCCS;
>
> 3. Any disciplinary records for defendants disciplined on or after March 1, 2016;
>
> 4. If the defendants or the counsel for the defendants has access to any employment applications for defend ants who obtained employment following departure from DOCCS, if in that defendant's or counsel's possession.

( *Id.* at 3.) The Court stated it would "inspect the documents and alert all [counsel] as to which, if any, the court believes should be disclosed." (*Id.*)

In its March 17, 2020, Decision and Order (ECF No. 32), the Court noted that "[a]s of the time of this order, these documents have not been provided to the Court." (Decision & Order at 3.) However, in a footnote the Court cited a February 20, 2020, letter from defendants' counsel, Hillel Deutsch. In the footnote, the Court noted that, "[a]ccording to defense counsel, corrections officers reach full maximum benefits at 25 years, as opposed to 30 years for other employees," and "[t]herefore, the Court amends its direction and directs defense counsel to provide the information for any who left before reaching 25 years of service as a corrections officer." (Order at 2, n.1.)

---

[1] The Order was signed on February 3, and docketed on February 6.

2

Plaintiff characterizes the February 20, 2020, correspondence from defense counsel as an ex parté motion for reconsideration. Defense counsel had written to the Court with questions about the information which was to be produced for in camera review. Specifically, defense counsel was confused about the 30-year retirement cap, as defense counsel believed that Defendants' benefits had capped at 25 years of service, not 30. Unnoticed by the Court was the lack of a notation that the letter was copied to Plaintiff's counsel.

On April 13, 2020, defense counsel provided answers to the questions posed above for the Court's *in camera* review. After reviewing the answers, the Court finds that the information provided is relevant to the case and should be produced to Plaintiff's counsel. Further, defense counsel should also produce to Plaintiff's counsel the ex parté correspondence. Further, because the Court now has the benefit of Plaintiff's counsel's research regarding the years necessary for a corrections officer to reach his full retirement benefits, the original 30-year period should stand. Thus, the Court will rescind its direction in its March 17 Decision and Order, footnote 1, and direct defense counsel to answer the original question with the 30-year period, by April 30, 2020, *in camera* if necessary.

The next issue discussed by Plaintiff's counsel is the Defense counsel's motions to stay. Defendants have filed a motion to dismiss,[2] which, if granted would reduce the nature and scope of the case. Defendants have sought to dismiss all claims for conspiracy. Plaintiff has withdrawn all enumerated claims for conspiracy—causes of

---

[2] Motion to Dismiss, Feb. 6, 2020, ECF No. 24.

3

action Four and Five, brought under 28 U.S.C. § 1985 and 1986—but maintains there is sufficient ground to support a cause of action for conspiracy under 28 U.S.C. § 1983. A dismissal of the conspiracy claim may reduce the scope of discovery. Defendants seek to stay discovery until after the motion to dismiss is decided. In an Order filed on February 28, 2020 (ECF No. 29), the Honorable Michael A. Telesca, late of this Court, denied a defense application for a stay of discovery. That stay evidently involved cell phone data from Defendants Palistrant and Swiatowy, email and social media data from all defendants, and a requirement to discuss methods to be used to collect electronic information. Defendants argue that, "Plaintiff has demanded emails, texts, and social media transmissions from nine Defendants—a lengthy, burdensome and intrusive process—in an attempt to find communications supporting the existence of a conspiracy." (Def.s' Mem. of Law at 3, Mar. 13, 2020, ECF No. 31-1.) The Court is unpersuaded that a stay is justified. Even if conspiracy claims are eventually dismissed, the information Plaintiff seeks is still relevant to any trial on the merits of the remaining claims. Witness bias, and witness impeachment, are within the legitimate scope of discovery. *See United States v. Harvey*, 547 F.2d 720, 722 (2d Cir. 1976) (witness bias may be proven by extrinsic evidence); Fed. R. Civ. P. 26(b)(1) (evidence need not be admissible to be discoverable).

## CONCLUSION

The Court grants Plaintiff's motion for discovery (ECF No. 20), and grants Plaintiff's motion for reconsideration (ECF No. 33), and upon reconsideration orders production of the February 20, 2020, ex parté correspondence with the Court as well as the April 13, 2020, correspondence which listed the answers to the posed questions.

Further, the Court reaffirms its February 3, 2020, Order directing production of information *inter alia*, pertaining to any Defendant who left DOCCS employment before *30* years of service. Further, the Court directs the parties to meet and confer **no later than April 30, 2020**, on the issue of electronically stored evidence and the method for searching for the same (either in house, or by hiring an expert) as directed in its Order of February 28, 2020 (ECF No. 29). Further, Defendants' motion to stay discovery (ECF No. 31) pending the outcome of the motion to dismiss is denied.

Dated: April 16, 2020
       Rochester, New York

_____
MARK. W. PEDERSEN
United States Magistrate Judge