# BERNSTEIN CLARKE & MOSKOVITZ

11 Park Place, Suite 914, New York, New York 10007
www.bcmlaw.com   Tel. (212) 321-0087   Fax (917) 722-0930

May 4, 2020

**BY ECF and EMAIL**

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

        Re:    *Wishart v. Welkley* et al., Case No. 19-cv-6189 (DGL) (MJP)

Your Honor,

      We write as Plaintiff's counsel per Your Honor's request that Plaintiff respond to Defendants' May 1, 2020 letter, which, yet again, flatly refuses to provide information the Court has twice ordered Defendants to provide. On February 6, 2020, and again on April 16, 2020, the Court ordered Defendants to provide the following information for *in camera* review: "For any defendants who left employment at DOCCS prior to attaining thirty years of service and thus maximizing their benefits, the reason for the defendant's departure." Dkt. 25, at 3; Dkt. 36, at 2. Twice now, instead of providing this information, Defendants have declared in *ipse dixit* that they maximize pension benefits after 25 years of service. Even after Plaintiff provided contrary authority – based upon which, the Court granted Plaintiff's motion to reconsider and confirmed its earlier order that Defendants must provide information about officers who left DOCCS employment before 30 years of service – Defendants again declared, based only on their own say-so, that they maximized retirement benefits at 25 years of service. This second refusal to comply with the Court's Order is an incredible demonstration of insubordination and contempt of the Court's authority. Defendants have never even asked the Court to reconsider its orders, nor have they offered any authority or reason to distinguish the authority. This most recent declaration of non-compliance is frivolous and vexatious.

      Defendants' latest refusal to comply with the Court's orders follows a now familiar pattern of non-compliance. Instead of producing court-ordered discovery, Defendants have attempted to limit the Court's discovery orders through their own fiat instead of a proper reconsideration motion and sought stays of discovery months after the Court's orders, while intentionally ignoring the Court's discovery orders. *See, e.g.*, Dkt. 33, 39. Defendants litigated the issue of the information they had to provide for *in camera* review; the Court ruled on the issue; Defendants refused to comply and submitted an *ex parte* letter; the Court modified its order based on Defendants' *ex parte* submission; Plaintiff sought reconsideration, because Defendants' *ex parte* argument was incorrect; **Defendants did not respond to or oppose that motion**; the Court granted Plaintiff's

BERNSTEIN CLARKE & MOSKOVITZ

Hon. Mark W. Pedersen
May 4, 2020
Page 2

motion for reconsideration; and yet again, Defendants refused to comply. Defendants have not even offered authority or citation for their latest assertion that corrections officers "maximize their pensions after 25 years," which is the same assertion they made previously and the Court rejected in granting Plaintiff's reconsideration motion. Nor have Defendants tried to distinguish or explain the clear authority Plaintiff provided in his motion for reconsideration, **which Defendants did not oppose**.

Incidentally, Defendants are also wrong about the State's pension benefits. As Plaintiff previously explained, "the [Comptroller's] website explains: 'For the full retirement benefit, you must be 63 years old at retirement. You may retire as early as age 55, but you will receive a reduced benefit.'" Dkt. 33 at 2-3 (footnotes omitted) (quoting Office of the N.Y. State Comptroller, State Correction Officers and Security Hospital Treatment Assistants Plan, *at* https://www.osc.state.ny.us/retire/publications/vo1526/service_ret_benefits/index.php). Further, for all tiers, even once a correction officer turns 55, their pension is equal to 2% of their final salary, up to 60 percent, *i.e.*, 30 years. Office of the N.Y. State Comptroller, State Correction Officers and Security Hospital Treatment Assistants Plan, *at* https://www.osc.state.ny.us/retire/publications/vo1526/service_ret_benefits/index.php (last visited May 4, 2020). Thus, an officer who retires after turning 63 and has 30 years of service credit will receive 60% of their final salary rather than 50%, compared to an officer who leaves after 25 years. *Id.*

Moreover, contrary to Defendants' latest conclusory assertion that this reduced benefit applies to civilians and not corrections officers, the Comptroller's website that was quoted in Plaintiff's March 20 motion for reconsideration and is quoted above, is titled "State Correction Officers and Security Hospital Treatment Assistants Plan." *Id.* A review of the Article 14-CO plan detailed at this site makes it apparent that this is the pension plan that applies to the Defendants themselves.

There is nothing in the federal or local rules, the common law, or the New York Rules of Professional Conduct, that permit a party to repeatedly not comply with a court's orders simply because the party thinks the court is wrong. Such conduct represents contempt and bad faith and we ask the Court to sanction Defendants and their counsel for and engaging in frivolous and vexatious litigation and flagrantly refusing to comply with the Court's orders. *See* Fed. R. Civ. P. 11; Fed. R. Civ. P. 37(b); 28 U.S.C. § 1927; N.Y. Rules of Prof'l Conduct Rule 3.1(b). There is no basis – let alone a "good faith argument for an extension, modification, or reversal of existing law," N.Y. Rules of Prof'l Conduct Rule 3.1(b) – for Defendants to now assert, based on nothing more than *ipse dixit*, that "Plaintiff's counsel's representation that their pensions maxed out after 30 years was incorrect." At the very least, the Court should order Defendants to pay Plaintiff's attorney fees and costs in connection with this particular issue, which includes Plaintiff's counsel's efforts in researching, preparing, and submitting this letter and Plaintiff's March 20, 2020 motion for reconsideration (Dkt. 33).

BERNSTEIN CLARKE & MOSKOVITZ

Hon. Mark W. Pedersen
May 4, 2020
Page 3

   Accordingly, we ask the Court to issue an order directing Defendants to provide the required information and documents within two business days and directing Defendants to pay Plaintiff's attorney's fees and costs in connection with this letter and Plaintiff's March 20, 2020 letter (Dkt. 33).

                   Sincerely,

                   Joshua S. Moskovitz

                   Rob Rickner
                   RICKNER PLLC

cc:  Hillel Deutsch (by ECF)