**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

GEORGE WISHART,

Plaintiff,

-against-

Correction Officer PETER WELKLEY (in his individual capacity), Correction Officer CEDRIK SORIA (in his individual capacity), Correction Officer JOSEPH SULLIVAN (in his individual capacity), Correction Officer W. MARYJANOWSKI (in his individual capacity), Correction Officer PAUL PALISTRANT (in his individual capacity), Correction Officer SWIATOWY (in his individual capacity), Correction Officer MITHADRILL (in his individual capacity), Correction Sgt. JAMES OPPERMAN (in his individual capacity), Correction Sgt. EDWARD RICE (in his individual capacity), and Correction Lt. BRIGHT (in his individual capacity).

Defendants.

---------------------------------------------------------------------X

No. 19 CV 6189 (DGL) (MWP)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

THE LAW OFFICE OF
JOSHUA MOSKOVITZ
233 Broadway Suite 2220
New York, New York 10279

RICKNER PLLC
233 Broadway Suite 2220
New York, New York 10279

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... 1

PRELIMINARY STATEMENT .......... 2

BACKGROUND .......... 2

ARGUMENT .......... 5

I. DEFENDANTS' INTERROGATORY WAS UNTIMELY .......... 5

II. DEFENDANTS' INTERROGATORY IS VAGUE. .......... 7

III. DEFENDANTS' INTERROGATORY IS UNDULY BURDENSOME. .......... 8

CONCLUSION .......... 10

## PRELIMINARY STATEMENT

During nine months of open fact discovery – that is, from the June 5, 2019 initial conference through the March 5, 2020 Case Management Order deadline – Defendants did not serve Plaintiff a single interrogatory, deposition notice, or other formal discovery request. Nor did Defendants move to extend their time to complete discovery. Two weeks after their deadline to seek discovery passed, Defendants apparently realized their error and sent Plaintiff a blunderbuss interrogatory asking Plaintiff to provide a detailed narrative of the central claim in this case: "Describe in detail the role every Defendant played in the alleged assault of March 14, 2016, including where each defendant was standing and what actions they took during the pendency of the alleged assault." In addition to being untimely, this interrogatory is impossibly vague and unduly burdensome, and courts in this Circuit have routinely rejected nearly identical interrogatories for precisely these reasons.

Defendants have shown no reason – indeed, they have not even offered a reason – why they did not attempt to obtain discovery during the nine-month period that was provided. Their belated effort to now do so now, through an improper interrogatory, should be denied.

## BACKGROUND

Defendants, who were corrections officers at the prison where Plaintiff George Wishart was then incarcerated, conspired to assault Wishart in retaliation for his complaint that Defendant Peter Welkley was sexually harassing Wishart's girlfriend when she visited him, and then lied during an official investigation to cover it up. Dkt 1. The events at issue took place from February 2016 through the investigation in June 2016; the assault itself took place on March 14, 2016. *Id*. The official investigation confirmed that Wishart was assaulted and that Welkley had improperly

communicated with Wishart's girlfriend. It also confirmed that Welkely is a personal friend with at least one of the officers who assaulted Wishart.

Less than a year after the assault, Wishart filed a Claim against the State of New York in the New York Court of Claims, and at the same time, he served the Claim on the Office of the New York State Attorney General. The Attorney General's Office is representing the State in the Court of Claims and representing the Defendants in this lawsuit.

Wishart filed this lawsuit against the Defendants on March 13, 2019. The initial scheduling conference was held on June 5, 2019, and the same day, the Court entered a Case Management Order. Dkt. 11-12. The Order provided a nine-month window, with a deadline of March 5, 2020, to complete fact discovery. *Id*. Plaintiff timely served discovery requests, and diligently pursued discovery, including making multiple motions to compel discovery that Defendants refused to produce. Dkts 17, 20, 22, 27, 33, 39.

During the entire nine months of open fact discovery, Defendants did not serve a single interrogatory or other formal discovery request, nor a notice for the Plaintiff's deposition. By email, defense counsel informally requested a handful of documents in September 2019, and admissions in February 2020. Neither of these "requests" were signed, and Plaintiff objected. But to avoid motion practice, and without waiving his objections, Plaintiff's counsel responded. On February 6, 2020, Defendants filed a partial motion to dismiss and an application to stay discovery. Dkt. 24. On February 28, 2020, the district judge "denied [Defendants'] application for a stay." Dkt. 36, at 4. On March 13, 2020, Defendants filed another motion to stay discovery, this time with the magistrate judge. *Id.* at 1; *see also* Dkt. 31. On April 16, 2020, the magistrate judge denied Defendants' second stay motion. Dkt. 36.

Meanwhile, prior to the March 5, 2020 deadline to complete fact discovery, Plaintiff sought an order "extending Plaintiff's time to complete discovery." Dkt. 27. In his motion, Plaintiff showed good cause why he needed additional time to complete discovery, *viz.*, Defendants had not (and still haven't) complied with the Court's orders concerning electronically stored information and refused to appear for their depositions on the noticed dates. *Id.* Defendants did not join the request for an extension and did not file their own motion separately.

On February 28, 2020, the Court granted Plaintiff's motion and extended Plaintiff's time to complete discovery. Dkt. 29. Having neither sought nor obtained an extension of time to complete discovery, Defendants' period to complete discovery closed on March 5, 2020. Dkt. 12.

On March 24, 2020, more than two weeks after their nine-month window to complete discovery closed, Defendants served their first and only interrogatory:

> Describe in detail the role every Defendant played in the alleged assault of March 14, 2016, including where each defendant was standing and what actions they took during the pendency of the alleged assault.

Decl. H. Deutsch, Ex. A (Dkt. 42-1). Plaintiff timely objected to Defendants' untimely interrogatory:

> First, this interrogatory is untimely. The June 5, 2019, Case Management Order set March 5, 2020 as the deadline to complete discovery. See Dkt. No. 12 at ¶ 3. Defendants never moved for an extension of their time to complete discovery.1 Accordingly, Defendants' interrogatory, which was served more than nine months after discovery opened and well after the deadline for Defendants to complete discovery, is untimely. [citations omitted].
>
> Second, this interrogatory is impossibly vague. It vaguely seeks "detail" concerning "the role" that every defendant "played" in the assault of Mr. Wishart. It also vaguely seeks "detail" concerning "where each defendant was standing" and "what actions they took," "during the pendency of the alleged assault." There is no reasonable way for Plaintiff to respond to this interrogatory.
>
> Third, this interrogatory is improper and unduly burdensome. In *Rivers v. Safesite* … the court struck similar interrogatories that sought "detailed narratives of the events at issue." Courts have routinely rejected interrogatories that seek all facts

> supporting a party's claim. [citations omitted]. A more appropriate means for Defendants to obtain Plaintiff's narrative of the assault is through a deposition.

Decl. H. Deutsch, Ex. A (Dkt. 42-1).

On May 1, 2020, nearly two months after their time to complete discovery passed, Defendants moved to reopen discovery, which they cast as a motion to extend discovery. Dkt. 38. On May 7, 2020, Defendants filed the present Motion to Compel. Dkt No. 42. On May 12, 2020, Plaintiff opposed the motion to extend discovery, and cross-moved for sanctions due to Defendants' repeated violations of this Court's discovery orders. Dkt. 43.

## ARGUMENT

Plaintiff's three objections to the interrogatory are well-founded and should be sustained. Defendants' Motion to Compel should be denied for each of these reasons.

### I. DEFENDANTS' INTERROGATORY WAS UNTIMELY.

At the outset, Defendants' Motion to Compel should be denied because the interrogatory was served several weeks after the close of discovery; Defendants made no effort to obtain discovery for more than nine months; and Defendants have offered no reason for their lack of diligence. A party need not respond to a discovery request served after the close of discovery, absent an order, founded on good cause, reopening discovery. *See Balkum v. Leonard*, 14-CV-6352-EAW-JWF, 2017 WL 1040454, at *2 (W.D.N.Y. Mar. 16, 2017) (denying motion to compel because the court denied the motion to reopen discovery); *Matusick v. Erie Cty. Water Auth.*, 07-CV-489A-HBS, 2010 WL 2431061, at *1 (W.D.N.Y. June 11, 2010) (denying motion to compel because the discovery requests were untimely).

Defendants filed their motion to reopen their time to conduct discovery separately from this Motion to Compel, and Plaintiff opposed that motion. *See* Dkt. 39. As Plaintiff explained in this prior briefing, in order for Defendants to meet their burden to seek an amendment to the Court's scheduling order, Defendants must show good cause:

> Amendments to scheduling orders are governed by Federal Rule of Civil Procedure 16(b)(4), which provides: "A schedule may be modified only for good cause and with the judge's consent." "Good cause 'depends on the diligence of the moving party,' and the moving party bears the burden of demonstrating good cause under Rule 16(b)." *Guadagno v. M.A. Mortenson Co.*, No. 1:15-CV-00482, 2018 U.S. Dist. LEXIS 167958, at *12 (W.D.N.Y. Sep. 28, 2018) (citation omitted) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)) (citing *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997)).

*Id*. at 5. Defendants have wholly failed to show the kind of diligence necessary to establish good cause for an extension:

> Defendants have not met their burden to show good cause or diligence – indeed, they failed to offer any reason to extend their time for discovery. Defendants did not serve a single interrogatory for nine months and never noticed Plaintiff's deposition, and they offer no explanation for this lack of diligence.

*Id*.

Thus, Defendants' Motion to Compel should be denied because it was served after their period to conduct discovery closed, and Defendants' motion to reopen discovery should be denied for all the reasons outlined in Plaintiff's prior briefing.[1]

Defendants' interrogatory should be seen for what it is: an attempted end run around their failure to timely seek discovery. In *Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 94-CV-

---

[1] Defense counsel's purported misunderstanding about the Court's order granting Plaintiff's motion to "extend[] *Plaintiff's* time to complete discovery," Dkt. 27 (emphasis added); Dkt. 29; is baseless and self-serving for the reasons Plaintiff has already explained. *See* Dkt. 39 at 6. Defendants offer no explanation for why they failed to diligently pursue discovery, never noticed Plaintiff's deposition, *nor attempted to serve the present interrogatory* for more than nine months.

5323-JSM, 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995), the court rejected a similar effort with the same kind of interrogatory:

> In substance [the disputed interrogatories] demand that [plaintiff] describe 'all facts' that support all of his principal allegations in this case. Defendants' counsel in effect concedes that these are matters normally addressed by deposition, but he seeks to excuse his unorthodox approach by blaming his predecessor as defendants' attorney for allegedly not conducting a sufficiently thorough deposition.

*Id.* at *1-2. The court concluded that "[i]t has long been the rule that a client's choice of counsel in civil litigation generally binds him to the performance of his attorney, and that he must therefore bear the consequences of his counsel's sloth or ineptitude." *Id.* at *3 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962); *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 & n. 10 (2d Cir. 1979)). As in *Rivers*, "Defendants offer no reason why that principle should not apply here." *Id.*

## II. DEFENDANTS' INTERROGATORY IS VAGUE.

Defendants' motion to compel should be denied as well because the interrogatory is impossibly vague. Defendants seek an open-ended narrative description "in detail" of "the role" that every Defendant "played" in the assault of Mr. Wishart. It also vaguely seeks "detail" concerning "where each defendant was standing" and "what actions they took" during this multi-month conspiracy. Plaintiff cannot begin to answer this interrogatory with any precision because the boundaries of the interrogatory are so vague as to potentially incorporate every relevant (and even irrelevant) fact with any relation to the central claim in this case.

*State Farm Fire & Cas. Co. v. Admiral Ins. Co.*, 225 F. Supp. 3d 474 (D.S.C. 2016), is instructive. There the court refused to compel a response to an interrogatory that "essentially asks Admiral to explain its actions that are related to the Complaint allegations," finding that such a

request is "too vague to understand without guessing," and that "Admiral can hardly be expected to 'explain' every 'activity'" related to the underlying allegations. *Id.* at 485–86.

Similarly, the undefined, broad terms "role," "played," and "actions" are too vague, particularly in the context of such an expansive interrogatory, to be fairly answerable. In *Gibbons v. Prindle*, 12-CV-1605-FJS-RFT, 2014 WL 2177089, at *1 (N.D.N.Y. May 23, 2014), the court denied a motion to compel a response to similar interrogatory seeking complaints about prior "mistreatment." The court found the interrogatory was vague because it encompassed both relevant and irrelevant information. And in *Phillips v. City of New York*, 15-CV-1795-JBW-CLP, 2016 WL 11671471, at *8 (E.D.N.Y. Jan. 8, 2016), the court found that broad phrases like "substantial policy discretion" and "important agency matters" are too vague to require a response.

## III. DEFENDANTS' INTERROGATORY IS UNDULY BURDENSOME.

Defendants have served what amounts to a contention interrogatory, asking Plaintiff to catalog every pertinent fact about the Defendants' conduct. No response should be compelled because it is unduly burdensome to do so, and a deposition is the appropriate mechanism to seek this discovery. Further, there have been no depositions (because Defendants never served a notice for one and refused to appear on the dates Plaintiff noticed) and Defendants have not completed the court-ordered document production, so any contention interrogatories are premature.

Courts "do not typically compel responses to interrogatories that seek a catalog of all facts or all evidence," that support a party's contentions – like Defendants' request for every "detail" related to the "assault." *Linde v. Arab Bank*, PLC, 04-CV-2799-NG-VVP, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012) (citing *Pasternak v. Dow Kim*, 10-CV-5045-LTS-JLC, 2011 WL 4552389, at *3 (S.D.N.Y. Sept. 28, 2011) and *Switch Commc'ns Grp. v. Ballard*, 11-CV-00285-KJD, 2011 WL 3957434, at *8 (D. Nev. Sept. 7, 2011) ("courts have criticized 'all-encompassing'

contention interrogatories as unduly burdensome”)). While certain contention interrogatories are permitted, they should be limited to narrowing issues at trial, not asking a party to narrate the whole case. *Id*.

Rather than forcing a party to draft such a narrative, courts direct parties to take a deposition:

> [T]he interrogatories basically seek narrative information that may more readily be developed at a deposition, e.g., “identify the nature of and describe the allegedly discriminatory and harassing conduct,” persons present, dates and locations where discriminatory acts occurred and the circumstances relating to any reporting. … These issues, narrative in nature, should be pursued at a deposition.

*Kennedy v. Contract Pharmacal Corp.*, 12-CV-2664-JFB-ETB, 2013 WL 1966219, at *1 (E.D.N.Y. May 13, 2013) (citing *E*Trade Fin. Corp. v. Deutsche Bank, AG*, 05-CV-902-RWS, 2006 WL 3267267, at *1 (S.D.N.Y. Nov. 13, 2006) (“To the extent that Plaintiffs seek long narrative explanations of underlying assumptions and methodologies, they have not shown that interrogatories are a more practical means of discovery than depositions.”) and *Rivers*, 1995 WL 510034, at *1 (striking defendants’ interrogatories because they “call[ed] for repeated detailed narratives of the events at issue in [the] case”)); *see also Phillips v. City of New York*, 15-CV-1795-JBW-CLP, 2016 WL 11671471, at *8 (E.D.N.Y. Jan. 8, 2016) (“this interrogatory seeks narrative information that is more appropriately sought at a deposition”).

Finally, this interrogatory is premature. Plaintiff has not yet been able to depose the defendants (who refused to appear for their noticed depositions) and has received only a partial document production from Defendants. Contention interrogatories, if Defendants are granted an order to serve any, should be held until after discovery is complete and Plaintiff is in full possession of the facts. *See Brown v. United States*, 179 F.R.D. 101, 105 (W.D.N.Y. 1998) (finding that contention interrogatories should be left until after discovery); *Roth v. Bank of Commonwealth*, 76-CV-16E, 1988 WL 43963, at *5 (W.D.N.Y. May 4, 1988) (same).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel should be denied.

Dated: New York, New York
May 21, 2020

Respectfully submitted,

/s/

Rob Rickner
RICKNER PLLC

Joshua S. Moskovitz
THE LAW OFFICE OF JOSHUA MOSKOVITZ

*Attorneys for Plaintiff*