UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE WISHART

               Plaintiff,

V.

PETER WELKLEY ET AL.,

               Defendants.

DECISION & ORDER

19-CV-6189-DGL-MJP

**Pedersen, M.J.** On August 18, 2020, the Court held oral arguments on the pending non-dispositive motions in this case, including the following: Defendants' motion to extend the time of discovery (ECF No. 38); Plaintiff's motion for sanctions (ECF No. 40); Defendants' motion to compel (ECF No. 42); and Plaintiff's motion to strike (ECF No. 47).

### *Discovery Deadlines*

      Defense Counsel submitted a motion to extend the time of discovery, asking for defense discovery to end the same day as Plaintiff's discovery, July 3, 2020. (ECF No. 38.) The Court grants this request and the factual discovery deadline for both sides is July 3, 2020. Should it be necessary to further extend the discovery deadline, the Court directs the parties to meet and confer and submit proposed deadlines.

### *Motion for Sanctions*

      On May 4, 2020, Plaintiff's counsel moved for sanctions against Defendants for their failure to comply with the Court's February 6, 2020, and April 16, 2020, Orders. (Mot. for Sanctions, ECF No 40.) Both the February and April Orders directed Defendants to provide the following information for *in camera* review: "For any defendants who left employment at DOCCS prior to attaining thirty years of service

and thus maximizing their benefits, the reason for the defendant's departure." (Order at 3, ECF. No. 25; Order at 2, ECF No. 36.) As defense counsel had not complied as of the oral argument date, the Court grants Plaintiff's application. Plaintiff's counsel should file proof of the reasonable costs incurred for moving to sanction defense counsel, and the cost of orally arguing the issue, not later than September 16, 2020, and the defense shall have seven days after service of Plaintiff's proof to respond. The Court will thereafter determine an appropriate monetary sanction.

Defense counsel is ordered to produce Bates numbered copies of the following to the Court, for *in camera* review by September 1, 2020:

> 1. For any defendants who left employment at DOCCS prior to attaining thirty years of service and thus maximizing their benefits, the reason for the defendant's departure;
>
> 2. The reason for termination for any defendants terminated by DOCCS;
>
> 3. Any disciplinary records for defendants disciplined on or after March 1, 2016;
>
> 4. If the defendants or the counsel for the defendants has access to any employment applications for defend ants who obtained employment following departure from DOCCS, if in that defendant's or counsel's possession.

For every day after September 1, 2020, that these documents are not produced, the Court imposes a $50 sanction, payable to the United States, with payments submitted to the Clerk of Court.

*Motion to Compel*

Defense counsel has submitted a motion to compel Plaintiff's counsel to address the single interrogatory posed by the defense. (Mot. to Compel, ECF 42.) Defendant's Interrogatory No. 1 asked Plaintiff to "[d]escribe in detail the role every Defendant played in the alleged assault of March 14, 2016, including where each defendant was standing and what actions they took during the pendency of the alleged assault." (Pl.'s Objections to Def.s' First Set of Interrog. 1, *attached to* Deutsch Decl. *as* Ex. A, ECF No. 42-1.) Plaintiff's counsel responded during oral argument that the detailed complaint filed already contains the information sought by the interrogatory. The Court finds that the Complaint describes in detail what actions were allegedly committed by each individual, but not where each individual was standing. (Compl. 8–10, ECF No. 1.) Inasmuch as the situation described was fluid, the Court fails to see the rationale of directing Plaintiff to indicate where each defendant was standing at the time of the alleged assault. This is information that Plaintiff may acquire through deposition testimony. Accordingly, the Court denies the application.

Additionally, Plaintiff's counsel has moved to strike (ECF No. 47) defense counsel's Reply Declaration (ECF No. 46) as filed out of time. Plaintiff correctly states that Defendants filed their Reply Declaration after the deadline had passed. Accordingly, the Court grants Plaintiff's motion to strike (ECF No. 47) the Reply Declaration (ECF No. 46).

*Meet and Confer*

During motion practice, the Court directed the parties to have a four-way meet and confer involving both counsel, and both sides' technical experts with regard to searching for discoverable email and other electronic evidence. The parties are to meet and create a plan to retrieve the social media, messaging, and email discovery in a format that can be readily searched and not in a static format. Further the parties and experts will come to a consensus on the date range of these discovery materials. The parties will then conduct discovery on these materials. This meet and confer is to take place no later than September 11, 2020.

## CONCLUSION

The Court grants Defendants' motion (ECF No. 38) for an extension of time to complete discovery to July 3, 2020. The parties are directed to meet and confer on whether the discovery deadlines need to be further extended in light of the as yet incomplete electronic evidence discovery and, if so, submit a proposed schedule to the Court.

The Court grants Plaintiff's motion for sanctions (ECF No 40) against Defendants for failing to comply the Court's February 6, 2020, and April 16, 2020, court orders. Plaintiff's counsel is directed to file proof of the costs incurred as a result of the motion to compel by September 16, 2020, and the defense may file a response within seven days of service of Plaintiff's proof. The Court will then decide on an appropriate sanction.

Defendants are ordered to produce Bates numbered copies of the four enumerated items listed above to the Court for *in camera* review by September 1,

4

2020. The Court will impose sanctions for every day that the enumerated items are not produced by September 1, 2020.

The Court denies Defendants' motion to compel (ECF No. 42) Plaintiff's counsel to answer Defense Interrogatory No. 1 as the information already exists in the complaint and further details can be elicited through deposition of witnesses.

The Court grants Plaintiff's motion to strike (ECF No. 47) and Defendants' Reply Declaration (ECF No. 46) is stricken.

Finally the Court orders that the parties meet and confer regarding electronic discovery, as described above.

**SO ORDERED**.

DATED:   August 26, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge