UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE WISHART,

                                    Plaintiff,

      v.                                                                 DECISION & ORDER

PETER WELKLEY, et al.,                         19-CV-6189-CJS-MJP

                                  Defendants.

---

**Pedersen, M.J.** Plaintiff has moved to compel defense counsel to provide a copy of defense counsel's correspondence with the Court (ECF No. 50), as well as a motion to compel defense counsel to comply with the Court's August 26, 2020 Order (ECF No. 52). Plaintiff has also filed proof of expenses in relation to the sanctions motion. (ECF No. 59.) Each issue will be discussed below.

*Motion to Produce*

First, the Court will address Plaintiff's motion to compel defense counsel to produce correspondence with the Court. (ECF No. 50.) On August 25, 2020, defense counsel called the Court to ask for clarification as to what information the Court sought regarding Defendants seeking retirement. The Judge's law clerk replied he would answer defense counsel's inquiry via email to both parties. The email sent that same day stated, "Dear [defense counsel]: Pursuant to your request, the Judge would like the retirement requests that were filed by each of the defendants, should they exist." As the "correspondence" from defense counsel was a phone call and not a written communication, defense counsel will not be able to produce the communication with the Court. Therefore, the motion to produce (ECF No. 50) is denied as moot.

*Motion to Compel*

Plaintiff filed a motion to compel defense counsel to comply with the Court's August 26, 2020 order, which was orally ordered on August 18, 2020. (ECF No. 52.) Plaintiff contends defense counsel did not sufficiently comply with the order as defense counsel stated in an email to the Court that: "[r]egarding retirement documents, per the DOCCS Labor Relations Dept., such documents, should they exist, are stored by the Comptroller's office. I have requested them from OSC but do not know how long it will take before they are received. I will produce them to the Court upon receipt." The Order mandated that all of the proscribed discovery be sent to the Court by September 1, 2020, lest the defense incur a penalty of $50 per day that the order was not complied with.

Further, as discussed above, defense counsel contacted the Court on August 25, 2020, asking for clarification regarding what documents the Court ordered to be produced. As defense counsel's request for clarification occurred prior to the Court's Order on the issue being published, defense counsel's request was reasonable. The Court declines to impose sanctions until it is shown that the delay in producing these documents was caused by defense counsel, rather than a third party. The Court orders defense counsel to file a response no later than **October 30, 2020**, as to why the retirement documents have not yet been sent to the Court for *in camera* review.

Additionally, Plaintiff's counsel claims neither attorney is aware if defense counsel has produced affidavits or the other required information detailed in the order to produce. The Court has received papers filed for *in camera* inspection and it appears that defense counsel has complied with this Order with the exception of the documents held by the Comptroller's Office. Once the Court reviews the documents

provided, the Court will inform defense counsel which ones it finds should be disclosed.

### *Expenses Related to Sanctions*

On August 26, 2020, the Court ordered Plaintiff's counsel to file proof of expenses incurred as a result of Plaintiff's motion for sanctions (ECF No. 40) against defense counsel, (ECF No. 49), which Plaintiff's counsel has done. (ECF No. 57, ECF No. 59.) Using Plaintiff's filings as a guide and relevant local case law, the Court determines that the reasonable amount of sanctions to be paid is $ 250.00 an hour, for a total of  $ 8,700.[1] "While the district court should generally use the prevailing hourly rate in the district where it sits[,] . . . the district court may adjust this base hourly rate to account for a plaintiff' reasonable decision to retain out-of-district counsel." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007). Plaintiff's counsel correctly states that "[i]n delineating the parameters of the exception" to the forum rule, the Second Circuit "continues to adhere both to our previous holdings and those of other circuits," such as the Seventh Circuit, which "has stated: . . . 'there are undoubtedly services which a local attorney may not be willing or able to perform. The complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009) (quoting *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768 (7th Cir. 1982)).

However, this an order for sanctions, not  a settlement by a party. Further, moving to compel a party to adhere to a previous order would not meet the *Simmons* standard*,* as while it was undoubtably time consuming and tedious, the research was

---

[1] The Court reviewed the time entries and reduced the time to 34.8 hours.

essentially already conducted. Defendants' counsel is directed to pay $8,700.00 to Plaintiff's counsel.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Produce (ECF No. 50) is denied as moot. The Court will issue a decision on Plaintiff's Motion to Compel (ECF No 52) once the Court receives defense counsel's response detailing why the retirement information outlined in his September 1, 2020, email has not been produced. Finally, Defendants' counsel is ordered to pay $ 8,700.00 to Plaintiff's counsel, the cost relating to defense counsel's noncompliance with the previous discovery orders (ECF No. 40).

**SO ORDERED**

*[signature]*

MARK. W. PEDERSEN
United States Magistrate Judge

Dated:   October 2, 2020
         Rochester, New York