THE LAW OFFICE OF
JOSHUA MOSKOVITZ

14 Wall Street, Suite 1603                                                                                         www.moskovitzlaw.com
New York, New York 10005                                                                                      Tel. (212) 380-7040

February 11, 2021

**BY ECF and EMAIL**

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

      Re:    *Wishart v. Welkley* et al., Case No. 19-cv-6189 (DGL) (MJP)

Your Honor,

      We write as Plaintiff's counsel in response to defense counsel's February 9, 2021 email requesting a conference to discuss a dispute about e-discovery (attached hereto Ex. 1). Incredibly, after more than a year and a half of intense litigation about the collection of Defendants' electronically stored information ("ESI"), which resulted in the recent sanctions Order for defense counsel's "delays and misrepresent[ations] concerning the same (ECF Doc. 83, at 8) – defense counsel now refuses to provide access to previously-undisclosed ESI sources, which are needed to complete ESI collection as directed by the Court. Defendants never identified these ESI sources in their discovery disclosures and defense counsel repeatedly omitted them from the list of available sources of ESI. Mr. Deutsch never mentioned them in the several meet-and-confers we had, including a meet-and-confer ordered by the Court (*see* ECF Doc. 36, at 5 ("the Court directs the parties to meet and confer . . . on the issue of electronically stored evidence")). Plaintiff only discovered these missing sources of ESI during Defendants' depositions. Now, Mr. Deutsch asks this Court to deem a hypothetical list of ESI sources – hypothetical because Mr. Deutsch refuses to identify what ESI sources are at issue – off limits for completing the ESI collection. This request is meritless for three reasons: (1) the objection conflates ESI with ESI sources, *i.e.*, access to these sources is needed to collect ESI that is stored on the devices; (2) defense counsel has failed to provide the basic facts necessary to his application by refusing even to identify the ESI sources at issue; and (3) it is untimely and was waived more than a year ago.

      **I.**    **Background**

      Plaintiff has spent dozens of hours over the past year trying to obtain an accurate list of the ESI sources in the Defendants' custody. *See, e.g.*, Pl.'s First Mot. for Sanctions at 4-5 (ECF Doc. 39) ("At the parties' second meet and confer on April 30, [2020,] Defendants' counsel was still unable to identify the ESI sources his clients had provided access to or what ESI collection his office had conducted."). Obtaining such a list is traditionally a simple step that occurs at the very beginning of the e-discovery process. E-discovery in this case has been anything but simple. After all this time, and after Defendants have submitted sworn statements and representations to

both Plaintiff and the Court, Plaintiff is still discovering new ESI sources in the defendants' possession that were not previously identified.

For example, in November 2020, when Defendant Rice was deposed, he testified that he has had his current cell phone since November 2019, but he did not provide that phone to the attorney general in February 2020 when he provided his old phone. Ex. 2 (Rice Dep. 142-147). And Defendant Bright testified in his deposition that he has had his current iPhone 11 for approximately a year, but he could not recall if he took that phone to the Attoney General office; he could recall taking his older phone, an iPhone XR, which he then traded in so it is no longer available. Ex. 3 (Bright Dep. 35-39).

After the depositions, we wrote to defense counsel on November 16, 2020 concerning ESI sources that he had not identified previously and were identified for the first time in the defendants' depositions. *See* Ex. 4. That letter was filed with the Court on November 27, 2020 as part of Plaintiff's motion for sanctions, which the Court granted. *See* ECF Doc. 77-7. Mr. Deutsch never responded to our letter. Finally, nearly four months after our initial inquiry and after we twice asked Mr. Deutsch to respond, he sent the email attached here as Exhibit 5. That email argued, "[p]hones that were bought or social media accounts that were created after the discovery demands were issued will not be produced" for ESI collection. **However, Mr. Deutsch also stated, "I am not representing at this time that anything was bought or created before or after the demands were issued," which only further confused the issue.**

Following that email, we conferred with Mr. Deutsch by telephone on February 9. During that call, Mr. Deutsch refused to identify what ESI sources were being withheld. Instead, he argued that he should not have to produce for ESI collection any phones or social media accounts that defendants did not have at the time his lab collected ESI over the past year. As noted above, Mr. Rice testified that he had his current phone, which has not been collected, at the time he provided his previous phone to the Attorney General's lab for collection.

**II.		By conflating ESI with ESI Sources, Defendants are Withholding Relevant ESI**

Defendants' rationale for withholding certain ESI sources appears to rest on a misunderstanding about e-discovery, which conflates ESI with ESI *sources*. Whether a phone or cloud-based account was "extant and operational within three years of the incident alleged" says nothing about what ESI exists on that phone. A phone bought today will immediately, or very shortly, have ESI on it from years before. That occurs by importing data from an older phone, which most cell phone providers do automatically, *see, e.g.*, Ex. 3 (Bright Dep. 37:13-19) ("when I bought my new phone they took everything that was on the XR and they placed it on my current phone, so what was ever on my XR is on this phone that I currently have"), or by using applications that bring ESI onto the phone from the cloud. Thus, there is no merit to Defendants' objection to providing access to current phones and cloud-based accounts in order to retrieve the ESI that is stored in those sources.

Accessing ESI on all available sources in the defendants' custody is critical because Defendants have admitted in their depositions that they failed to properly preserve ESI throughout this litigation. This testimony is cited in the Reply Memorandum of Law that Plaintiff filed in support of his most recent sanctions motion (ECF Doc. 76, at 5-7). The fact that several cell phones have been mysteriously lost or destroyed and emails and text message have been intentionally deleted is all the more reason why it is critical to collect ESI from all available sources. There may be emails or text messages on a current phone that are no longer accessible from one of the phones that was lost or destroyed or that were deleted from a cloud-based account.

This is not the first time that defense counsel has misconstrued this issue. Indeed, Defendants asked the Court to limit the timeframe for ESI discovery in opposing Plaintiff's most recent motion for sanctions (*see* ECF Doc. 75, at 10), but the Court did not grant that request. The question of what ESI must ultimately be produced cannot be decided until all ESI has been collected from available ESI sources and appropriate searches have been performed. *See Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2017 WL 5664852, at *4 (S.D.N.Y. Nov. 27, 2017) (explaining that the relevant custodians' ESI must be collected before the appropriate searches can be determined). Because of defense counsel's "delays and misrepresent[ations]," ESI collection has not even been completed (ECF Doc. 83). It is incredible to now hear defense counsel object yet again to the window of ESI that should be collected when that issue has been so thoroughly resolved by the various orders of this Court it is frivolous for counsel to re-argue it again now.

### III.    Defendants Have Not Even Identified What is Being Withheld

Defendants also apparently seek an advisory opinion, asking this Court to rule on the scope of discovery without telling the Court what is being withheld. In fact, **Mr. Deutsch has said, "I am not representing at this time that [any ESI source] was bought or created before or after [Plaintiff's discovery] demands were issued."** Ex. 5. Thus, it is unclear what sources are actually at issue. Defendants never supplemented their discovery responses as they were required to do when they obtained when they obtained new ESI sources, *see Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 77 (W.D.N.Y. 2011), and purposefully omitted those sources from the list of available ESI sources throughout the past year of litigating this issue. Plaintiff only discovered the problem during depositions, and we still have not completed depositions of all of the Defendants yet. Plaintiff and this Court should not have to guess at what discovery is at issue on Defendants' application, nor wait for Defendants to lodge new objections after withheld evidence is uncovered in Defendants' depositions. Defendants have the responsibility to disclose this information accurately, and promptly. Defense counsel's current application essentially abdicates counsel's responsibility to conduct discovery and asks the Court to micromanage every detail of this process, but without actually providing the Court with the necessary information to make an informed decision.

### IV.    Defendants Waived their Objection

By failing to raise their present objection in any way over the past year-and-a-half, Defendants have waived this objection. In 2015, the Federal Rules of Civil Procedure were

amended to require parties to make objections with specificity. This was supposed to be the end of the common defense practice of making blunderbuss objections that make it impossible to know whether evidence is actually being withheld. Magistrate Judge Andrew Peck in the Southern District of New York became so frustrated with that practice that he issued a powerful warning to the bar: "From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (*and to clearly indicate whether responsive material is being withheld on the basis of objection*) will be deemed a waiver of all objections (except as to privilege)." *Fischer v. Forrest*, No. 14-CV-1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (emphasis added).

Defendants clearly violated this rule by *never* stating in their discovery responses that they were withholding ESI sources. For example, in response to Plaintiff's request for ESI mentioning Mr. Wishart, Ex. 6 (Doc. Request 24), Defendants made several generic objections, but never objected to the time period or burden of ESI collection, which is clear waiver. *See Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359 (W.D.N.Y. 2011) (finding that a failure to make a timely burdensomeness objection to an ESI request is waiver).

Moreover, to the extent Defendants obtained a cell phone or created a social media account after serving their initial responses to Plaintiff's discovery demands, they were under a continuing obligation to supplement their discovery responses. *See* Fed. R. Civ. P. 26(e); *Robbins*, 274 F.R.D. at 77. To have it any other way, a defendant served with a discovery demand for ESI could simply "upgrade" his phone, transfer the data to his new phone, and then respond to the demand by stating he has no responsive ESI. That is essentially defense counsel's position, and it would clearly violate Rule 26.

Finally, any present claim of burden is absurd. Two of the phones were in the Defendants' possession at the time they provided their older phones to Mr. Deutsch's office for collection. Had those defendants provided their phones to the lab last year, that data would have been collected already and could be sent now to the ESI vendors that the Court has ordered Defendants to hire to complete e-discovery. Instead, that data was never collected and will now need to be collected by the outside vendors. Thus, it is Defendants who are responsible for any additional expense of this collection. Moreover, since defense counsel has refused to say how many other potential sources of ESI exist that need to be collected *ab initio*, the Court has no way to determine what the burden would be.

Both under the Federal Rules, and this Court's prior Orders, this objection should have been made long ago, so that Plaintiff could meet and confer, and incorporate any disputes into the motions. They did not, so this is waived.

      For the foregoing reasons, defense counsel's present application is frivolous and should be denied summarily. However, we are prepared to discuss this matter further at a conference should the Court grant that request.

                                                   Respectfully,

                                                     /s/

                                                 Joshua S. Moskovitz
                                               THE LAW OFFICE OF JOSHUA MOSKOVITZ

                                               Rob Rickner
                                               RICKNER PLLC

cc:      Hillel Deutsch (by ECF)