2/11/2021 Search.mhlel - Request for conference to address a discovery dispute; Wishart v. Welkley, 19-CV-6189 | Fastmail

Case 6:19-cv-06189-DGL-MJP Document 35-1 Filed 02/11/21 Page 1 of 1

# Request for conference to address a discovery dispute; Wishart v. Welkley, 19-CV-6189

| | |
|---|---|
| **From:** | Deutsch, Hillel <Hillel.Deutsch@ag.ny.gov> |
| **To:** | NYWDml_Pedersen PpO <pedersen@nywd.uscourts.gov> |
| **Cc:** | Rob Rickner <rob@ricknerpllc.com>, Joshua S. Moskovitz <josh@moskovitzlaw.com> |
| **Subject:** | Request for conference to address a discovery dispute; Wishart v. Welkley, 19-CV-6189 |
| **Date:** | Tuesday, February 09, 2021 3:11 PM |
| **Size:** | 23 KB |

Dear Judge Pedersen,
I hope this email find you and your staff well. I am writing to ask for a conference to address a discovery dispute in this matter. At a telephone conference held earlier today, the parties agreed on a methodology to transfer all collected ESI data to the 4Discovery firm, and on a general methodology (details will be based on 4Discovery's analysis) for collecting any additional outstanding data.

The dispute arises over what needs to be collected. This lawsuit revolves around an incident alleged to have occurred nearly five years ago, on March 14, 2016. Plaintiff's position is that every single phone, email account, and social media account from all nine Defendants for over six years, from January 1, 2015 through the present, should be collected. It is Defendants' position that collection should be limited to accounts and devices that were extant and operational within three years of the incident alleged. When the discovery demands were first propounded, Defendants objected that the scope and time of these demands were overbroad. It is overly broad, unduly burdensome, intrusive, an unnecessary expense, and simply does not make sense to collect data from a social media account created in mid-2019 (or 2021) on grounds it could have relevant information pertaining to an incident that occurred over three years prior. Defendants also intend to ask for restrictions on what should be searched for and produced from the ESI that has been collected; that can be addressed now or at a later time. At the moment, the question is whether accounts created or phones acquired after March 14, 2019 need to be collected in the first place.

On my call with Plaintiff's counsel prior to involving the Court, Plaintiff's counsel asked for a list of all accounts/phones that were not collected. I do not think such a list is necessary, as the question is simply one of date limitation; if the Court says everything must be collected, everything will be collected; if there is a date limitation for collection, that will be the cutoff. However, if the Court feels a list is necessary I will of course provide it.

Thank you,
Hillel

Hillel Deutsch
NYS Assistant Attorney General
144 Exchange Blv. Rochester, NY 14614
(585) 546-7430


**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.