# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

392 Central Avenue # 7803              14 Wall Street, Suite 1603           www.moskovitzlaw.com
Jersey City, New Jersey 07307          New York, New York 10005             Fax (888) 398-0032
Tel. (201) 565-0961                    Tel. (212) 380-7040                  josh@moskovitzlaw.com
*Not admitted in New Jersey

May 27, 2021

**BY ECF and EMAIL**

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

      Re:    *Wishart v. Welkley* et al., Case No. 19-cv-6189 (DGL) (MJP)

Your Honor,

      We represent Plaintiff George Wishart and write because of Defendants' persistent failure to provide access to their electronically stored information ("ESI") as twice directed by the Court. On January 29, 2021, the Court directed Defendants to "provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner" (Doc. 83). Defendants did not comply with that Order; as a result, on March 18, 2021, the Court directed Defendants "to comply with the Court's prior orders concerning discovery, forthwith" (Doc. 86). Now, more than two months after the Court's "forthwith" order, much of Defendants' ESI has not been collected because of Defendants' failure to cooperate. Among other things, Defendants Swiatowy, Opperman, and Maryjanowski have not provided access to their devices; and Defendants' counsel's office returned one of Mr. Swiatowy's phones to him instead of sending it to the ESI vendor and Mr. Swiatowy has failed to participate at all in this process, even though his counsel has specifically informed him of the need to do so.

      After the Court issued its March 18, 2021 Order directing Defendants to comply "forthwith" with the Court's prior order to provide access to their devices, it took Defendants' counsel, Hillel Deutsch, more than three weeks to provide a list of the defendants' cell phones. The ESI vendor then sent a list of the ESI sources that needed to be collected "in a forensically sound manner" and sent instructions and a scheduling tool for each defendant to use to provide access to their devices. All of the defendants – except for Mr. Swiatowy – eventually scheduled a collection time. However, Mr. Opperman skipped his appointment and has not rescheduled; and Mr. Maryjanowski was not available at the time he scheduled and later rescheduled again.

      We also learned during the recent deposition of Tony Angiulo (who performed the incomplete collection of Defendants' ESI before the Court ordered Defendants to hire a vendor)

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                                    Hon. Mark W. Pedersen
                                                                            May 27, 2021
                                                                            Page 2

that the iPhone 7 he received from Mr. Swiatwoy had been reset – meaning the data had been wiped and the phone was returned to its factory settings. To determine exactly when this phone was reset, the ESI vendor needs to have the phone. But according to Mr. Anguilo, instead of sending that phone to the ESI vendor, Defendants' counsel's office returned Mr. Swiatowy's iPhone 7 to him on April 27, 2021 – more than a month after the Court directed Defendants "to comply with the Court's prior orders" to provide the ESI vendor with access to their devices "forthwith" (Doc. 86). Now, Mr. Swiatowy has the phone again, it has still not been sent to the ESI vendor, and Mr. Swiatowy has failed to communicate with the ESI vendor.

We wrote to Mr. Deutsch on May 13, 2021, concerning the failure of Mr. Swiatowy to provide access to his devices and the incomprehensible failure to secure Mr. Swiatowy's iPhone 7 so the ESI vendor can examine it and determine when it was reset. Our letter, attached here as Exhibit 1, demanded that Mr. Swiatowy schedule his collection time and send his iPhone 7 to the ESI vendor immediately.

Mr. Deutsch responded on May 14 that he was on vacation and would "address any issues" upon his return on May 19. *See* Exhibit 2. We replied that "the issue with Mr. Swiatowy's ESI sources, and his iPhone 7 in particular, is a pressing matter that needs to be resolved before there is any more opportunity for further spoliation" and implored Mr. Deutsch that "[a] phone call or email to Mr. Swiatowy should take care of that." *Id.* We also indicated that we would "wait to write to the Court if you make your best effort to do that while you are on vacation" but "[i]f we haven't received confirmation by [May 20] that Mr. Swiatowy has scheduled his ESI collection and shipped his iPhone 7 to [the ESI vendor], we will ask the Court for appropriate relief." *Id.* Mr. Deutsch responded: "Fair enough. I have left a vm with Mr. Swiatowy." *Id.*

We wrote to Mr. Deutsch again concerning Mr. Swiatowy's failure to provide access to his ESI sources and stated that we would need to contact the Court if Mr. Swiatowy continued to not cooperate in this process. As of yesterday, Mr. Swiatowy had not contacted the ESI vendor, nor sent his iPhone 7 to them; and neither Mr. Opperman nor Mr. Maryjanowski had provided access to their ESI sources.[1] Mr. Maryjanowski has rescheduled twice, but Mr. Opperman has not attempted to reschedule after missing the appointment he initially scheduled. In total, only two of the nine defendants have completed the process of providing access to their devices and accounts.

At this point, we can say that we have exhausted all possible avenues to resolve this issue in good faith. Accordingly, we ask the Court to issue the following relief: (1) direct that certain "facts be taken as established for purposes of the action" pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) – specifically, that the defendants conspired to assault Plaintiff in retaliation for his complaint concerning Defendant Welkley; and (2) order Defendants "to pay the reasonable expenses,

---

[1] It should also be noted that during Mr. Angiulo's deposition, he testified that on more than one occasion he was unable to get information he needed from a defendant to access their accounts. He testified this occurred with Mr. Opperman, but Mr. Deutsch instructed Mr. Angiulo not to answer about the other occasions this occurred. Mr. Angiulo also testified that there were two defendants he had difficulty getting in touch with, but Mr. Deutsch instructed him not to answer who those defendants were.

| | |
|---|---|
| THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C. | Hon. Mark W. Pedersen<br>May 27, 2021<br>Page 3 |

including attorney's fees," Plaintiff has incurred on this issue since the Court's January 29, 2021 Order pursuant to Fed. R. Civ. P. 37(b)(2)(C) – which is consistent with the Court's prior Order directing Defendants to "pay the reasonable expenses Plaintiff has incurred in litigating the issue of e-discovery" (Doc. 83 at 11).

Plaintiff also believes that Mr. Swiatowy's and Mr. Opperman's conduct constitutes civil contempt and warrants striking their answer and holding them in default, but our research reveals that those sanctions are solely within the district judge's power. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008). However, Your Honor could "certify the facts" of this contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and order Mr. Swiatowy and Mr. Opperman to show cause before the district judge why they should not be held in contempt "by reason of the facts so certified." *See Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) ("on a motion for contempt, a magistrate judge functions only to 'certify the facts'") (citing *Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983); *Stein Indus., Inc. v. Jarco Indus., Inc.*, 33 F. Supp. 2d 163, 1999 WL 16342, at *2-3 (E.D.N.Y. Jan 8, 1999)). The district judge could then hold a hearing to decide whether or not to hold Mr. Swiatowy and Mr. Opperman in contempt and issue any further appropriate sanctions, including striking their answer. *See id.* ("Whether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court. However, upon certification a magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt." (citations omitted) (citing *Peker v. Fader*, 965 F. Supp. 454, 460 (S.D.N.Y. 1997)).

There is no reasonable explanation for Defendants' continued failure to follow the Court's Orders. Plaintiff, through the efforts of counsel, has made this process as easy as it possibly could be – with a skilled vendor that does remote collections and schedules them well in advance and at a time the custodian select. But Defendants continue to shirk their discovery obligations by failing to schedule an appointment, missing their appointments, and not rescheduling. Plaintiff also continues to discover ESI, like Mr. Swiatowy's iPhone 7, that has been destroyed or hidden during this process, even after a prior sanctions order concerning ESI. This seemingly never-ending discovery issue needs to end.

Respectfully,

Joshua S. Moskovitz
THE LAW OFFICE OF JOSHUA MOSKOVITZ

Rob Rickner
RICKNER PLLC

cc: Hillel Deutsch (by ECF)

# EXHIBIT 1

# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

| 392 Central Avenue # 7803 | 14 Wall Street, Suite 1603 | www.moskovitzlaw.com |
|---|---|---|
| Jersey City, New Jersey 07307 | New York, New York 10005 | Fax (888) 398-0032 |
| Tel. (201) 565-0961 | Tel. (212) 380-7040 | josh@moskovitzlaw.com |
| *Admission pending in New Jersey | | |

May 13, 2021

**BY EMAIL**

Hillel Deutsch
Assistant Attorney General
New York State Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Hillel.Deutsch@ag.ny.gov

      Re:    *Wishart v. Welkley* et al., Case No. 19-cv-6189 (DGL) (MJP)

Mr. Deutsch,

      We write concerning three related deficiencies in Defendants' discovery production: (1) Defendants' continued failure to provide electronic discovery ordered by the Court; (2) outstanding deficiencies in your response to the subpoena served on Tony Angiulo; and (3) your unexplained and baseless "privilege" assertion for communications with Mr. Angiulo concerning the collection and preservation of ESI pursuant to the Court's discovery orders.

      First, Defendants continue to not comply fully with the Court's orders concerning electronic discovery. It has become clear that you have still not provided a complete list of your clients' cell phones. On April 12, 2021, we wrote because you had not provided a complete list of your clients' cell phones despite the Court's several orders to do so.[1] The following day, you wrote to us stating: "Swiatowy has an iphone 10S."

      Two days ago, you produced photographs that show Mr. Swiatowy owns an iPhone 7. Likewise, the "Case Notes" from Mr. Angiulo, which you finally produced earlier this week, indicate that Mr. Swiatowy provided an iPhone 7 to Mr. Angiulo. During his deposition yesterday, Mr. Angiulo confirmed that he received an iPhone 7 from Mr. Swiatowy. Thus, it is apparent that your April 13, 2021 email indicating that "Swiatowy has an iphone 10S" was either incomplete or misleading.

      More disconcerting is the fact that Mr. Angiulo testified that he returned the iPhone 7 to Mr. Swiatowy <u>on April 27, 2021</u> – four months after the Court directed Defendants to "provide

---

[1] *See* Doc. 83 (directing Defendants to "provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner"); Mar. 17, 2021, oral directive during conference requiring Defendants to provide access to "all" of their cell phones; Doc. 86 (directing Defendants "to comply with the Court's prior orders concerning discovery, forthwith, as discussed during the conference on March 17, 2021").

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                                              May 13, 2021
                                                                                                Page 2

access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner" (Doc. 83) and 41 days after the Court directed Defendants "to comply with the Court's prior orders concerning discovery, forthwith" (Doc. 86) (emphasis added).  We cannot understand why your office returned the phone to Mr. Swiatowy and did not send it to 4Discovery.

This continued pattern of obfuscation and non-compliance with the Court's discovery orders is deeply concerning and we intend to seek judicial relief at the appropriate time.  The fact that Mr. Swiatowy's iPhone 7 was not provided to Mr. Angiulo until June 2020 (six months after it should have been produced) and that it had been "reset" before it was sent to Mr. Angiulo, demonstrates intentional spoliation and raises serious questions about your recent failure to include it in the full list of the defendants' cell phones and your office's mishandling of the phone by sending it back to Mr. Swiatowy.  We expect the phone to be sent to 4Discovery by the close of business tomorrow.

The matter of Mr. Swiatowy's phones raises another concern: Mr. Swiatowy has still not contacted 4Discovery to schedule the collection of his ESI sources.  We intend to contact the Court concerning this ongoing non-compliance if Mr. Swiatowy's iPhone 7 has not been sent to 4Discovery and Mr. Swiatowy has not scheduled the collection of his other ESI sources by the close of business tomorrow.

Second, there remain records responsive to our subpoena on Mr. Angiulo that you have still not produced.  These include the following:

- consent forms for Mr. Swiatowy's cell phones;
- a consent form for Mr. Sullivan's Gmail account;
- photos of Mr. Palistrant's cell phone;
- photos of Mr. Bright's Apple iPhone 11 Pro;
- photos of Mr. Sullivan's Motorola Droid Turbo;
- photos of Mr. Opperman's Samsung Galaxy 8; and
- photos of Mr. Maryjanowski's LG flip phone.[2]

Third, the privilege log that you sent yesterday is grossly inadequate.  It fails to even identify the privilege(s) that you are claiming for these records.  To the extent it suggests there is an attorney-client privilege for your communications with Mr. Angiulo, that assertion is frivolous.  Mr. Angiulo testified yesterday that he has never discussed you representing him as his lawyer.  Moreover, you did not object during yesterday's deposition to dozens of questions about your communications with Mr. Angiulo and Mr. Anguilo's conversations with the defendants.  Thus, any privilege you may have intended to assert to those communications has been waived.

---

[2] We received an email from you yesterday that had a PDF with "consent form" for Mr. Palistrant, but we could not open the file.

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.  May 13, 2021
Page 3

      Furthermore, your communications with Mr. Angiulo and Mr. Anguilo's conversations with the defendants are not subject to privilege as they relate only to the collection and preservation of evidence pursuant to the Court's discovery orders.  In conducting that work, Mr. Angiulo was not acting as an expert – his task was not to form an opinion about facts and offer that opinion at trial; his task was solely to collect and preserve evidence as directed by the Court.  You have relied on Mr. Angiulo's efforts to oppose Plaintiff's discovery and sanctions motions, and you have even submitted a declaration from Mr. Angiulo to that effect.  Accordingly, you cannot hide certain communications between you and Mr. Angiulo and Mr. Angiulo and the defendants concerning this same subject.  As Mr. Angiulo testified yesterday, he encountered problems with his collection efforts due to certain defendants not providing necessary information, and he communicated those issues to you.  Your assertion of an unexplained privilege for those, but not other, communications is baseless.  We insist that you withdraw your "privilege" assertion, produce the written communications identified in your privilege log (and any other communications with Mr. Angiulo) and provide us with a date to continue Mr. Angiulo's deposition.  If you refuse to do so, we will seek an order from the Court compelling the production of this information.

      Sincerely,

Joshua S. Moskovitz
THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

Rob Rickner
RICKNER PLLC

# EXHIBIT 2

**Subject:** Re: Wishart v. Welkley et al.
**Date:** Friday, May 14, 2021 at 10:42:26 AM Eastern Daylight Time
**From:** Deutsch, Hillel
**To:** Joshua S. Moskovitz
**CC:** rob

Fair enough. I have left a vm with Mr. Swiatowy.

---

**From:** Joshua S. Moskovitz <josh@moskovitzlaw.com>
**Sent:** Friday, May 14, 2021 9:24 AM
**To:** Deutsch, Hillel <Hillel.Deutsch@ag.ny.gov>
**Cc:** rob <rob@ricknerpllc.com>
**Subject:** Re: Wishart v. Welkley et al.

Hillel,

We understand and appreciate the need to take a vacation from work. However, the issue with Mr. Swiatowy's ESI sources, and his iPhone 7 in particular, is a pressing matter that needs to be resolved before there is any more opportunity for further spoliation. A phone call or email to Mr. Swiatowy should take care of that. We will wait to write to the Court if you make your best effort to do that while you are on vacation. If we haven't received confirmation by next Thursday that Mr. Swiatowy has scheduled his ESI collection and shipped his iPhone 7 to 4Discovery, we will ask the Court for appropriate relief.

**Joshua S. Moskovitz**
The Law Office of Joshua Moskovitz, P.C.
392 Central Avenue # 7083 | Jersey City, New Jersey 07307 | Tel. (201) 565-0961 (admission pending in New Jersey)
14 Wall Street, Suite 1603 | New York, New York 10005 | Tel. (212) 380-7040
josh@moskovitzlaw.com | www.moskovitzlaw.com

*This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.*

---

**From:** "Deutsch, Hillel" <Hillel.Deutsch@ag.ny.gov>
**Date:** Friday, May 14, 2021 at 9:36 AM
**To:** "Joshua S. Moskovitz" <josh@moskovitzlaw.com>
**Subject:** RE: Wishart v. Welkley et al.

I am out of the office on a preset vacation and will be returning on Wednesday. I will address any issues when I return.


Hillel Deutsch
NYS Assistant Attorney General
144 Exchange Blv. Rochester, NY 14614
(585) 546-7430

---

**From:** Joshua S. Moskovitz <josh@moskovitzlaw.com>

**Sent:** Thursday, May 13, 2021 6:27 PM
**To:** Deutsch, Hillel <Hillel.Deutsch@ag.ny.gov>
**Subject:** Wishart v. Welkley et al.

**[EXTERNAL]**

Hillel,

Please see the attached correspondence.

### Joshua S. Moskovitz
The Law Office of Joshua Moskovitz, P.C.
392 Central Avenue # 7083 | Jersey City, New Jersey 07307 | Tel. (201) 565-0961 (admission pending in New Jersey)
14 Wall Street, Suite 1603 | New York, New York 10005 | Tel. (212) 380-7040
josh@moskovitzlaw.com | www.moskovitzlaw.com

*This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.*

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.