UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

GEORGE WISHART,

                        Plaintiff,

   -against-

Correction Officer PETER WELKLEY (in his individual capacity), Correction Officer CEDRIK SORIA (in his individual capacity), Correction Officer JOSEPH SULLIVAN (in his individual capacity), Correction Officer W. MARYJANOWSKI (in his individual capacity), Correction Officer PAUL PALISTRANT (in his individual capacity), Correction Officer SWIATOWY (in his individual capacity), Correction Officer MITHADRILL (in his individual capacity), Correction Sgt. JAMES OPPERMAN (in his individual capacity), Correction Sgt. EDWARD RICE (in his individual capacity), and Correction Lt. BRIGHT (in his individual capacity),

                        Defendants.

-----------------------------------------------------------------------X

No. 19-cv-6189 (DGL) (MJP)

**DECLARATION OF JOSHUA MOSKOVITZ IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

       JOSHUA S. MOSKOVITZ, an attorney duly admitted to practice before this Court, declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

       1.      I represent the plaintiff and I am well-familiar with the facts of this case. I submit this declaration in support of Plaintiff's second motion for sanctions for Defendants' continuing failure to comply with the Court's discovery orders.

       2.      Since the Court's March 18, 2021, Order directed Defendants "to comply with the Court's prior orders concerning discovery, forthwith" (Doc. 86), several of the Defendants have not complied with the Court's January 29, 2021 Order to "provide access to the devices and accounts that have not been properly collected," and Defendants' counsel's office has not complied

with the direction in the same Order that "all discovery items and materials collected thus far should be sent to the vendor for proper extraction" (Doc. 83 at 2, 10).

3.      There is an extensive history of Defendants' non-compliance with the Court's discovery orders in this case. This history is traced in detail in counsel's letters dated May 3, 2020 (Doc. 39), May 4, 2020 (Doc. 40), and February 11, 2021 (Doc. 85); and counsel's declarations dated May 13, 2020 (Doc. 44) and October 22, 2020 (Doc. 65). Based on this history, the Court has twice sanctioned Defendants (*see* Docs. 49 and 83).

4.      The most recent Order, dated January 29, 2021, concerned Defendants' failure to properly collect their electronically stored information ("ESI"). The Court stated: "As a sanction for its delays and misrepresenting the abilities of [defense counsel's] in-house personnel to extract the data in native format, the Court grants Plaintiff's motion for sanctions (ECF No. 64) and directs Defendants to pay the reasonable costs for litigating this e-discovery issue" (Doc. 83 at 8).

5.      The Order directed Defendants to do two things. First, as to the ESI Defendants' counsel's office had managed to collect in-house, the Court directed: "to ensure a complete compilation of ESI, all discovery items and materials collected thus far should be sent to the vendor for proper extraction into a machine-readable format" (Doc. 83 at 2). As for the ESI the defendants themselves still controlled, which had not been collected or not collected in a forensically sound manner, the Order directed Defendants to "provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner" (Doc. 83 at 10).

6.      Defendants failed to comply with this Order by refusing to identify all of their cell phones (*see* Doc. 85-1), thus prohibiting a complete collection from being performed. This forced Plaintiff to ask the Court to enforce its earlier Order (*see* Doc. 85). At the conclusion of a hearing

held on March 17, 2021, the Court directed Defendants to provide access to "all" of their cell phones. On March 18, 2021, the Court entered the following Minute Entry on the docket: "Defendants are directed to comply with the Court's prior orders concerning discovery, forthwith, as discussed during the conference on March 17, 2021" (Doc. 86).

7. More than a week after the Court's "forthwith" Order, Defendants' counsel sent an incomplete list of the defendants' cell phones. *See* Exhibit 1 (3/26/21 email from Hillel Deutsch). Mr. Deutsch wrote that he expected to provide the missing information on March 30, 2021. *Id.* By April 9, 2021, Mr. Deutsch had still not provided the information, and so we wrote to him. *See* Exhibit 2 (4/9/21 email from Joshua Moskovitz). That same day, we learned that Mr. Deutsch had not yet contacted the ESI vendor to arrange collection of the defendants' ESI. This was now three weeks after the Court's "forthwith" Order.

8. On April 12, 2021, we wrote to Mr. Deutsch to demand that he provide "a complete list of [his] clients' cell phones." Exhibit 3 (4/12/21 letter from Plaintiff's counsel). Mr. Deutsch responded the next day identifying a single phone for Mr. Swiatowy, an iPhone 10S, and a "Moto Z4" for Mr. Rice. Exhibit 4 (4/13/21 email from Hillel Deutsch).

9. We provided this information to the ESI vendor, which generated a letter, dated April 16, 2021, of the devices that needed to be collected "in a forensically sound manner." That same day, April 16, we sent the ESI vendor's letter to Mr. Deutsch along with a detailed list of the steps required to complete ESI collection. *See* Exhibit 5 (4/16/21 email from Joshua Moskovitz with attachment). The next steps included scheduling a call between the ESI vendor and the Defendants "to explain to [the defendants] what they need to do to cooperate with the process." *Id.*

10. On April 21, 2021, Mr. Deutsch proposed April 29, 2021 for the call. Exhibit 6 (4/21/21 email from Hillel Deutsch). Considering that was two weeks after the April 16 email was sent to Mr. Deutsch, we consulted with the ESI vendor in an effort to move things along more quickly.

11. On April 23, 2021, the ESI vendor sent an email to Mr. Deutsch "to streamline this process." Exhibit 7 (4/23/21 email from Wolfgang Wilke). The email contained a detailed set of steps to be taken by each defendant, which started with clicking a link to schedule a collection time. The email explained:

> During the collection time, you will not be able to use your devices while they are being collected, so please take that into consideration when scheduling.
> Once you have confirmed your collection time frame, a package from Wolfgang Wilke, the project leader at 4Discovery, will be sent to the location you provided. This package from FedEx will contain a remote collection kit, including an external hard drive, cables, and the equipment needed to preserve your data. You will need to be present to accept the package as adult signature is required.
>
> At the time of the collection, a 4Discovery examiner will contact you at the phone number provided. Please be prepared for the collection process by:
>
> - Have available all account user names and passwords for items being collected
> - All devices are powered on, fully charged, and plugged in
>
> The length of time to complete the collection will vary based on amount of data and number of devices/accounts being collected.
>
> Once the collection process is complete, please re-package the remote collection kit along with any cables or external devices that were include and return to 4Discovery using the shipping label sent with the kit. If any of your devices are non-functioning, include those items in the return package for 4Discovery to complete a ph[y]sical inspection of the devices. These items will be returned to you once the inspection is complete.
>
> If you have any questions about this process, please contact your counsel to set up a call with 4Discovery in advance of your scheduled collection time.

*Id.*

12. The ESI vendor asked Mr. Deutsch to send this email "to all of the custodians," *i.e.*, the defendants. Ex. 7. On Monday, April 26, 2021, Mr. Deutsch confirmed that he had "sent the email this morning." Exhibit 8 (4/26/21 email from Hillel Deutsch).

13. On April 29, 2021, the ESI vendor emailed all counsel a link to a Google sheet "to keep track of which custodians have set up times, and when they are scheduled." Exhibit 9 (4/29/2021 email from Emily Bear). The ESI vendor also explained: "We will be updating this [Google sheet] live with any times that have been scheduled." *Id.*

14. Because only one of the defendants had scheduled a collection time by then, we wrote to Mr. Deutsch on April 29, 2021 asking him to "ensure [his] clients schedule collection[] times promptly." *See* Exhibit 10 (4/30/21 email from Hillel Deutsch). Mr. Deutsch responded on April 30, 2021: "Agreed, I have done so." *Id.*

15. On May 12, 2021, we deposed Tony Angiulo, who had performed the incomplete collection of Defendants' ESI before the Court ordered Defendants to hire a vendor. Mr. Angiulo testified that the iPhone 7 he received from Mr. Swiatwoy had been reset – meaning the data had been wiped and the phone was returned to its factory settings. *See* Exhibit 11 at pp. 78-81 (Angiulo Dep. Tr.). Mr. Anguilo also testified that instead of sending the phone to the ESI vendor as ordered by the Court in January 2021, he returned the phone to Mr. Swiatowy on April 27, 2021. *Id.* at pp. 81, 100.

16. Mr. Angiulo also testified that on more than one occasion he was unable to get information he needed from a defendant to access their accounts. *Id.* at pp. 69-70. He testified this occurred with Mr. Opperman, but Mr. Deutsch instructed Mr. Angiulo not to answer about the other occasions this occurred. *Id.* Mr. Angiulo also testified that there were two defendants he

5

had difficulty getting in touch with, but Mr. Deutsch instructed him not to answer who those defendants were.  *Id.* at pp. 63-65.

17. Following Mr. Angiulo's deposition, we wrote to Mr. Deutsch on May 13, 2021, because Defendant Swiatowy had still not scheduled a collection.  Exhibit 12 (5/13/21 letter from Plaintiff's counsel).  That was nearly three weeks after the ESI vendor contacted Mr. Deutsch with steps for the ESI collection, and nearly two weeks after Mr. Deutsch agreed to ensure his clients scheduled collection times promptly.

18. Mr. Deutsch responded on May 14, 2021 that he was on vacation and would "address any issues" upon his return on May 19.  See Exhibit 13 (5/14/21 email from Hillel Deutsch).  We replied that "the issue with Mr. Swiatowy's ESI sources, and his iPhone 7 in particular, is a pressing matter that needs to be resolved before there is any more opportunity for further spoliation" and implored Mr. Deutsch that "[a] phone call or email to Mr. Swiatowy should take care of that."  *Id.*  We also indicated that we would "wait to write to the Court if you make your best effort to do that while you are on vacation" but "[i]f we haven't received confirmation by [May 20] that Mr. Swiatowy has scheduled his ESI collection and shipped his iPhone 7 to [the ESI vendor], we will ask the Court for appropriate relief."  *Id.*  Mr. Deutsch responded: "Fair enough. I have left a vm with Mr. Swiatowy."  *Id.*

19. To date – that is, two weeks after Mr. Deutsch's May 14 email – Mr. Swiatowy has not scheduled his collection appointment.  *See* Exhibit 14 (5/28/21 email from Emily Bear); Exhibit 15 (spreadsheet).  It appears that Mr. Swiatowy contacted the ESI vendor around May 21,

2021, *see* Exhibit 16 (5/21/21 email from Emily Bear);[1] but he still has not scheduled an appointment nor provided access to his devices as ordered by the Court (*see* Doc. 83 at 10).

20.     Nor has Mr. Opperman complied with the Court's January 2021 Order to "provide access to" his ESI sources. On May 14, 2021, the date Mr. Opperman scheduled for his collection, he emailed the ESI vendor to say he could not connect to the call. *See* Exhibit 17 (5/14/21 email from Emily Bear). The ESI vendor responded, "When are you available to reschedule? We can have someone call you directly if schedules line up." *Id.* Mr. Opperman responded, "Im available the rest of the day," *id.*, but after the ESI vendor replied, "What is the best number to reach you?," *id.*, it is unclear whether Mr. Opperman provided a number. Mr. Opperman has not rescheduled his collection time. *See* Ex. 14; Ex. 15.

21.     Today, June 1, 2021, Mr. Deutsch emailed the ESI vendor: "Mr. Opperman has informed me that he attempted to reschedule and when no one answered he left a message with his phone number, but no one has contacted him." Exhibit 18 (6/1/21 email from Hillel Deutsch). Mr. Deutsch then emailed us to say that this allegedly occurred on May 14 (the same day that the ESI vendor asked Mr. Opperman for a good phone to contact him to which it appears Mr. Opperman did not respond). The ESI vendor responded to Mr. Deutsch's email: "We have not received any voice messages from Mr Opperman at this time." *Id.* (6/1/21 email from Emily Bear). The ESI vendor then explained: "Best way to proceed would to have him use the link we sent originally to schedule a time" and included the link again. *Id.*

---

[1] Before submitting this motion, Plaintiff's counsel filed an informal letter motion pursuant to Magistrate Judge Pedersen's individual practice rules (Doc. 87). That letter stated, "Mr. Swiatowy had not contacted the ESI vendor" (Doc. 87 at 2), which appears to be inaccurate based on the email attached at Exhibit 16. After that letter was filed, defense counsel brought to our attention this email. Although it appears I was copied on the email, I did not recall receiving it and I did not find it when I searched my own emails, apparently because Mr. Swiatowy's name is misspelled in the email. Before submitting the letter motion at docket 87, I received confirmation from the ESI vendor that Mr. Swiatowy had not scheduled his collection and the letter correctly states that Mr. Swiatowy has not "scheduled a collection time" (Doc. 87 at 1). The ESI vendor confirmed this fact again the following day, *see* Ex. 14; and as of today, the live Google sheet still indicates that Mr. Swiatowy "[n]ever scheduled" his collection, Ex. 15.

22. Mr. Maryjanowski has twice re-scheduled his appointment, and currently has a scheduled date of June 3 for collection. We have been told that Mr. Maryjanowski's recent cancellation was due to a sensitive family matter, but his first scheduled appointment on May 24 was cancelled because he said he did not know what he needed to do and was "on the road." Exhibit 19 (5/24/21 email from William Maryjanowski). As noted above in ¶ 11, the email sent to Mr. Maryjanowski and the other defendants, which he had to read to access the scheduling link, made clear what he needed to do during the collection appointment.

23. As for the other six defendants, the ESI vendor has received data collected from Defendants Edward Rice, Roy Bright, and Joseph Sullivan; Defendant Peter Welkley completed his remote collection but there was an issue with a damaged device; and Defendants Cedrik Soria and Paul Palistrant have started the remote collection process. *See* Ex. 15.

24. Annexed hereto are true and correct copies of the aforementioned exhibits.

**WHEREFORE**, I request the Court issue an order: **(1)** directing that certain facts be taken as established for purposes of the action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) – specifically, that Defendants Swiatowy and Opperman conspired to assault Plaintiff; **(2)** directing Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(C) to pay the reasonable expenses, including attorney's fees, Plaintiff has incurred on the issue of electronic discovery since January 29, 2021; and **(3)** certifying the facts of contempt of Mr. Swiatowy and Mr. Opperman pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), and ordering them to show cause before the district judge why they should not be held in contempt by reason of the facts so certified.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Jersey City, New Jersey
      June 1, 2021

_____
Joshua S. Moskovitz