# EXHIBIT 12

# THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

| | | |
|---|---|---|
| 392 Central Avenue # 7803 | 14 Wall Street, Suite 1603 | www.moskovitzlaw.com |
| Jersey City, New Jersey 07307 | New York, New York 10005 | Fax (888) 398-0032 |
| Tel. (201) 565-0961 | Tel. (212) 380-7040 | josh@moskovitzlaw.com |
| *Admission pending in New Jersey | | |

May 13, 2021

**BY EMAIL**

Hillel Deutsch
Assistant Attorney General
New York State Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Hillel.Deutsch@ag.ny.gov

   Re: *Wishart v. Welkley* et al., Case No. 19-cv-6189 (DGL) (MJP)

Mr. Deutsch,

  We write concerning three related deficiencies in Defendants' discovery production: (1) Defendants' continued failure to provide electronic discovery ordered by the Court; (2) outstanding deficiencies in your response to the subpoena served on Tony Angiulo; and (3) your unexplained and baseless "privilege" assertion for communications with Mr. Angiulo concerning the collection and preservation of ESI pursuant to the Court's discovery orders.

  First, Defendants continue to not comply fully with the Court's orders concerning electronic discovery. It has become clear that you have still not provided a complete list of your clients' cell phones. On April 12, 2021, we wrote because you had not provided a complete list of your clients' cell phones despite the Court's several orders to do so.[1] The following day, you wrote to us stating: "Swiatowy has an iphone 10S."

  Two days ago, you produced photographs that show Mr. Swiatowy owns an iPhone 7. Likewise, the "Case Notes" from Mr. Angiulo, which you finally produced earlier this week, indicate that Mr. Swiatowy provided an iPhone 7 to Mr. Angiulo. During his deposition yesterday, Mr. Angiulo confirmed that he received an iPhone 7 from Mr. Swiatowy. Thus, it is apparent that your April 13, 2021 email indicating that "Swiatowy has an iphone 10S" was either incomplete or misleading.

  More disconcerting is the fact that Mr. Angiulo testified that he returned the iPhone 7 to Mr. Swiatowy on April 27, 2021 – four months after the Court directed Defendants to "provide

---

[1] *See* Doc. 83 (directing Defendants to "provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner"); Mar. 17, 2021, oral directive during conference requiring Defendants to provide access to "all" of their cell phones; Doc. 86 (directing Defendants "to comply with the Court's prior orders concerning discovery, forthwith, as discussed during the conference on March 17, 2021").

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                                  May 13, 2021
                                                                                        Page 2

access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner" (Doc. 83) and 41 days after the Court directed Defendants "to comply with the Court's prior orders concerning discovery, forthwith" (Doc. 86) (emphasis added).  We cannot understand why your office returned the phone to Mr. Swiatowy and did not send it to 4Discovery.

This continued pattern of obfuscation and non-compliance with the Court's discovery orders is deeply concerning and we intend to seek judicial relief at the appropriate time.  The fact that Mr. Swiatowy's iPhone 7 was not provided to Mr. Angiulo until June 2020 (six months after it should have been produced) and that it had been "reset" before it was sent to Mr. Angiulo, demonstrates intentional spoliation and raises serious questions about your recent failure to include it in the full list of the defendants' cell phones and your office's mishandling of the phone by sending it back to Mr. Swiatowy.  We expect the phone to be sent to 4Discovery by the close of business tomorrow.

The matter of Mr. Swiatowy's phones raises another concern: Mr. Swiatowy has still not contacted 4Discovery to schedule the collection of his ESI sources.  We intend to contact the Court concerning this ongoing non-compliance if Mr. Swiatowy's iPhone 7 has not been sent to 4Discovery and Mr. Swiatowy has not scheduled the collection of his other ESI sources by the close of business tomorrow.

Second, there remain records responsive to our subpoena on Mr. Angiulo that you have still not produced.  These include the following:

- consent forms for Mr. Swiatowy's cell phones;
- a consent form for Mr. Sullivan's Gmail account;
- photos of Mr. Palistrant's cell phone;
- photos of Mr. Bright's Apple iPhone 11 Pro;
- photos of Mr. Sullivan's Motorola Droid Turbo;
- photos of Mr. Opperman's Samsung Galaxy 8; and
- photos of Mr. Maryjanowski's LG flip phone.[2]

Third, the privilege log that you sent yesterday is grossly inadequate.  It fails to even identify the privilege(s) that you are claiming for these records.  To the extent it suggests there is an attorney-client privilege for your communications with Mr. Angiulo, that assertion is frivolous. Mr. Angiulo testified yesterday that he has never discussed you representing him as his lawyer. Moreover, you did not object during yesterday's deposition to dozens of questions about your communications with Mr. Angiulo and Mr. Anguilo's conversations with the defendants.  Thus, any privilege you may have intended to assert to those communications has been waived.

---

[2] We received an email from you yesterday that had a PDF with "consent form" for Mr. Palistrant, but we could not open the file.

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                                May 13, 2021
                                                                        Page 3

      Furthermore, your communications with Mr. Angiulo and Mr. Anguilo's conversations with the defendants are not subject to privilege as they relate only to the collection and preservation of evidence pursuant to the Court's discovery orders.  In conducting that work, Mr. Angiulo was not acting as an expert – his task was not to form an opinion about facts and offer that opinion at trial; his task was solely to collect and preserve evidence as directed by the Court.  You have relied on Mr. Angiulo's efforts to oppose Plaintiff's discovery and sanctions motions, and you have even submitted a declaration from Mr. Angiulo to that effect.  Accordingly, you cannot hide certain communications between you and Mr. Angiulo and Mr. Angiulo and the defendants concerning this same subject.  As Mr. Angiulo testified yesterday, he encountered problems with his collection efforts due to certain defendants not providing necessary information, and he communicated those issues to you.  Your assertion of an unexplained privilege for those, but not other, communications is baseless.  We insist that you withdraw your "privilege" assertion, produce the written communications identified in your privilege log (and any other communications with Mr. Angiulo) and provide us with a date to continue Mr. Angiulo's deposition.  If you refuse to do so, we will seek an order from the Court compelling the production of this information.

                                                 Sincerely,

                                                 Joshua S. Moskovitz
                                                 THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

                                                 Rob Rickner
                                                 RICKNER PLLC