**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

GEORGE WISHART,

                                Plaintiff,

                       -against-

Correction Officer PETER WELKLEY (in his
individual capacity), Correction Officer CEDRIK
SORIA (in his individual capacity), Correction Officer
JOSEPH SULLIVAN (in his individual capacity),
Correction Officer W. MARYJANOWSKI (in his
individual capacity), Correction Officer PAUL
PALISTRANT (in his individual capacity), Correction
Officer SWIATOWY (in his individual capacity),
Correction Officer MITHADRILL (in his individual
capacity), Correction Sgt. JAMES OPPERMAN (in his
individual capacity), Correction Sgt. EDWARD RICE
(in his individual capacity), and Correction Lt. BRIGHT
(in his individual capacity).

                         Defendants.

No. 19 CV 6189 (MAT) (MWP)

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S SECOND MOTION FOR SANCTIONS FOR
## DEFENDANTS' CONTINUING FAILURE TO COMPLY WITH
## THE COURT'S DISCOVERY ORDERS

THE LAW OFFICE OF
JOSHUA MOSKOVITZ, P.C.
392 Central Avenue, # 7083
Jersey City, New Jersey 07307

RICKNER PLLC
The Woolworth Building
233 Broadway Suite 2220
New York, New York 10279

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................... 1

LEGAL STANDARDS ............................................................................................... 3

ARGUMENT .............................................................................................................. 6

CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                                                                              **PAGE(S)**

*Aboeid v. Saudi Arabian Airlines Corp.*, No. 10 CV 2518 (SJ) (VVP),
2011 U.S. Dist. LEXIS 128179 (E.D.N.Y. Sep. 6, 2011)................................................................3

*Baba v. Japan Travel Bureau Intern., Inc.* 111 F.3d 2 (2d Cir. 1997) .................................... 10-11

*Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 594 (W.D.N.Y. 1996) .................................5, 11

*Church v. Steller*, 35 F. Supp. 2d 215 (N.D.N.Y. 1999).........................................................5, 8, 10

*Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*,
951 F.2d 1357 (2d Cir. 1991).........................................................................................................7

*Jockey Int'l, Inc. v. M/V "Leverkusen Express*, 217 F. Supp. 2d 447 (S.D.N.Y. 2002)................4

*Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers
v. Car-Win Constr., Inc.*, 88 F. Supp. 3d 250 (S.D.N.Y. 2015)......................................................4

*S. New England Tele. Co. v. Global NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) .......................4, 5, 7

*United States SEC v. Collector's Coffee*,
2021 U.S. Dist. LEXIS 15586 (S.D.N.Y. Jan. 27, 2021)................................................................7

*Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008)..........................................................5, 7

# RULES

Federal Rule of Civil Procedure 37 ................................................................................................3

## PRELIMINARY STATEMENT

As of today – eighteen months after the Court and the parties first discussed the need to collect and review electronically stored information ("ESI"), four months after Defendants were sanctioned for failing to properly collect their ESI, and more than two months after the Court ordered Defendants to comply "forthwith" with the Court's prior order to provide access to their ESI (Doc. 86) – less than half of Defendants' ESI has been collected.  Defendant Swiatowy has never scheduled a collection date for his ESI and Defendant Opperman missed his scheduled appointment weeks ago and hasn't rescheduled.  Nearly six weeks after the Court's "forthwith" Order, Defendants' counsel's office – which had possession of a cell phone of Mr. Swiatowy that was reset (and thereby wiped of data) before it was provided to counsel's office – and instead of sending that phone to the ESI vendor, who could determine the date the phone was reset, Defendants' counsel's office returned the phone to Mr. Swiatowy, who has not scheduled a collection appointment with the ESI vendor.  No ESI has been reviewed; nor is it likely to be produced in any reasonable timeframe with these constant delays.  There is no justification for the current state of electronic discovery in this action.  Severe sanctions are now appropriate to show Defendants, and any similarly recalcitrant litigant, that the deliberate failure to abide the Court's orders is unacceptable and will not be tolerated in this district.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are set forth in Plaintiff's counsel's declaration submitted in support of this motion (Doc. 89) and the papers submitted in support of Plaintiff's prior motion for sanctions (Doc. 39, 40, 44, 65, 85).  To summarize:

On January 29, 2021, the Court granted Plaintiff's prior motion for sanctions arising from Defendants' failure to properly collect their ESI.  (The Court previously sanctioned Defendants'

counsel for failing to comply with a separate discovery order.  *See* Doc. 49.)  In its January 2021 sanctions order, the Court directed Defendants to: "provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner" (Doc. 83 at 10).  The Order also directed that, "to ensure a complete compilation of ESI, all discovery items and materials collected thus far should be sent to the vendor for proper extraction into a machine-readable format" (Doc. 83 at 2).

Defendants refused to comply with the Court's January 29th Order (*see* Doc. 85-1). Accordingly, Plaintiff was forced to ask the Court to enforce its Order (*see* Doc. 85).  At the conclusion of a hearing on that motion, held on March 17, 2021, the Court directed Defendants to provide access to "all" of their cell phones.  On March 18, 2021, the Court entered a Minute Entry on the docket that stated: "Defendants are directed to comply with the Court's prior orders concerning discovery, *forthwith*, as discussed during the conference on March 17, 2021" (Doc. 86) (emphasis added).

As of May 28, 2021, *ten weeks* after the Court's "forthwith" Order, Defendants have not provided access to all of their cell phones or other ESI sources.  Defendant Swiatowy hasn't scheduled a collection time with the ESI vendor; and Defendant Opperman hasn't rescheduled his appointment after missing his initial appointment weeks ago.  More than a month after the Court's "forthwith" Order, Defendants' counsel's office returned a phone to Defendant Swiatowy (which had been wiped of data before Mr. Swiatowy provided it to defense counsel), instead of sending the phone to the ESI vendor, as ordered by the Court.

For the past month, Defendants' counsel has had access to a live Google sheet showing the status of the individual defendants' efforts to schedule – and not schedule, as in the case of Mr. Swiatowy – collection times with the ESI vendor. Several times over the past month,

Plaintiff's counsel emailed Defendants' counsel to ask him to press his clients to comply with the Court's orders.  To date, more than two months after the Court ordered Defendants to comply with its earlier Order "forthwith," less than half of Defendants' ESI has been sent to the ESI vendor.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37(b)(2)(A) sets forth this Court's authority to sanction a party for failing to comply with the Court's discovery orders.  That rule permits the Court to "issue further just orders," which "may include the following":

> (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)    striking pleadings in whole or in part;
>
> (iv)    staying further proceedings until the order is obeyed;
>
> (v)     dismissing the action or proceeding in whole or in part;
>
> (vi)    rendering a default judgment against the disobedient party; or
>
> (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(C) also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Defendants bear the burden of showing that their failure to comply with the Court's discovery orders was "substantially justified."  *See Aboeid v. Saudi Arabian Airlines Corp.*, No. 10 CV 2518 (SJ) (VVP), 2011 U.S. Dist. LEXIS 128179, at *5-7 (E.D.N.Y. Sep. 6, 2011) (the dilatory

party "bears the burden of demonstrating substantial justification").  "'Substantial justification'
may be demonstrated where there is justification to a degree that could satisfy a reasonable person
that parties could differ" as to whether the discovery required has been produced.  *Jockey Int'l,
Inc. v. M/V "Leverkusen Express*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002) (quotation marks
omitted).

Absent substantial justification, Rule 37(b)(2)(A) permits a severe remedy to force future
compliance.  *See, e.g., S. New England Tele. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir.
2010) ("'[D]iscovery orders are meant to be followed,' and dismissal or default is justified if the
district court finds that the failure to comply with discovery orders was due to 'willfulness, bad
faith, or any fault' of the party sanctioned." (quoting *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58
F.3d 849, 853 (2d Cir. 1995); *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986))); *Local
Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win
Constr., Inc.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("at a certain point, if a court does not
eventually follow through on its warnings, it risks undermining its ability to control current and
future would-be wayward litigants").  "[D]istrict courts are not required to exhaust possible lesser
sanctions before imposing dismissal or default if such a sanction is appropriate on the overall
record."  *S. New England Tele. Co.*, 624 F.3d at 148.

"'[S]everal factors may be useful in evaluating a district court's exercise of discretion' to
impose sanctions pursuant to" Rule 37, "including '(1) the willfulness of the non-compliant party
or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period
of noncompliance, and (4) whether the non-compliant party had been warned of the consequences
of noncompliance.'"  *S. New England Tele. Co.*, 624 F.3d at 144 (quoting *Agiwal v. Mid Island
Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  "The district court is free to consider the full

record in the case in order to select the appropriate sanction." *Id.* (quotation marks omitted). "Open and unequivocal defiance of a court order is sufficient to support a finding of bad faith or willful misconduct." *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 594, 599 (W.D.N.Y. 1996) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 524 (2d Cir. 1990) (bad faith justifies striking an answer or entering a default judgment).

"[D]ismissal or default imposed pursuant to Rule 37 is a 'drastic remedy' generally to be used only when the district judge has considered lesser alternatives." *S. New England Tele. Co.*, 624 F.3d at 144 (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988)). "Despite the harshness of these measures, however, discovery orders are meant to be followed, and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned." *Id.* (quoting *Bambu Sales, Inc.*, 58 F.3d at 853; *Salahuddin*, 782 F.2d at 1132).

However, the remedy of holding a disobedient party in default is solely within the district judge's power. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008). A magistrate judge may "certify the facts" of contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and order the disobedient parties to show cause before the district judge why they should not be held in contempt "by reason of the facts so certified." *See Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) ("on a motion for contempt, a magistrate judge functions only to 'certify the facts'") (citing *Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983); *Stein Indus., Inc. v. Jarco Indus., Inc.*, 33 F. Supp. 2d 163, 1999 WL 16342, at *2-3 (E.D.N.Y. Jan 8, 1999)). Along with this certification, the magistrate judge can recommend a sanction to the district judge. *See id.* ("Whether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court. However, upon certification a magistrate judge may

recommend that certain sanctions be imposed by the district court upon a finding of contempt." (citations omitted) (citing *Peker v. Fader*, 965 F. Supp. 454, 460 (S.D.N.Y. 1997)).  The district judge will decide whether or not to hold the disobedient parties in contempt and issue appropriate sanctions.

## ARGUMENT

There is no question Defendants have openly defied the Court's discovery orders.  Indeed, in March 2021, the Court was forced to order Defendants to comply "forthwith" with its January 2021 Order because Defendants had refused to comply with that Order (*see* Doc. 83).  More than two months after the Court's "forthwith" Order, Defendant Swiatowy has not scheduled a collection time with the ESI vendor and Defendant Opperman has not rescheduled his appointment after he failed to make his first appointment weeks ago.  Defendants' counsel has been aware of his clients' noncompliance – both from his access to a live Google sheet that showed which defendants had not scheduled or cancelled appointments with the ESI vendor, and from emails Plaintiff's counsel sent about the failure to Defendant Swiatowy to schedule a collection time – and Defendants' counsel has confirmed at various points that he had communicated with his clients about their need to comply with the Court's orders.

In addition, a month after the Court's "forthwith" Order, defense counsel's office – which still had a cell phone from Defendant Swiatowy that defense counsel's staff discovered had been wiped of data by resetting it to the factory settings before it was provided to counsel's office – rather than sending the phone to the ESI vendor who could determine when the phone was wiped, defense counsel's office sent the phone back to Mr. Swiatowy.  This is directly contrary to the Court's January 2021 Order that, "to ensure a complete compilation of ESI, all discovery items and materials collected thus far should be sent to the vendor for proper extraction" (Doc. 83 at 2).

There is no justification for Defendants' continued failure to follow the Court's Orders. Plaintiff, through the efforts of counsel, has made this process as easy as it possibly could be – with a skilled vendor that does remote collections and schedules them well in advance and at a time the custodian select. But Defendants continue to shirk their discovery obligations by failing to schedule appointments, missing their appointments, not rescheduling, and holding on to tampered ESI sources instead of providing them to the ESI vendor – as explicitly ordered by the Court – to ensure whatever information may be recovered (*e.g.*, the date that the devices was wiped) is preserved. This seemingly never-ending discovery issue needs to end.

*First*, given the limited power of a magistrate judge to strike an answer, *see Williams*, 527 F.3d at 265, an appropriate sanction for this continuing non-compliance would be an order directing that certain "facts be taken as established for purposes of the action" pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). While "district courts are not required to exhaust possible lesser sanctions," *S. New England Tele. Co.*, 624 F.3d at 148, "'[d]irecting that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims' is the least harsh sanction under Rule 37(b)(2)(A).'" *United States SEC v. Collector's Coffee*, 2021 U.S. Dist. LEXIS 15586, at *12 (S.D.N.Y. Jan. 27, 2021) (alteration in original) (quoting *Lenahan v. City of New York*, 2020 U.S. Dist. LEXIS 225268, at *20-21 (S.D.N.Y. Dec. 1, 2020)). Accordingly, Plaintiff submits that the following fact should be established for the purposes of this action: Defendants Swiatowy and Opperman conspired to assault Plaintiff in retaliation for his complaint about Defendant Welkley's behavior toward Plaintiff's girlfriend.

This sanction is appropriate because it is limited to the defendants who have unquestionably acted in bad faith and it is directly tied to the discovery order at issue. *See Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)

("There are two basic limitations upon a district court's discretion in imposing sanctions pursuant to Rule 37(b)(2). The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed.'" (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)).

As this Court has already noted, "the crux of Plaintiff's claim will come from ESI" (Doc. 83 at 5).  Certain defendants have admitted that they actively discarded ESI during the course of this litigation (*see* Doc. 76 at 6).  And we have now learned that the delay in collecting Defendants' ESI, which itself is a cause of further spoliation as Defendants traded-in devices and damaged other devices in the interim, was due in part to the failure of Defendant Opperman (and another defendant, whom defense counsel instructed a witness to not name) to fully cooperate with their own counsel's in-house efforts to collect their ESI.  *See* Moskovitz Decl. ¶ 15.  Moreover, in response to this motion, Defendant Opperman has further obfuscated his own failure to comply with the Court's orders by materially misrepresenting to his own attorney his conduct.  *See* Moskovitz Decl. ¶ 23 (describing an email exchange today between Mr. Deutsch and the ESI vendor in which Mr. Deutsch said "Mr. Opperman has informed me that he attempted to reschedule and when no one answered he left a message with his phone number, but no one has contacted him," which, as the ESI vendor later confirmed, was untrue).  By intentionally hiding and delaying collection of the ESI – and intentionally failing to comply with the Court's orders and making misrepresentations to hide that fact – Defendants Swiatowy and Opperman have deprived Plaintiff of important evidence concerning the Defendants' conspiracy.  Accordingly, establishing as a fact

that they conspired to assault Plaintiff is an appropriate sanction for their failure to comply with the Court's ESI orders.[1]

*Second*, the Court should order Defendants to pay the reasonable expenses, including attorney's fees Plaintiff has incurred on this issue since the Court's January 29, 2021 Order pursuant to Fed. R. Civ. P. 37(b)(2)(C).  This is consistent with the Court's prior Order directing Defendants to "pay the reasonable expenses Plaintiff has incurred in litigating the issue of e-discovery" (Doc. 83 at 11).

*Third*, because Mr. Swiatowy's and Mr. Opperman's conduct constitutes civil contempt, the Court should "certify the facts" of this contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii).  *See Church*, 35 F. Supp. 2d at 217 ("on a motion for contempt, a magistrate judge functions only to 'certify the facts'") (citing *Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983); *Stein Indus., Inc. v. Jarco Indus., Inc.*, 33 F. Supp. 2d 163 (E.D.N.Y. Jan. 8, 1999)).  "To establish civil contempt under section 636(e)(1), a party must prove (1) the existence of a lawful order and (2) a violation of that order."  *Id.* at 219.  "Proof of willfulness is not an essential element of civil contempt."  *Id.* (citing *Manhattan Indus., Inc v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989)).

Here, there is no doubt of the existence of not just one, but two lawful orders.  On January 29, 2021, the Court ordered defendants to: "provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner" (Doc. 83 at 2); and directed that "all discovery items and materials collected thus far should be sent to the vendor for proper extraction into a machine-readable format" (Doc. 83 at 2).  On March 17, 2021, the Court directed Defendants to provide access to

---

[1] Plaintiff is not asking that this Court issue a sanction in lieu of making Defendants comply with this Court's prior Orders.  Plaintiff still needs the communications and other ESI that are available to prosecute the case against all Defendants.  This is not an instance where the sanction obviates the need for the already-ordered discovery.

"all" of their cell phones, and on March 18, 2021, the Court entered an order that: "Defendants are directed to comply with the Court's prior orders concerning discovery, forthwith, as discussed during the conference on March 17, 2021" (Doc. 86). Defendants' counsel surely communicated these orders to the defendants, and he has confirmed at various points that he communicated with the defendants about their need to provide access to their ESI sources.

Nor is there doubt that Defendants Swiatowy and Opperman have violated those orders. They have not complied with the Court's January 29, 2021 Order in two respects. One, Defendants Swiatowy and Opperman have not "provide[d] access to the devices and accounts that have not been properly collected"; and two, Defendants have failed to comply with the direction that "all discovery items and materials collected thus far should be sent to the vendor." The fact that Defendants Swiatowy and Opperman have failed to comply with the Court's January 29, 2021 Order more than two months after the Court's ordered Defendants to comply "forthwith" establishes a clear violation of the Court's March 18, 2021 Order. Thus, certification of these facts of contempt is appropriate.

Having certified these facts, the Court could then order Mr. Swiatowy and Mr. Opperman to show cause before the district judge why they should not be held in contempt "by reason of the facts so certified. The Court could also recommend an appropriate remedy to the district judge. *See Church*, 35 F. Supp. 2d at 217 ("upon certification a magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt" (citing *Peker v. Fader*, 965 F. Supp. 454, 460 (S.D.N.Y. 1997)). On the record before the Court, a recommendation to strike the answer of Defendants Swiatowy and Opperman would be well-within the appropriate range of sanctions. "'[A]ll litigants . . . have an obligation to comply with court orders. When they flout that obligation[,] they . . . must suffer the consequences of their actions.'" *Baba v. Japan*

10

*Travel Bureau Intern., Inc.* 111 F.3d 2, 5 (2d Cir. 1997) (quotation marks omitted)).  On the record before the Court, it would be well-justified to recommend to the district judge to strike the defendants' answer and hold them in default.  *See S. New England Tele. Co.*, 624 F.3d at 144 ("dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned").  "Open and unequivocal defiance of a court order is sufficient to support a finding of bad faith or willful misconduct." *Burns*, 164 F.R.D. at 599.

## CONCLUSION

For the foregoing reasons, as supported by the accompanying declaration and exhibits and the foregoing proceedings, Plaintiff asks the Court to issue an order: (1) directing that the fact that Defendant Swiatowy and Opperman conspired to assault Plaintiff be taken as established for purposes of the action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i); (2) directing Defendants to pay the reasonable expenses, including attorney's fees, Plaintiff has incurred on the issue of electronic discovery since January 29, 2021, pursuant to Fed. R. Civ. P. 37(b)(2)(C); and (3) certifying the facts of contempt of Mr. Swiatowy and Mr. Opperman pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), ordering them to show cause before the district judge why they should not be held in contempt by reason of the facts so certified, and recommending that the district judge strike their answer and hold them in default if the district judge finds them in contempt.

11

Dated: New York, New York
June 1, 2021

Respectfully submitted,

Joshua S. Moskovitz
THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

Rob Rickner
RICKNER PLLC

*Attorneys for Plaintiff*