**Rickner PLLC**

Rob Rickner | rob@ricknerpllc.com

October 28, 2021

**Via ECF & Email**

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

      Re:    *Wishart v. Welkley et al.*, Case No. 19-cv-6189 (DGL) (MJP)

Your Honor,

We represent Plaintiff George Wishart in this civil rights suit, and we write to reply to Defendants' October 21, 2021 letter (ECF No. 97) submitted in opposition to Plaintiff's counsel's September 17, 2021 letter (ECF No. 95) supplementing their bill of costs (ECF No. 84) and requesting the Court award out-of-district rates in Plaintiff's pending application for fees following the Court's <u>second</u> order sanctioning Defendants for their conduct in discovery. Defendants make three arguments, none of which has merit.

Defendants' ***first*** argument is easily dispatched. Defendants claim that Plaintiff's counsel "found out that this Court had awarded $475 to another attorney, and so, retrospectively, they determined that their services were worth significantly more than they had previously represented, and now want the Court to award that amount." Not so. Plaintiff's counsel have consistently affirmed that their usual hourly rate is $475 per hour, which "is consistent with the usual market rate for attorneys of similar skill and experience in the Southern District of New York" (*see* ECF No. 57 ¶¶ 16, 38 (first fee application); ECF No. 58 ¶ 3). Those affirmations were supported by rates Plaintiff's counsel has charged clients in other cases and by affirmations from other attorneys who practice in the Southern District of New York (*see* ECF No. 57 ¶¶ 32-36 & ECF No. 57-2; ECF No. 58 ¶¶ 16-17 & attached declarations). Defendants do not dispute that this rate is proper in the Southern District of New York where Plaintiff's counsel primarily litigate. The only question is whether this out-of-district rate should be applied here.

Defendants' ***second*** argument is that Plaintiff's counsel waived out-of-district rates by asking for $300 per hour (based on local rates) in their most recent application for fees, rather than asking for $475 per hour (based on out-of-district rates) as they did in the first application for fees. This argument also fails. Plaintiff's second fee application is still pending, and the Court has issued new authority since Plaintiff's counsel submitted their second fee petition. There is no rule barring Plaintiff's counsel from supplementing their fee petition to request an out-of-district rate based on this new authority, and the Court said it "will consider Plaintiff's letter memo (ECF No. 95)" and "order[ed] further briefing on this issue" (ECF No. 96). Courts regularly—and are

Rickner PLLC

completely within their discretion to—request supplemental briefing and consider new arguments on pending motions. *See In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 892 F.3d 108, 111 (2d Cir. 2018) (finding that an issue was ripe for decision only after supplemental briefing); *Danaher Corp. v. Travelers Indem. Co.*, 10-CV-0121, 2014 WL 4898754, at *7 (S.D.N.Y. Sept. 30, 2014) (requesting supplemental briefing as to out-of-district rates, where the parties had not briefed it initially). Contrary to Defendants' contention, there is nothing improper with Plaintiff's counsel supplementing their fee petition or the Court's request for additional argument on this issue.

And the ***third*** argument Defendants raise—that out-of-district rates shouldn't be awarded for this e-discovery dispute—ignores the Court's September 15, 2021 ruling in *Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2021 WL 4189707 (W.D.N.Y. Sept. 15, 2021). In *Casaccia*, as in this case, the Court awarded sanctions under Federal Rule of Civil Procedure 37 for the defendants' failure to comply with the Court's discovery orders. When considering whether to award out-of-district rates, the Court looked to the subject matter of the litigation, a civil rights case with complex *Monell* claims, as well as the difficulty of the litigation tasks underlying the sanctions order.

Plaintiff's counsel asks that the Court make the same inquiry here, based on this new authority from the Court. The question under *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), is not whether a hypothetical litigant could hire local counsel to perform generic discovery tasks, but whether local counsel could (or would) perform the difficult and specialized tasks required to locate e-discovery—and challenge the veracity of representations made by attorneys working for the Rochester Regional Office of the state Attorney General's Office—in a suit against prison guards for conspiring to deprive an incarcerated person of his civil rights. Defendants err in arguing that this was a mere discovery dispute. Rather, following the analysis applied in *Casaccia*, the Court should consider that this was a complicated e-discovery dispute that arose within an already-difficult civil rights case.

Defendants also fail to even address the ultimate question: Are there local attorneys Mr. Wishart could have hired to fight this ESI-heavy case? The answer is no, as demonstrated by the record Plaintiff's counsel made in their first fee application. While there are certainly many able firms in the Rochester area that litigate e-discovery in general, there are none to our knowledge that has taken on this task in a prisoner civil rights case. As explained in Plaintiff's counsel's first fee application, a PACER search for all civil rights cases filed in the Western District in a range starting three months before this case was commenced and ending three months afterwards revealed that the vast majority of such cases were filed *pro se*, and of the five that had counsel, none was taken by local attorneys alone, without out-of-district help (*see* ECF No. 58 ¶¶ 21-22). Supporting the conclusion that few if any local attorneys take cases involving prison conditions was a declaration from Elliot Shields, which counsels in favor of applying out-of-district rates for Plaintiff's counsel's work in this case (*see* ECF No. 58, Ex. D).

Notably, Defendants' counsel offers not a single example of a prisoner case involving complex e-discovery that was litigated by local counsel. As Defendants' counsel works for the law office that defends nearly all such cases in this District, surely they would have referenced even one such case if any existed.

Rickner PLLC

*Finally*, this Court should consider the fact that an important purpose of a fee award here is to deter future misconduct. *See Casaccia*, 2021 2021 WL 4189707, at *6 ("Sanctions under Rule 37 perform a threefold purpose. Relevant here is the purpose to specifically deter and secure compliance, as well as the purpose of general deterrence."). The Court has already found that defense counsel made serious misrepresentations about Defendants' discovery efforts (*see* ECF No. 83, pp. 7-8) ("Early on in this case, the Court discussed the need for extraction of the data in a way it could be searched, and defense counsel assured court and counsel that DOCCS's in-house employees could do so. After several months, we now learn that is not true."). And Defendants' non-compliance with the Court's discovery orders has repeated throughout the case (*see* ECF Nos. 25, 32, 49, 83, 88, 89). Deterrence of future misconduct requires a heavy sanction.

It must also be emphasized precisely how much time it took Plaintiff's counsel to uncover the misconduct here. The instant fee application is based on untangling a complex e-discovery dispute, made all the more difficult by Defendants' counsel's misrepresentations about their e-discovery efforts (*see* ECF No. 83, pp. 7-8). This work required <u>more than 200 hours</u> of attorney time, detailed in contemporaneous time records (*see* ECF Nos. 84-1, 84-2). Defendants did not object to a single minute of this work, effectively conceding that this work and the time it took were necessary and reasonable. These efforts were critical for this case. As the Court has noted, "discovering relevant evidence in this case . . . will heavily depend on ESI" (ECF No. 83 at p. 8).

In sum, it is appropriate for the Court to follow its decision in *Casaccia* here, and award Plaintiff's counsel on their second fee petition (ECF No. 84) a rate of $475 per hour consistent with their usual hourly rates (*see* ECF No. 57 ¶ 16; ECF No. 58 ¶ 3).

Respectfully,

/s/

Rob Rickner
RICKNER PLLC

Joshua S. Moskovitz
THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.