

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
ROCHESTER REGIONAL OFFICE

March 8, 2022

**Via CM/ECF**

Hon. Mark W. Pedersen
Magistrate Judge, WDNY
100 State St.
Rochester, NY 14614

        Re:     **George Wishart v. Welkley, et al., 19-CV-6189**

Dear Judge Pedersen:

      I am writing to update the Court on electronic discovery in this matter and to renew a request for a limitation on the documents to be searched.

      Last week, Plaintiff's counsel provided the drive and password for the electronic documents that had been captured from Defendants' phones and social media.  After eliminating duplications, there were just under ten thousand unique documents captured. I have done a sampling of five hundred documents and three things became evident.  First, the vast majority of documents do not relate to the incident at bar in any respect (i.e., the interactions preceding the alleged assault, the alleged assault itself, or the investigation following the alleged assault.) Only one document of the 500 I reviewed was so related. Second, the vast majority of the documents are from long after the end of the incident and the close of the investigation into the incident. Third, based on the amount of time it took to review the sample documents, I believe reviewing and designating all of the would take in excess of fifty hours.

      Accordingly, Defendants renew their request for a limitation on documents to be reviewed to those documents created between February 1, 2016 (six weeks prior to the March 14, 2016 incident), and June 2, 2016, the last date of involvement of any of the Defendants with the investigation into the incident. When I previously raised this objection prior to collection of the data, asking that collection be limited to these dates, the Court ordered all data from all dates to be collected, but stated the issue could be revisited after the data was collected.

      The reasoning behind this limitation is evident. Plaintiff is alleging a conspiracy between the Defendants to assault him. Even generally expanding that to assume an allegation of a conspiracy involving the investigation following the incident alleged, there can be no relevance

to documents past June 2, 2016, the date of the last interview between any Defendant and the Office of Special Investigations. Additionally, asking undersigned counsel to review nearly ten thousand documents (to be precise, 9,969 documents) is overly burdensome, particularly when there is no reason to believe searching documents after June 2, 2016 will result in any responsive documents.

Courts have repeatedly held that under such circumstances, sampling is an appropriate way to determine if a given search is overly burdensome. <u>Vaigasi v. Solow Mgmt. Corp.</u>, 2016 U.S. Dist. LEXIS 18460, at *48 (S.D.N.Y. Feb. 16, 2016)("Because plaintiff had raised a colorable issue with respect to ESI at the December 5, 2014, I determined that it was appropriate to conduct a sample search of defendants' ESI to assess the likelihood that the ESI would contain probative documents.") <u>citing</u> <u>S.E.C. v. Collins & Aikman Corp.</u>, 256 F.R.D. 403, 418 (S.D.N.Y. 2009) (Scheindlin, D.J.) ("The concept of sampling to test both the cost and the yield is now part of the mainstream approach to electronic discovery."); <u>Pippins v. KPMG LLP</u>, 11 Civ. 377 (CM)(JLC), 2011 U.S. Dist. LEXIS 116427 at *9 (S.D.N.Y. Oct. 7, 2011) (Cott, M.J.) (encouraging sampling to defray unnecessary costs).

I believe the sampling I have done is sufficient to show that reviewing 9,969 documents would be overly burdensome and would not produce responsive or relevant documents. Accordingly, the date limitation is appropriate. However, if the Court wishes a different sampling be performed, I will of course be happy to comply.

Very truly yours,

*s/ Hillel Deutsch*
HILLEL DEUTSCH
Assistant Attorney General