UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE WISHART

                 Plaintiff,

v.

PETER WELKLEY ET AL.,

                 Defendants.

DECISION & ORDER

19-CV-6189-DGL-MJP

---

**Pedersen, M.J.** Plaintiff George Wishart ("Wishart") claims that Correction Officer Peter Welkley sexually harassed Wishart's girlfriend when she came to visit Wishart at prison. When Wishart complained to staff at the prison, he alleges he was subject to retaliation. The harassment allegedly involved text messaging to Wishart's girlfriend, and that issue brings us to the pending motion for financial and non-financial sanctions.

On October 22, 2020, Wishart's counsel filed an application for and proposed order granting him sanctions against Defendants because of their continued noncompliance with the Court's discovery orders. (Pl.'s Mot. for Sanctions, ECF No. 88.) Wishart requests an order:

> (1) directing that the fact that Defendant Swiatowy and Opperman conspired to assault Plaintiff be taken as established for purposes of the action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i); (2) directing Defendants to pay the reasonable expenses, including attorney's fees, Plaintiff has incurred on the issue of electronic discovery since January 29, 2021, pursuant to Fed. R. Civ. P. 37(b)(2)(C); and (3) certifying the facts of contempt of Mr. Swiatowy and Mr. Opperman pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), ordering them to show cause before the district judge why they should not be held in contempt by reason of the facts so certified, and recommending that the district judge strike their answer and hold them in default if the district judge finds them in contempt.

(Pl.'s Mem. 14, ECF No. 90.) Defendants filed a memorandum and amended memorandum in opposition to the motion (ECF Nos. 93, 94). The parties then filed a series of letters to the Court, showing that discovery was completed as well as discussing the question of what a reasonable fee should be (ECF Nos. 95, 97, 98). The Court has considered all the filings and, for the reasons stated below, grants Wishart's application in part. In particular, the Court directs Defendants to pay the reasonable expenses and attorney's fees Wishart has incurred on the issue of electronic discovery since January 29, 2021, pursuant to Fed. R. Civ. P. 37(b)(2)(C) but denies the remainder of his prayer for relief.

*Motion for Sanctions*

Discovery, particularly of electronically stored information ("ESI"), has been a repeated issue in this case. On January 29, 2021, the Court entered a lengthy decision and order addressing discovery disputes, writing in the Conclusion:

> The Court grants Plaintiff's motion for sanctions and to compel production of documents. (ECF No. 64.) Counsel for Defendants and Plaintiff are directed to meet and confer within 10 days of the docketing of this Decision and Order to choose an ESI vendor or vendors. Defendants will pay the cost to: (1) transmit all of the ESI data Defendants have collected, in native format, to the chosen ESI vendor; (2) pay for and provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner; (3) pay the full cost of the work that 4Discovery[1] has already performed in conferring with Defendants' expert and identifying the problems with Defendants' ESI collection; and (4) pay the reasonable expenses Plaintiff has incurred in litigating the issue of e-discovery. The Court denies Plaintiff's motion to compel

---

[1] 4Discovery, the ESI vendor in this case, is "an elite B2B digital forensics firm that provides organizations and attorneys with digital forensic, information security, and electronic discovery services." 4Discovery, https://4discovery.com/about-us/ (last visited Mar. 11, 2022).

> (ECF No. 52) as moot. The Court grants Defense counsel's motion to substitute the corrected declaration from Tony Angiulo (ECF No. 81). The Court denies Defendants' motion to strike, or in the alternative, for leave to file a sur-reply (ECF No. 78).

(Decision and Order 10–11, Jan. 29, 2021, ECF No. 83.) Following an on-the-record conference on March 17, 2021, the Court ordered Defendants to comply "forthwith" with its January 2021 Order because Defendants had not yet then complied. (Minute Entry, Mar. 17, 2021, ECF No. 86.) More than two months after the Court's "forthwith" Order, two defendants had still not completed their discovery obligations. (Pl.'s Mem. 9, ECF No. 90.) Defense counsel contends that 4Discovery canceled the appointment to collect the information. It appears that a new date for collection was set for June 10, 2021. (*Id.* at 3.) Regarding collection of data from defendant Swiatowy's phone, Wishart counters:

> More than two months after the Court's "forthwith" Order, Defendant Swiatowy has not scheduled a collection time with the ESI vendor and Defendant Opperman has not rescheduled his appointment after he failed to make his first appointment weeks ago. Defendants' counsel has been aware of his clients' noncompliance–both from his access to a live Google sheet that showed which defendants had not scheduled or cancelled appointments with the ESI vendor, and from emails Plaintiff's counsel sent about the failure to Defendant Swiatowy to schedule a collection time–and Defendants' counsel has confirmed at various points that he had communicated with his clients about their need to comply with the Court's orders.

(Pl.'s Mem. of Law 9.) Wishart makes further allegations concerning defendant Swiatowy's phone:

> In addition, a month after the Court's "forthwith" Order, defense counsel's office–which still had a cell phone from Defendant Swiatowy that defense counsel's staff discovered had been wiped of data by resetting it to the factory settings before it was provided to counsel's office–rather than sending the phone to the ESI vendor who could

3

> determine when the phone was wiped, defense counsel's office sent the phone back to Mr. Swiatowy. This is directly contrary to the Court's January 2021 Order that, "to ensure a complete compilation of ESI, all discovery items and materials collected thus far should be sent to the vendor for proper extraction" (Doc. 83 at 2).

(*Id.*)

In his responsive declaration, Defendants' counsel asserts that defendant Swiatowy did try to comply with collection efforts, but that the USB port on his phone was not working and needed repair. (Deutsch Decl. ¶ 6, Jun. 14, 2021, ECF No. 91.) Defense counsel also asserts that it was the discovery vendor who canceled the appointment to collect data from defendant Swiatowy's current phone, not Defendant. (*Id.* ¶ 9.) Finally, defense counsel states that seven custodians have completed ESI collection, and as of the date of his declaration, two were scheduled to do so. (*Id.* ¶ 11.)

> Wishart responded:
>
> Defendants do not deny, because they cannot, that between March 18, 2021, when the Court directed Defendants "to comply with the Court's prior orders concerning discovery, *forthwith*" (Dkt. 86) (emphasis added), and June 1, 2021, when Plaintiff filed this motion, Defendants Opperman and Swiatowy did not provide the ESI vendor access to their electronic devices and digital accounts as directed by the Court on January 29, 2021 (Dkt. 83). Thus, it is undisputed that after the Court ordered Defendants to comply "forthwith" with the prior discovery orders, Defendants Opperman and Swiatowy delayed for another 10 weeks without complying. Defendants' explanation for this delay strains credulity.

(Moskovitz Decl. ¶ 3, Jun. 15, 2021, ECF No. 92.) Wishart related further details concerning the scheduling issue, which involved having the ESI vendor send a collection kit to a defendant's address:

4

12. After receiving Mr. Swiatowy's requested appointment time, the ESI vendor emailed Mr. Swiatowy promptly, on May 21, repeating this information:

> Thanks for reaching out- as a reminder from the email sent to you by counsel, your remote collection of your devices requires the following:
>
> 1. A remote collection kit to be sent to your address
>
> 2. A time scheduled in advance (so we can send you the kit for the collection time)
>
> You scheduled an appointment with 4 hours advanced notice. I'd be happy to help you arrange a time directly over this email chain with the counsels cc'd if that is easier.
>
> Thank you,
>
> Emily

Ex. 16.

13. Mr. Swiatowy never responded to this email, even after Plaintiff filed this motion for sanctions.

(Moscowitz Decl. ¶¶ 12–13.) Particularly poignant is counsel's quote from an email by defendant Opperman to the discovery vendor:

> 8. Mr. Opperman's response to the ESI vendor's June 10 email, which Defendants did not attach to their opposition, reveals Mr. Opperman's contempt for this Court's Orders, and indeed, this whole case:
>
> Pardon? YOU'D like to remind ME? I gave you all my information on MAY 14 and haven't heard from you since. I've already spoken to Mr. Deutsch re: this exact thing. I[']ll say again for all parties involved....I am available **daily after 2pm est to do something that has already been done twice.** You have, and **HAVE HAD**, all of my contact information for at least a month. I will also say (as Mr Deutsch already knows []) that I will not go out of my way to contact you. This has gone on way too long and at no fault of mine. We all know this kid is gonna get paid anyway so stop dragging YOUR feet. And, please, save any

5

> nonsense about the courts being backed up or how hard it is for you to work from home due to covid.
>
> Ex. 20 (June 10, 2021 email from Defendant Opperman).

(*Id.* ¶ 8 (emoticon omitted).)

### *Out of District Attorney's Fees*

Sanctions under Rule 37 perform a threefold purpose. Relevant here is the purpose to specifically deter and secure compliance, as well as the purpose of general deterrence. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643 (1976) ("Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'").

Federal Rule of Civil Procedure 37 permits the Court to award attorney's fees as a sanction. In opposing the award of the fee Wishart's attorney seeks, Defendants' counsel argues that his out-of-district hourly rate exceeds what is reasonable in this District. Defendant argues that the Court should employ the forum rule.

In its decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), the Court of Appeals panel recommend the following considerations when awarding reasonable attorney fees:

> We think the better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to

6

>pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Id.* at 190. "The Second Circuit Court of Appeals has not opined as to how to calculate attorney's fees awarded as a sanction pursuant to Rule 37 . . . ." *Ceglia v. Zuckerberg*, No. 10-CV-00569A F, 2012 WL 503810, at *4 (W.D.N.Y. Feb. 14, 2012). It has discussed, in the context of a fee-shifting statute, an issue relevant here: using an out-of-district hourly rate. In that regard, the panel wrote:

>We now clarify that a district court may use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted—albeit only in the unusual case—if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.

*Id.* at 191. Defendants state three reasons why out of district fees should not be awarded. Defendants claim that Plaintiff's counsel "found out that this Court had awarded $475 to another attorney, and so, retrospectively, they determined that their services were worth significantly more than they had previously represented, and now want the Court to award that amount."

7

Plaintiff's counsel affirmed that their usual hourly rate is $475, which according to Plaintiff's counsel, "is consistent with the usual market rate for attorneys of similar skill and experience in the Southern District of New York" (Moskovitz Decl. ¶¶ 16, 38, ECF No. 57; Rickner Decl. ¶ 3, ECF No. 58). Those affirmations were supported by rates Plaintiff's counsel has charged clients in other cases and by affirmations from other attorneys who practice in the Southern District of New York (Moskovitz Decl. ¶¶32–36; Moore Decl. ¶ 4, ECF No. 57-2; Rickner Decl. ¶¶ 16–17). Defendants do not dispute that a $475 hourly rate is usual in the Southern District of New York where Plaintiff's counsel primarily litigate.

Defendants argue that Plaintiff's counsel waived out-of-district rates by asking for $300 per hour (based on local rates) in their recent application for fees, rather than asking for $475 per hour (based on out-of-district rates) as they did in the first application for fees. The Court said it would "consider Plaintiff's letter memo (ECF No. 95)" and "order[ed] further briefing on this issue" (ECF No. 96). Other courts regularly—and are completely within their discretion to—request supplemental briefing and consider new arguments on pending motions. *See In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 892 F.3d 108, 111 (2d Cir. 2018) (finding that an issue was ripe for decision only after supplemental briefing); *Danaher Corp. v. Travelers Indem. Co.*, 10-CV-0121, 2014 WL 4898754, at *7 (S.D.N.Y. Sept. 30, 2014) (requesting supplemental briefing as to out-of-district rates, where the parties had not briefed it initially). Contrary to Defendants' contention, there is nothing improper

8

with Plaintiff's counsel supplementing their fee petition or the Court's request for additional briefing on this issue.

In *Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2021 WL 4189707 (W.D.N.Y. Sept. 15, 2021), as in this case, the Court awarded sanctions under Federal Rule of Civil Procedure 37 because of the defendants' failure to comply with the Court's discovery orders. In that case, when considering whether to award out-of-district rates, the Court looked to the subject matter of the litigation, a civil rights case with complex *Monell* claims, as well as the difficulty of the litigation tasks underlying the sanctions order. Defendants argue that this was a mere discovery dispute and, following the analysis applied in *Casaccia*, the Court should consider if this was a complicated e-discovery dispute that arose within an already-difficult civil rights case. The tortured history of Wishart's attempts to obtain ESI from the individual defendants' cell phones belies Defendants' argument that this was a simple e-discovery case. Had proper procedures for preservation of the ESI been agreed-upon by Defendants in the first place, it might have been simple. But it was not.

Additionally, it is unclear if there are local attorneys Plaintiff could have hired to fight this ESI-heavy case. There are certainly many able firms in the Rochester area that litigate e-discovery in general; however, it does not appear they deal in cases such as this. In Plaintiff's counsel's first fee application, a PACER search for all civil rights cases filed in the Western District in a range starting three months before this case was commenced and ending three months afterwards revealed that most of

such cases were filed *pro se*, and of the five that had counsel, none was taken by local attorneys alone, without out-of-district help (Rickner Decl. ¶¶ 21–22). Defendants' counsel does not provide an example of a prisoner case involving complex e-discovery that was litigated by local counsel. Consequently, in this sanctions case, the Court finds it appropriate to award an attorney's fee based on the out-of-district rate.

The Court has reviewed Plaintiff's bill of costs and found the following items to be excessive: (11/25/19 review ECF entry for conference) (12/13/19 Prepared and printed out documents for attorney for status conference) (12/17/19 prep for conference) (2/25/20 further edits to motion to compel) (2/25/20 revise and finalize motion to compel) (4/22/20 compare def' interrogatory responses and defense counsel's email) (5/6/20 draft deficiency ltr re: ESI[2]) (10/7/20 corr. w/vendors re: ESI) (4/27/20 Compare all phone responses and email to HD). After review, the Court finds the appropriate award to be $66,855.48.

The Court is especially concerned with the lack of cooperation in the discovery process by Swiatowy and Opperman. It will address the contempt issue in a separate order.

## CONCLUSION

The Court grants Plaintiff's motion for sanctions for Defendants' continued noncompliance with Court Discovery Orders, at the out of district rate of $475 an hour, for a total of $66,855.48. (Pl.'s Mot. for Sanctions, ECF No. 88.) The Court denies, without prejudice, the remainder of relief sought, but will address the

---

[2] The Court has halved this entry from $600 to $300.

contempt issue in a separate report and recommendation pursuant to 28 U.S.C. § 636(e)(6)(B)(iii).

**SO ORDERED**.

DATED:   March 11, 2022
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge