UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE WISHART

                              Plaintiff,           CERTIFICATION FOR CONTEMPT

v.

                                                         19-CV-6189-DGL-MJP

PETER WELKLEY ET AL.,

                              Defendants.
_____

**Pedersen, M.J.** Plaintiff George Wishart ("Wishart") claims that Correction Officer Peter Welkley sexually harassed Wishart's girlfriend when she came to visit Wishart at prison. When Wishart complained to staff at the prison, he alleges he was subject to retaliation. The harassment allegedly involved text messaging to Wishart's girlfriend, and that issue brings us to the pending motion for financial and non-financial sanctions.

On October 22, 2020, Wishart's counsel filed an application for and proposed order granting him sanctions against Defendants because of their continued noncompliance with the Court's discovery orders. (Pl.'s Mot. for Sanctions, ECF No. 88.) Wishart wants an order:

> (1) directing that the fact that Defendant Swiatowy and Opperman conspired to assault Plaintiff be taken as established for purposes of the action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i); (2) directing Defendants to pay the reasonable expenses, including attorney's fees, Plaintiff has incurred on the issue of electronic discovery since January 29, 2021, pursuant to Fed. R. Civ. P. 37(b)(2)(C); and (3) certifying the facts of contempt of Mr. Swiatowy and Mr. Opperman pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), ordering them to show cause before the district judge why they should not be held in contempt by reason of the facts so certified, and recommending that the district judge strike their answer and hold them in default if the district judge finds them in contempt.

(Pl.'s Mem. 14, ECF No. 90.) Defendants filed a memorandum and amended memorandum in opposition to the motion (ECF Nos. 93, 94).

In a separate decision and order, the undersigned awarded a sanction in the form of costs and attorney fees incurred by Plaintiff because of Defendants' failure to comply with the Court's orders. In this report and recommendation, the undersigned addresses Plaintiff's request to certify facts to the District Judge regarding the contempt displayed by defendants Swiatowy and Opperman.

## STANDARD OF LAW

A magistrate judge has the authority to certify to the district court facts that constitute contempt in a civil case. 28 U.S.C. § 636(e)(6)(B)(iii). In that event,

> district judge [] may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

## FACTS CERTIFIED TO THE DISTRICT COURT

A.   On January 29, 2021, the Court entered a lengthy decision and order addressing discovery disputes, writing in the Conclusion:

> The Court grants Plaintiff's motion for sanctions and to compel production of documents. (ECF No. 64.) Counsel for Defendants and Plaintiff are directed to meet and confer within 10 days of the docketing of this Decision and Order to choose an ESI vendor or vendors. Defendants will pay the cost to: (1) transmit all of the ESI data Defendants have collected, in native format, to the chosen ESI vendor; (2) pay for and provide access to the devices and accounts that have not been properly collected so that the chosen ESI vendor can complete ESI collection in a forensically sound manner; (3) pay the full cost of the work that 4Discovery[1] has already performed in conferring with Defendants' expert and identifying the problems with Defendants' ESI collection; and (4) pay the reasonable expenses Plaintiff has incurred in litigating the issue of e-discovery.

---

[1] 4Discovery, the ESI vendor in this case, is "an elite B2B digital forensics firm that provides organizations and attorneys with digital forensic, information security, and electronic discovery services." 4Discovery, https://4discovery.com/about-us/ (last visited Mar. 11, 2022).

> The Court denies Plaintiff's motion to compel (ECF No. 52) as moot. The Court grants Defense counsel's motion to substitute the corrected declaration from Tony Angiulo (ECF No. 81). The Court denies Defendants' motion to strike, or in the alternative, for leave to file a sur-reply (ECF No. 78).

(Decision and Order 10–11, Jan. 29, 2021, ECF No. 83.)

    B.    Following an on-the-record conference on March 17, 2021, the Court ordered Defendants to comply "forthwith" with its January 2021 Order because Defendants had not yet then complied. (Minute Entry, Mar. 17, 2021, ECF No. 86.)

    C.    Plaintiff's counsel, Joshua S. Moskovitz, Esq., declares under penalty of perjury:

> 15. On May 12, 2021, Plaintiff's counsel deposed Tony Angiulo, who had performed the incomplete collection of Defendants' ESI before the Court ordered Defendants to hire a vendor. Mr. Angiulo testified that the iPhone 7 he received from Mr. Swiat[ow]y had been reset – meaning the data had been wiped and the phone was returned to its factory settings. *See* Exhibit 11 at pp. 78-81 (Angiulo Dep. Tr.). Mr. Angiulo also testified that instead of sending the phone to the ESI vendor as ordered by the Court in January 2021, he returned the phone to Mr. Swiatowy on April 27, 2021. *Id.* at pp. 81, 100.

    D.    Defendants' counsel asserts that defendant Swiatowy did try to comply with collection efforts, but that the USB port on his phone was not working and needed repair. (Deutsch Decl. ¶ 6, Jun. 14, 2021, ECF No. 91.)

    E.    In response to defense counsel's assertion, Mr. Moskovitz states:

> Defendants do not deny, because they cannot, that between March 18, 2021, when the Court directed Defendants "to comply with the Court's prior orders concerning discovery, *forthwith*" (Dkt. 86) (emphasis added), and June 1, 2021, when Plaintiff filed this motion, Defendants Opperman and Swiatowy did not provide the ESI vendor access to their electronic devices and digital accounts as directed by the Court on January 29, 2021 (Dkt. 83). Thus, it is undisputed that after the Court ordered Defendants to comply "forthwith" with the prior discovery orders, Defendants Opperman and Swiatowy delayed for another 10 weeks without complying. Defendants' explanation for this delay strains credulity.

(Moskovitz Decl. ¶ 3, Jun. 15, 2021, ECF No. 92.)

F.      Plaintiff's counsel's declaration provided further details:

12. After receiving Mr. Swiatowy's requested appointment time, the ESI vendor emailed Mr. Swiatowy promptly, on May 21, repeating this information:

> Thanks for reaching out- as a reminder from the email sent to you by counsel, your remote collection of your devices requires the following:
>
> 1. A remote collection kit to be sent to your address
>
> 2. A time scheduled in advance (so we can send you the kit for the collection time)
>
> You scheduled an appointment with 4 hours advanced notice. I'd be happy to help you arrange a time directly over this email chain with the counsels cc'd if that is easier.
>
> Thank you,
>
> Emily

Ex. 16.

13. Mr. Swiatowy never responded to this email, even after Plaintiff filed this motion for sanctions.

(Moscowitz Decl. ¶¶ 12–13.)

G.      Defendant Opperman responded to the ESI vendor in an email:

8. Mr. Opperman's response to the ESI vendor's June 10 email, which Defendants did not attach to their opposition, reveals Mr. Opperman's contempt for this Court's Orders, and indeed, this whole case:

> Pardon? YOU'D like to remind ME? I gave you all my information on MAY 14 and haven't heard from you since. I've already spoken to Mr. Deutsch re: this exact thing. I[']ll say again for all parties involved....I am available **daily after 2pm est to do something that has already been done twice.** You have, and **HAVE HAD**, all of my contact information for at least a month. I will also say (as Mr Deutsch already knows []) that I will not go out of my way to contact you. This has gone on way too long and at no fault of mine. We all know this kid is gonna get paid anyway so stop dragging YOUR feet. And, please, save any nonsense about the courts being backed up or how hard it is for you to work from home due to covid.

Ex. 20 (June 10, 2021 email from Defendant Opperman).

4


5

(*Id.* ¶ 8 (emoticon omitted).)

      H.      Opperman did not reschedule a collection date call. (Moskowitz Decl. ¶ 20.)

      I.      Further details are contained in the declaration of Joshua S. Moskovitz, June 1, 2021, ECF No. 89, which are substantially unchallenged by the declaration of Hillel Deutsch, Assistant N.Y. Attorney General, June 14, 2021, ECF No. 91.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the above facts to the District Court and recommends that the District Court order Defendants Swiatowy and Opperman to show cause why they should not be adjudged in contempt by reason of the facts so certified.

DATED:    March 11, 2022
                Rochester, New York

                                                  _____
                                                    MARK W. PEDERSEN
                                                    United States Magistrate Judge