# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

March 15, 2022

**Via ECF & Email**

Hon. Mark W. Pedersen
United States Magistrate Judge
Western District of New York
100 State Street
Rochester, New York 14614
pedersen@nywd.uscourts.gov

      Re:    *Wishart v. Welkley et al.*, Case No. 19-cv-6189 (DGL) (MJP)

Your Honor,

We represent Plaintiff George Wishart in this civil rights suit and we write to respond to Defendants' letter motion (ECF No. 99) seeking to limit the scope of review of the electronically stored information ("ESI") collected from the email addresses, social media, and cell phones of the named Defendants be limited to a four-month window. The entire collection of ESI should be reviewed, as the information available demonstrates that it is highly likely that there is relevant information from outside this short time-period, and the burden on Defendants is limited.

### I. Search Term Hits on Email Accounts Alone Demonstrate That Limiting The Review Would Ignore Relevant Documents.

We sent Defendants a list of search terms on August 13, 2020, attached as Exhibit A, and we did not receive any response or objections. Applying these search terms on the entire collection of emails uncovered 6,496 unique emails, many of which are almost certainly relevant. See Exhibit B. (The cell phones and social media accounts were searched separately, using a different vendor, so the same collection of search term hits is not available for those sources.)

For example, Plaintiff's name, Wishart, appears 368 times in the overall searches. One of the harassing emails to Plaintiff's then fiancé included the specific phrase, "Where you been girl", and that exact phrase appears 1,400 times in the overall searches. Search terms involving violence, like "use of force", "assault", "kick" and "punch" hit collectively 2,131 times. Search terms relating to disciplinary actions or punishment, like "discipline", "fired", "grievance", "interrogation", "harassment", "hearing", "misbehavior", "OSI", "SHU", and "violat*" hit collectively 1,493. And terms relating to Plaintiff's fiancé herself, whose name has been redacted on the open docket in this case, hit collectively 184 times.

In addition, these emails prove that the Defendants were friends, outside of work, who communicated with each other regularly. In the depositions that have been completed, which do not yet include Opperman or Swiatowy, Defendants denied communicating regularly with each

Rickner PLLC

other. The emails, however, prove this is not accurate. The ESI vendor searched each Defendant's email accounts for emails to and from each of the other Defendants (so, for example, if Opperman emailed Soria, Swiatowy, or both together, a hit would appear). This revealed that Opperman exchanged emails with the other Defendants, in some combination, 638 times. Swiatowy exchanged emails with the other Defendants, in some combination, 353 times. Welkley exchanged emails with the other Defendants, in some combination, 654 times. And Lieutenant Roy Bright, the ranking officer at the center of the incident, exchanged emails with the other Defendants, in some combination, *4,029* times—meaning that most of the emails sent by or received by the other Defendants somehow involve Bright.

In sum, these search terms were narrowly tailored and reduced from hundreds of thousands of files (even counting them specifically from all the sources would be difficult) down to less than 10,000 for review. By any measure, this was a success and limiting the review further would unnecessarily remove many responsive documents.

## II.     Defendants Have Improperly Narrowed What Counts as a Responsive Document.

In their letter, they claim that only 1 in 500 documents (0.2%) relate to the assault itself. Defendants do not explain how they performed this sample, and it is almost certainly inaccurate. 1 in 17 of the emails (5.6%) includes the term "Wishart"—the Plaintiff's name. Any statistically valid search would have uncovered far more responsive documents.

A more likely explanation is that defense counsel is unreasonably narrowing the definition of what is responsive. Any reference to Plaintiff, or his then fiancé, who was harassed by Welkley, is relevant enough to warrant production. This should be well over 1,000 emails, including their names along with the references to the harassing language itself, "Where you been girl".

Similarly, Plaintiffs specifically requested any communications between the Defendants, as their friendship is circumstantial evidence of a conspiracy. Friends are more likely to conspire, than strangers. After their depositions, this is also important impeachment evidence, given that they denied regularly talking communicating with each other outside of work, while the ESI shows thousands of communications.

In addition, ESI relating to physical assaults, discipline, and harassment generally are relevant because it shows a pattern of similar conduct, which is supported by the disciplinary records that have also been produced. This too is circumstantial evidence or a conspiracy, particularly when two Defendants are discussing punches, kicks, and other sues of force, and it is importance impeachment evidence.

Defendants must produce all relevant ESI, not just a narrow selection limited to explicit reverences to the assault itself.

Rickner PLLC

### III. There is no Undue Burden.

Finally, spending 50 hours reviewing this ESI, in this complicated civil rights conspiracy case, is not unduly burdensome. *First*, it should be noted, Plaintiff's counsel spent over 200 hours collecting, and fighting over collection, of this material. Defense counsel admits reviewing it will only take a fraction of that time. *Second*, if Defendants thought the search terms were too broad, the time to object was August of 2020 when Plaintiffs sent them, not a year and a half later, after the searches were finished. And *third*, Defendants do not have to review all the ESI. They can do a targeted search for privileged material, record the ESI that is being withheld on a privilege log, and produce the rest. Given the search terms—which include topics like use of force, emails between the officers, and references to discipline—it is unlikely that any of the ESI contains overly personal information, and Plaintiffs will agree to keep any such ESI confidential.

In sum, the motion to limit the ESI review should be denied.

Respectfully,

/s/

Rob Rickner
RICKNER PLLC

Joshua S. Moskovitz
THE LAW OFFICE OF JOSHUA MOSKOVITZ