UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE WISHART,

        *Plaintiff*,　　　　**REPLY DECLARATION**

-against-　　　　**19-CV-6189**

**PETER WELKLEY, et al.**,

        *Defendants*.

**HILLEL DEUTSCH**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am an Assistant Attorney General, of counsel to Letitia James, Attorney General of the State of New York and, in that capacity, represent Served Defendants in the above captioned proceeding.

2. I make this declaration in Reply to Plaintiff's Opposition to Defendant's Response to the Court's Order to Show Cause pertaining to Magistrate Pedersen's Discovery Order of January 29, 2021.

3. Following Plaintiff's Opposition, it is evident that the vast majority of facts asserted in Defendants' initial Response are uncontroverted.

4. The most significant of these undisputed facts are as follows:

    a. the initial set of instructions for data collection from vendor 4Discovery was sent out to counsel the afternoon of Friday, April 16th and circulated to Defendants on Monday, April 19th.

    b. By May 21st, all Defendants, including Mr. Swiatowy and Mr. Opperman, had contacted 4Discovery and attempted to set up data collection.

    c. By mid-June all Defendants' data was collected.

    d.   There has been no outstanding e-discovery in this case for well over a year.

5. In sum, we are dealing with, at most, a delay of several weeks in responding to the Magistrate's Order, and there have no outstanding issues for nearly fifteen months.

6. Because the issue before the Court involves a delay of several weeks in a case that has been pending for several years, Plaintiff's papers focus on virtually everything but the actual question before the Court.

7. Plaintiff repeatedly refers to data collection issues that occurred prior to the issuance of the January 29th Order, knowing full well that, aside from being beyond the scope of the matter before the Court, prior discovery problems were due to inexperience and errors on the part of the data collectors, not the Defendants. That is why prior discovery problems were resolved by the Magistrate ordering 4Discovery to take over data collection.

8. Plaintiff further suggests that Mr. Opperman's testimony about his mental health should not be credited because he did not provide the Court with documentation of a psychological diagnosis or the details of his treatment. Obviously, such records are deeply private and obtaining and filing them is an extremely intrusive matter. Nevertheless, if this is an issue of fact that the Court feels is dispositive, such records will be provided *in camera* upon request.

9. Next, Plaintiff suggests that Defendants were not truthful when they said they had provided their data collection information numerous times before. Plaintiff is incorrect. It is not disputed that both Mr. Opperman and Mr. Swiatowy had provided their data for collection three times before 4Discovery was even hired as a vendor in this case, and both provided their information to 4Discovery as well.

10. Plaintiff points out that the email Mr. Opperman sent to 4Discovery was highly inappropriate. This is not disputed. Mr. Opperman has explained the basis for his

frustration, admitted that this did not excuse the behavior, and has apologized for the email.

11. Regarding Mr. Swiatowy, he needed a single reminder about data collection, and after that one reminder he immediately set up an appointment for data collection. When that appointment did not work and it was explained to him why, he immediately set up a second appointment which was successful.

12. Essentially, Plaintiff is seeking a wildly unjust remedy – a *de facto* guilty finding against all Defendants for conspiracy and assault without a trial or determination on the merits – for a short delay on the part of two Defendants in providing the data which was successfully collected in its entirety well over a year ago.

13. Defendants ask the Court to deny Plaintiff's request and allow the matter to be decided on the merits.

Dated:  August 23, 2022
       Rochester, New York

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    Attorney for Served Defendants

                                    s/Hillel Deutsch
                                    HILLEL DEUTSCH
                                    Assistant Attorney General of Counsel
                                    NYS Office of the Attorney General
                                    144 Exchange Boulevard, Suite 200
                                    Rochester, New York 14614
                                    Telephone: (585) 546-7430
                                    hillel.deutsch@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on August 23, 2022, I electronically filed the foregoing Reply Declaration on behalf of the Served Defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. Joshua S. Moskovitz
   Bernstein Clarke & Moskovitz PLLC
   11 Park Place
   Suite 914
   New York, NY 10007

2. Robert Howard Rickner
   Rickner PLLC
   233 Broadway
   Suite 2220
   New York, NY 10279

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1. n/a

> LETITIA JAMES
> Attorney General of the State of New York
> Attorney for Served Defendants
>
> *s/Hillel Deutsch*
> HILLEL DEUTSCH
> Assistant Attorney General of Counsel
> NYS Office of the Attorney General
> 144 Exchange Boulevard, Suite 200
> Rochester, New York 14614
> Telephone: (585) 546-7430
> hillel.deutsch@ag.ny.gov