UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE WISHART,

                                Plaintiff,

                v.

CORRECTION OFFICER PETER WELKLEY, et al.,

                             Defendants.

_____

DECISION AND ORDER

19-CV-6189L

       Pursuant to 42 U.S.C. §§ 1983, 1985, 1986, Plaintiff commenced this action on March 13, 2019, against ten Orleans Correctional Facility employees regarding their alleged involvement in the events surrounding a retaliatory physical assault perpetrated against Plaintiff. (Dkt. #1).

       Currently before the Court is Defendants' partial motion for judgment on the pleadings under Rule 12(c) and request to stay the proceedings pending the Court's decision. (Dkt. #24). For the reasons that follow, the Court grants Defendants' motion to the extent that Plaintiff withdraws his theories of liability under Sections 1985 and 1986 in the Fourth and Fifth causes of action but denies the motion insofar as the Complaint adequately pleads sufficient facts to state a Section 1983 conspiracy in the Fourth and Fifth causes of action. The Court also denies as moot Defendants' motion to stay the proceedings.[1]

---

[1] Since the filing of the motion, the parties have continued to engage in discovery and related motion practice, which resulted in significant sanctions imposed by United States Magistrate Judge Mark W. Pedersen for failure to comply with discovery orders. Therefore, this portion of Defendants' motion is moot.

**DISCUSSION**

## I. Legal Standards on a Rule 12(c) Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) allows for any party to move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Rusis v. Int'l Bus. Machines Corp.*, 529 F. Supp. 3d 178, 190 (S.D.N.Y. 2021) (internal quotation marks and citation omitted). Therefore, the Court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [Plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). Then, the Court must assess whether the complaint "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks and citation omitted).

## II. Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Conspiracy Claims

For two main reasons, Defendants seek judgment as to Plaintiff's Section 1985 and 1986 conspiracy-related claims—labeled as Plaintiff's Fourth and Fifth causes of action. First, they note that Plaintiff has failed to allege that Defendants' actions were motived by any racial or class-based animus. (Dkt. #24-1 at 3). Second, they argue that Plaintiff's Complaint is comprised of conclusory accusations devoid of any factual allegations and therefore insufficiently pleads a conspiracy. (*Id.*). Because these claims should be dismissed, Defendants argue, Officers Welkley and Palistrant—"whose sole involvement stems from the allegations in counts Four and Five"— should be dismissed as well. (*Id.* at 5).

In response, Plaintiff has agreed to withdraw his Section 1985 and 1986 claims in so far as they relate to racial animus. (Dkt. #26 at 4-5). However, Plaintiff argues that the Complaint

adequately alleges that Officers Welkley and Palistrant initiated a conspiracy to violate Plaintiff's constitutional rights and are liable as conspirators under Section 1983, *id.* at 9, regardless of whether the Fourth and Fifth causes of action reference violations under Sections 1985 and 1986. Therefore, they contend, Officers Welkley and Palistrant should not be dismissed. I agree.

To the extent Plaintiff has abandoned his Section 1985 and 1986 theories of liability involving racial animus, they are dismissed. *See Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 544 (S.D.N.Y. 2015) (collecting cases in which a plaintiff concedes dismissal).

Nonetheless, the Fourth and Fifth causes of action clearly allege that Defendants acted in concert and conspired to retaliate against Plaintiff and assault him, repeatedly. The fact the causes of action were mislabeled is not controlling. Labels are not crucial; factual allegations control.

It is well established that "the essence of a cause of action is found in the facts alleged and proven by the plaintiff, not the particular legal theories articulated." *Oneida Indian Nation v. County of Oneida*, 617 F.3d 114, 139 (2d Cir. 2010); *see also Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 70-71 (S.D.N.Y. 2019) (concluding that in a brief on a motion to dismiss, a party may not amend its complaint through new allegations but may raise new theories of liability); *Sabilia v. Richmond*, No. 11 Civ. 739, 2011 WL 7091353, at *26 (S.D.N.Y. Oct. 26, 2011) ("That plaintiffs did not label these allegations as a breach-of-contract claim is not fatal to their pleading, since we must look to the factual allegations of the complaint as defining the nature of the claim rather [than] depend upon the legal labels affixed to those factual allegations."); *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 160 (E.D.N.Y. 1998) ("A complaint will not be dismissed merely because a plaintiff's allegations do not support the

3

particular legal theory advanced in the complaint. A court presented with a motion to dismiss must examine the complaint to determine whether the allegations provide a basis for relief under any possible theory."); *Emanuel v. Barry*, 724 F. Supp. 1096, 1098 (E.D.N.Y. 1989) ("[T]he fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory" (internal quotation marks and citation omitted)). The Second Circuit has recognized that "a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim." *See Marbury Mgmt., Inc. v. Kohn*, 629 F.2d 705, 712 n.4 (2d Cir. 1980).

Here, the Complaint gives Defendants' sufficient and clear notice that Plaintiff seeks to pursue liability through a theory of conspiracy, and Plaintiff—though altering his statutory basis—relies on existing allegations to support that theory. Therefore, though labeled in the Complaint as Section 1985 and 1986 claims, Plaintiff has made allegations to support conspiracy-related claims, albeit under Section 1983. The Court treats the Fourth and Fifth causes of action as raising claims under Section 1983.

In order to state a Section 1983 conspiracy, a plaintiff must allege facts showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Defendants appear to only challenge the first element, arguing that Plaintiff has insufficiently pled a meeting of the minds. (Dkt. #28 at 2). The Court disagrees.

The Complaint contains more than "conclusory, vague, or general allegations." *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). In early March 2016, Plaintiff informed Officer Palistrant that Officer Welkley had harassed Plaintiff's girlfriend both

inside the facility while she was visiting Plaintiff and outside of the facility through e-mail. (Dkt. #1, ¶¶ 40-43, 46). Officer Palistrant told Officers Welkley and Soria, who were friends as well as coworkers, about Plaintiff's complaint. (*Id.*, ¶¶ 47-49). They, along with the other Defendants, discussed the allegations and agreed to punish Plaintiff for making the complaint. (*Id.*, ¶¶ 47, 50). Within two weeks of raising Officer Welkley's misconduct with Officer Palistrant, Plaintiff was attacked and assaulted. (*Id.*, ¶¶ 51, 52). Officers Soria, Sullivan, Maryjanowski, Swiatowy, and Mithadrill participated in the group attack, during which Officer Soria specifically referenced Plaintiff's complaint by accusing him of trying to set up Officer Welkley. (*Id.*, ¶¶ 53-60). Most significantly, the Department of Corrections and Community Supervision's Office of Special Investigations investigated the incidents and found that Officer Welkley had inappropriate contact with Plaintiff's girlfriend and that Plaintiff had been assaulted by Orleans Correctional Facility employees. (*Id.*, ¶¶ 67, 70).

The Court finds that these allegations, especially the allegation that Officer Soria made reference to the complaint during the attack, raise a reasonable inference that at least some of Defendants "entered into an agreement, express or tacit," to impermissibly punish and retaliate against Plaintiff for making a complaint about Officer Welkley's misconduct. *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).

While Defendants highlight that Plaintiff does not allege specifically that Officers Palistrant and Welkley were present during the assault, Dkt. #28 at 2-3, liability attaches when "a person who, with knowledge of the illegality, participates in bringing about a violation of the victim's rights but does so in a manner that might be said to be 'indirect'—such as ordering or helping others to do the unlawful acts, rather than doing them him—or herself." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (discussing the standard for personal

5

involvement in Section 1983 claims); *see also Haughey v. County of Putnam*, No. 18-cv-2861, 2020 WL 1503513, at *9 (S.D.N.Y. Mar. 29, 2020) (recognizing that individual conspirators can be "held liable for the constitutional violations of their co-conspirators pursuant to § 1983"). Likewise, a pleading that "present[s] facts tending to show agreement and concerted action," is sufficient even if it does not allege the "place and date of defendants['] meetings and the summary of their conversations." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005).[2]

For these reasons, the Court concludes that the Complaint plausibly pleads a conspiracy and denies Defendants' motion to the extent it seeks to dismiss Plaintiff's conspiracy claim under Section 1983, as set forth in the Fourth and Fifth causes of action.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Defendants' Rule 12(c) motion. (Dkt. #24). Specifically, the Court dismisses Plaintiff's conspiracy-related theories invoking racial animus as pleaded in the Fourth and Fifth causes of action under 42 U.S.C. §§ 1985 and 1986. The Court, however, deems the Fourth and Fifth causes of action as properly pleaded under 42 U.S.C. § 1983. The Court also denies as moot Defendants' motion to stay the proceedings.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 31, 2022.

_____

[2] Defendants also challenge Plaintiff's pleading for "literally do[ing] nothing but alleg[ing] upon information and belief (without citing the basis for such relief)." (Dkt. #28 at 2). But the Second Circuit has stated, "The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief where[, as here,] the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks and citations omitted).