**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

GEORGE WISHART,

                           Plaintiff,

                   -against-

Correction Officer PETER WELKLEY (in his
individual capacity), Correction Officer CEDRIK
SORIA (in his individual capacity), Correction Officer
JOSEPH SULLIVAN (in his individual capacity),
Correction Officer W. MARYJANOWSKI (in his
individual capacity), Correction Officer PAUL
PALISTRANT (in his individual capacity), Correction
Officer SWIATOWY (in his individual capacity),
Correction Officer MITHADRILL (in his individual
capacity), Correction Sgt. JAMES OPPERMAN (in his
individual capacity), Correction Sgt. EDWARD RICE
(in his individual capacity), and Correction Lt. BRIGHT
(in his individual capacity).

                         Defendants.

No. 19 CV 6189 (DGL) (MWP)

-----------------------------------------------------------------X


**PLAINTIFF'S BRIEF ADDRESSING THE COURT'S QUESTIONS OF
ADMISSIBILITY OF CERTAIN EVIDENCE**


HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005

RICKNER PLLC
233 Broadway Suite 2220
New York, New York 10279

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

LEGAL STANDARDS ......................................................................................................1

    I.     Federal Rule of Evidence 803(8): Public Records...................................................1

    II.    Federal Rule Evidence 803(6): Records of Regularly Conducted Activity............3

    III.   Federal Rule of Evidence 801(d)(2): An Opposing Party's Statement...................4

    IV.   Federal of Evidence 403: Exclusions of Relevant Evidence for Prejudice,
          Confusion, Waste of Time, or Other Reasons ........................................................5

ARGUMENT ......................................................................................................................6

    I.     OSI's Final Investigative Report is a Public Record
          Admissible under Rule 803(8), and Defendants Have not Met
          Their Burden of Showing that the Report is Untrustworthy...................................6

    II.    OSI's Final Investigative Report is also Admissible as a
          Record of Regularly Conducted Activity under
          Rule 803(6) ...........................................................................................................8

    III.   Defendant Opperman's Statement is an Admission under
          Rule 801(d)(2) and therefore Admissible as an Exclusion to
          Hearsay, and its Probative Value is Not Substantially
          Outweighed by the Danger of Unfair Prejudice ....................................................9

CONCLUSION..................................................................................................................11

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Aliotta v. National R.R. Passenger Corp.*,
325 F.3d 756 (7th Cir. 2003) ..............................................................5

*Ariza v. City of N.Y.*,
139 F.3d 132 (2d Cir. 1998)...........................................................2, 7

*Beech Aircraft Corp. v. Rainey*,
488 U.S. 153 (1988)....................................................................3, 7, 8

*Beechwood Restorative Care Ctr. v. Leeds*,
856 F. Supp. 2d 580 (W.D.N.Y. 2012) ......................................2, 3, 8

*Bradford Tr. Co. of Bos. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
805 F.2d 49 (2d Cir. 1986).................................................................3

*Bridgeway Corp. v. Citibank*,
201 F.3d 134 (2d Cir. 2000)...............................................................3

*Fiataruolo v. United States*,
8 F.3d 930 (2d Cir. 1993)...................................................................7

*Hawkins v. Leggett*,
955 F. Supp. 2d 474 (D. Md. 2013) ...................................................2

*Jewell v. CSX Transp., Inc.*,
135 F.3d 361 (6th Cir. 1998) .............................................................5

*United States v. Blake*,
195 F. Supp. 3d 605 (S.D.N.Y. 2016) ............................................4, 5

*United States v. DiDomenico*,
78 F.3d 294 (7th Cir. 1996) ...............................................................5

*United States v. Gotti*,
457 F. Supp. 2d 395 (S.D.N.Y. 2006) ........................................4, 5, 9

*United States v. Mendlowitz*,
No. 17 Cr. 248 (VSB), 2019 WL 6977120 (S.D.N.Y. Dec. 20, 2019)..........................4, 9

*United States v. Moses*,
565 F. Supp. 3d 394 (W.D.N.Y. 2021) ...............................................6

*Wright v. Levitt*,
No. 13-CV-563-FPG, 2022 WL 420105 (W.D.N.Y. Feb. 11, 2022) .............................. 5-6

**TABLE OF AUTHORITIES (cont'd)**

**STATUTES**                                                        **PAGE(S)**

New York Correction Law § 112 ..................................................................................6

**RULES**

Federal Rule of Evidence 401 ...................................................................................10

Federal Rule of Evidence 403 ...................................................................................11

Federal Rule of Evidence 704 .....................................................................................7

Federal Rule of Evidence 801 .......................................................................4, 5, 9, 10

Federal Rule of Evidence 803 ....................................................................... 1, 2, 3-4, 9

**OTHER**

DOCCS, Office of Special Investigations, https://doccs.ny.gov/doccs-office-special-investigations-osi-0 (last visited Jan. 12, 2022) ..............................................................6

## PRELIMINARY STATEMENT

Plaintiff submits this brief pursuant to Court's November 3, 2022 Order (Dkt. 124) directing the parties to brief the following questions: "(1) Is the Office of Special Investigator Report dated 7/5/16 admissible?; and (2) Is Opperman's e-mail response an admission?"

The answer to both questions is "yes."  The Final Investigative Report of the Office of Special Investigations ("OSI") (attached here as Exhibit 1) is admissible as a public record under Fed. R. Evid. 803(8) because it presents "factual findings from a legally authorized investigation." It is also admissible as a business record under Fed. R. Evid. 803(6).  Defendant Opperman's email statement to the third-party ESI vendor (attached here as Exhibit 2) is admissible under Fed. R. Evid. 801(d)(2) as a statement by an opposing party.

## LEGAL STANDARDS

### I.      Federal Rule of Evidence 803(8): Public Records

Rule 803(8) provides that in civil cases (and criminal cases when introduced against the government), a "record or statement of a public office" that "sets out . . . factual findings from a legally authorized investigation" is admissible.  Fed. R. Evid. 803(8)(A)(iii).  It has long been recognized that public records generated as part of an official investigation are within an exception to the rule against hearsay because they are presumed to be reliable.  *See* Fed. R. Evid. 803 advisory committee notes ("Exception (8).  Public records are a recognized hearsay exception at common law and have been the subject of statutes without number.").

OSI's Final Investigative Report fits squarely within Rule 803(8) because OSI is authorized to investigate misconduct by correction officers.  *See* Dir. 0700 at 3, § III(A), *available at* https://doccs.ny.gov/system/files/documents/2022/09/0700.pdf (attached here as Exhibit 3).

OSI conducted a duly authorized investigation; the Defendants were represented by counsel during the investigation; and OSI made specific findings based on its authorized investigation. Consequently, OSI Final Investigative Report fits neatly into Rule 803(8).

To determine whether a report is part of a "legally authorized investigation," courts look at relevant regulations and agency rules. *See*, e.g., *Hawkins v. Leggett*, 955 F. Supp. 2d 474, 504 (D. Md. 2013) (citing prison regulations in determining that an investigation was "legally authorized"). Once that criteria is met, the public report is "presumptively admissible" and the party opposing its admission has the burden to show that the report is untrustworthy. *Beechwood Restorative Care Ctr. v. Leeds*, 856 F. Supp. 2d 580, 587-88 (W.D.N.Y. 2012).

This presumption is warranted because, "the methodology of factual investigation" acts as "a threshold safeguard against untrustworthiness." *Ariza v. City of N.Y.*, 139 F.3d 132, 134 (2d Cir. 1998). And it is "premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports." *Id.*; *see also* Fed. R. Evid. 803(8) advisory committee note ("Justification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record.").

A report otherwise admissible under Rule 803(8) is not limited to the ultimate conclusions. *Beechwood Restorative Care Ctr.*, 856 F. Supp. 2d at 587-88. Rather it can also include underlying details like "what happened, but how it happened, why it happened, and who caused it to happen." *Bridgeway Corp. v. Citibank*, 201 F.3d 134,143 (2d Cir. 2000). Even evaluative opinions or conclusions that are contained in an investigative report are admissible under Rule 803(8). *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988) ("We hold . . . that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state

2

a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."); *see also Bridgeway Corp.*, 201 F.3d at 143.

To exclude an admissible report from a legally authorized investigation, the opposing party bears the burden to show that the report is untrustworthy. *See Beechwood Restorative Care Ctr.*, 856 F. Supp. 2d at 587-88. This burden cannot be met with mere speculation. Instead, the opponent must make "an affirmative showing of untrustworthiness, beyond the obvious fact that the declarant is not in court to testify." *Bradford Tr. Co. of Bos. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 805 F.2d 49, 54 (2d Cir. 1986) (internal quotes omitted) (quoting *Kehm v. Proctor & Gamble Manufacturing Co.*, 724 F.2d 613, 618 (8th Cir.1983)).

## II.    Federal Rule Evidence 803(6): Records of Regularly Conducted Activity

Federal Rule of Evidence 803(6) provides another exception to the rule against hearsay for records of a regularly conducted activity. The requirements for admission under Rule 803(6) are:

A)    The record was made at or near the time by – or from information transmitted by – someone with knowledge;

B)    The record was kept in the course of regularly conducted activity of a business;

C)    Making the record was a regular practice of that activity;

D)    All these conditions are shown by the testimony of the custodian or another qualified witness . . .; and

E)    The opponent does not show that the source of information or the method or circumstances of preparation indicates a lack of trustworthiness.

Fed. R. Evid. 803(6).

Rule 803(6) "favors the admission of evidence rather than its exclusion if it has any probative value." *United States v. Mendlowitz*, No. 17 Cr. 248 (VSB), 2019 WL 6977120, at *11

(S.D.N.Y. Dec. 20, 2019).  And courts have recognized that reports, following an investigation, can be business records admissible under this rule.

For example, in *Mendlowitz*, the court admitted an Audit Report as a business record where the auditor prepared the report "at or near the time" of the audit, and the auditor was a person with knowledge, satisfying the requirements of Fed. R. Evid. 803(6)(A).  *Id*. \*12.  The auditor testified that the report was kept in the course of regularly conducted activity and that it was the company's "regular practice with respect to audit reports to maintain the reports and related work papers on its computer system."  *Id.*  Therefore, the Audit Report had a "sufficient indicia of trustworthiness to be considered reliable."  *Id*. at \*11 (quoting *Saks Intern., Inc. v. M/V Export Champion*, 817 F.2d 1011, 1013 (2d Cir. 1987)).

## III.    Federal Rule of Evidence 801(d)(2): An Opposing Party's Statement

Federal Rule of Evidence 801(d)(2) "provides, in pertinent part, that '[a] statement is not hearsay if . . . [t]he statement is offered against a party and is (A) the party's own statement.' A party's 'own statements [are] admissible as non-hearsay admissions regardless of whether such statements were against his interest when made.'"  *United States v. Gotti*, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006).  The admission need not be incriminating to fall within this exception.  *Id.* at 401.  The rule only requires that the statement be "offered against a party."  *United States v. Blake*, 195 F. Supp. 3d 605, 609 (S.D.N.Y. 2016).  In *Blake*, the court admitted the defendant's statements since they made were made in Blake's individual capacity to Government agents, and Blake showed that she believed those statements to be true.  *Id.* at 609.

The advisory committee notes explain that a party cannot prevent admission of their own statement, even by arguing that what they said was not actually true, because "no guarantee of trustworthiness is required in the case of an admission."  Fed. R. Evid. 801 advisory committee

notes.  That is because "[a]dmissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule."  *Id*.; *see also Jewell v. CSX Transp., Inc.*, 135 F.3d 361, 365 (6th Cir. 1998); *United States v. DiDomenico,* 78 F.3d 294, 303 (7th Cir. 1996) ("The admissibility of statements of a party-opponent is grounded not in the presumed trustworthiness of the statements, but on a 'kind of estoppel theory, that a party should be entitled to rely on his opponent's statements.'").

## IV.     Federal of Evidence 403: Exclusions of Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons

"Rule 403 of the Federal Rules of Evidence provides that '[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"  *Gotti*, 457 F. Supp. 2d at 398. An admission under Fed. R. Evid. 801(d)(2) may be excluded if its "probative value is substantial outweighed by one or more of six negative factors set forth" in the rule.  *Aliotta v. National R.R. Passenger Corp.*, 325 F.3d 756, 763 (7th Cir. 2003).

Evidence that "has no tendency to prove or disprove a material fact" is "inadmissible under FRE 401 and 402" and is further "barred by 403 because it risks confusing the jury and any probative value is substantially outweighed by the danger of unfair prejudice."  *Wright v. Levitt*, No. 13-CV-563-FPG, 2022 WL 420105, *5 (W.D.N.Y. Feb. 11, 2022).  In the context of Rule 403, "unfair prejudice" does not mean any prejudice; instead, "'[t]the prejudice that Rule 403 is concerned with involves some adverse effect beyond tending to prove the fact or issue that justified its admission into evidence.'"  *United States v. Moses*, 565 F. Supp. 3d 394, 397 (W.D.N.Y. 2021) (cleaned up) (quoting *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995)).

## ARGUMENT

**I.      OSI's Final Investigative Report is a Public Record Admissible under Rule 803(8), and Defendants Have not Met Their Burden of Showing that the Report is Untrustworthy**

OSI's investigation and Final Investigatory Report were legally authorized.  "The New York State Department of Corrections and Community Supervision (DOCCS) Office of Special Investigations (OSI) serves as the Department's investigative body, pursuant to Directive 0700 and Correction Law §§ 112 and 621."     DOCCS, Office of Special Investigations, https://doccs.ny.gov/doccs-office-special-investigations-osi-0 (last visited Jan. 12, 2022).  New York Correction Law § 112 affords the Commissioner of DOCCS "the superintendence, management and control of the correctional facilities in the department . . . and of all matters relating to the government, discipline, policing, contracts and fiscal concerns thereof."  N.Y. Corr. Law § 112(1).  The same statute provides that the Commissioner "shall have the power and it shall be his or her duty to inquire into all matters connected with said correctional facilities."  *Id*

DOCCS Directive 0700 gives OSI authority to "investigate allegations of . . . violations of Department Rules, Regulations, Directives, and Policies."  Ex. 3 at 3, § III(A).  The Directive also states: "Senior Investigators, Investigators, Investigative Analysts, and other personnel comprise the core of OSI, and are responsible for, among other activities, conducting investigations; analyzing and maintaining information and intelligence."  *Id*. at 4.

OSI, led by Investigator Scott Lustan, investigated the allegations concerning Mr. Wishart pursuant to OSI's lawful authority.  OSI Investigators personally reviewed relevant emails and other correspondence related to the allegations; reviewed reports, including an injury to inmate report and inmate behavior report; interviewed at least ten witnesses, including Mr. Wishart and corrections officers, as well as Mr. Wishart's girlfriend; and reviewed "over two dozen staff

memorandums." Ex. 1 at 2-5.  There is no question this was a factual investigation as contemplated by Rule 803(8).  *See, e.g.*, *Beech Aircraft Corp.*, 488 U.S. at 169; *cf. Ariza*, 139 F.3d at 134.

OSI made factual findings based on this factual investigation.  OSI's Final Investigative Report sets out these findings, which include that there was sufficient evidence to substantiate two of the allegations, and insufficient evidence to substantiate the third allegation.  Ex. 1 at 5.

Defendants mistakenly argue that these findings are "opinions" of the Investigator and should therefore not be admitted under Fed. R. Evid. 704(a).  *See* Defs.' Br. at 3 (Dkt. 130).  Defendants' argument fails for multiple reasons.  First, OSI's report is not being introduced through expert testimony, so Fed. R. Evid. 704(a) does not apply.  Nevertheless, the argument is contradicted by Rule 704, which says, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).  Opinion testimony on a critical issue is not automatically excluded.  *See Fiataruolo v. United States*, 8 F.3d 930, 942 (2d Cir. 1993) (upholding verdict where expert essentially testified that under the relevant guidelines the party was not responsible).

Second, the OSI report does not, on even a cursory review, contain the type of opinions that reach the ultimate question of unconstitutional use of force.  Instead, the report makes appropriate factual findings about whether there was sufficient evidence to establish that the subject officers violated DOCCS rules.

Finally, Defendants' argument has been squarely rejected by the Supreme Court in *Beech Aircraft Corp.*, which held that "portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."  488 U.S. at 170; *see also id.* at 168 ("neither the language of the Rule nor the intent of its framers calls for a distinction

between 'fact' and 'opinion'").  Since OSI's findings are factually based and made pursuant to a legally authorized investigation, the Final Investigative Report is "presumptively admissible" under Rule 803(8).  *Beechwood Restorative Care Ctr.*, 856 F. Supp. 2d at 587-88.

While Defendants indirectly question the trustworthiness of the OSI report, *see* Defs.' Br. at 2-4, they have failed to meet their burden to overcome the presumption of admissibility of OSI's Final Investigative Report.  Defendants cannot show that OSI's investigation or its Final Investigative Report is untrustworthy.  Indeed, it would be worrisome, and likely present a legal conflict, if the New York State Attorney General, who represents the Defendants in this action, were to argue that a duly authorized and properly conducted investigation of a state agency was *per se* "untrustworthy."

Accordingly, there is no basis to find that the Final Investigative Report is untrustworthy and therefore, it remains admissible as an exception hearsay under Fed. R. Evid. 803(8).

## II.    OSI's Final Investigative Report is also Admissible as a Record of Regularly Conducted Activity under Federal Rule of Evidence 803(6)

OSI's Final Investigative Report is also admissible as a business record under Rule 803(6), which favors the admission of evidence that has any probative value.  *See Mendlowitz*, 2019 WL 6977120, at *11.

First, the Final Investigative Report was made at or near the time of the incident by people with knowledge; and it was based on information transmitted by people with knowledge.  *See* Fed. R. Evid. 803(6)(A).  As discussed in detail above, the incident occurred on March 14, 2016, and OSI Investigator Lustan interviewed Mr. Wishart later that same day.  Ex. 1 at 1.  Mr. Wishart has knowledge of the incident because he was the victim of the assault.  *Id*.  OSI investigators interviewed other inmates just over a week later, and interviewed a half-dozen correction officers.

*Id*. at 3-4.  These people had personal knowledge of relevant events.  OSI investigators also reviewed over two dozen staff memoranda and other reports regarding the incident.  *Id*. at 4-5.

Second, the Report was kept in the regular course of a regularly conducted activity of OSI.  *See* Fed. R. Evid. 803(6)(B).  As explained above, DOCCS policy gives OSI authority to "investigate allegations of . . . violations of Departmental Rules, Regulations, Directives, and Policies" and OSI investigators "are responsible for . . . conducting investigations; analyzing and maintaining information and intelligence." Ex. 3 at 3-4, § III(A) at 3-4.  Thus, OSI's investigation in this case, and its Final Investigative Report, reflect regularly conducted activities of OSI.

Finally, for the reasons stated above in Point II, the Final Investigative Report is trustworthy, and therefore it is admissible under Rule 803(6).

### III.   Defendant Opperman's Statement is an Admission under Federal Rule of Evidence 801(d)(2) and therefore Admissible as an Exclusion to Hearsay, and its Probative Value is Not Substantially Outweighed by the Danger of Unfair Prejudice

Defendant Opperman's email is an opposing party statement and therefore an admission under Fed. R. Evid. 801(d)(2).  To be admissible under Rule 801(d)(2), an opposing party statement need not be against a party's interest, *Gotti*, 457 F. Supp. 2d at 397; nor must it be trustworthy, *see* Fed. R. Evid. 801 advisory committee notes ("no guarantee of trustworthiness is required in the case of an admission").  It is undisputed that Opperman sent this email: he acknowledged it under oath during the recent contempt hearing.  Accordingly, the statement "was made by the party in an individual . . . capacity." Fed. R. Evid. 801(d)(2)(A).

Opperman's admission is relevant under Rule 401 for at least two distinct reasons.  First, Opperman admits that he was not cooperative in his own defense in this case: "I will also say (as Mr. Deutsch already knows [winking face emoji]) that I will not go out of my way to contact you." Ex. 2.  Mr. Opperman testified in the recent contempt hearing that he believed 4Discovery, to

whom this email was sent, was contracted by his counsel.  A jury can reasonably consider this statement as reflecting Opperman's consciousness of guilt.  It is also relevant to the pending contempt motion, and if spoliation issues are presented to the jury as they should (*e.g.*, concerning the mysterious passcode added to Mr. Opperman's cell phone, which prevented the retrieval of his ESI on that phone), this admission is highly relevant.

Second, Opperman's statement nearly admits that plaintiff Wishart should prevail in this case: "We all know this kid is gonna get paid anyway . . . ."  Ex. 2.  It goes without saying that this admission "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Opperman does not deny that his email is an admission.  *See* Defs.' Br. at 5-6.  Instead, he argues only that the email should be excluded under Rule 403.  *See* Defs.' Br. at 6.  But none of the reasons for excluding relevant evidence described in Rule 403 are met here.

Opperman's argument rests on the mistaken assumption that there is no probative value to his statements because he did not believe them and only said them out of anger or frustration.  But that is the quintessential province of a jury to determine, which is why "no guarantee of trustworthiness is required in the case of an admission."  Fed. R. Evid. 801 advisory committee notes.  If Opperman's argument held water, any party admission would be excluded where the party asserts that he didn't really mean what he said.  The probative value of this statement include (a) it shows Opperman intentionally dragged his feet in his own defense in this case, specifically in terms of providing access to his ESI, which is directly relevant to the question of whether he prevented access to his cell phone data by adding a passcode; and (2) Opperman acknowledged that Mr. Wishart should be compensated in this case, which practically concedes liability.  Accordingly, the statement is probative concerning relevant issues, and Opperman's assertions

about what he really meant when he authored this email are appropriately placed before the jury to determine.

Opperman's argument also ignores the key piece of this inquiry: whether the evidence is *unfairly* prejudicial. *See* Fed. R. Evid. 403. All evidence is prejudicial in the sense that it supports one side or the other. If it does not, it is not relevant under Rule 401. Certainly, Opperman acknowledging that Plaintiff deserves compensation, while simultaneously admitting that Opperman stonewalled discovery (and laughing about it in an emoji) following multiple sanctions orders, is prejudicial. If anything, Plaintiff would be unfairly prejudiced if this rare, candid admission was withheld from the jury.

## CONCLUSION

For the foregoing reasons, the Court should admit at trial the OSI Final Investigative Report under Fed. R. Evid. 803(8) or Fed. R. Evid. 803(6) and Defendant Opperman's email statement under Fed. R. Evid. 801(d)(2).


Dated: January 12, 2023

Respectfully submitted,

Joshua S. Moskovitz
Calla Ketchens
HAMILTON CLARKE, LLP

Rob Rickner
RICKNER PLLC


*Attorneys for Plaintiff*

11