UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE WISHART,

                              Plaintiff,                                 <u>DECISION AND ORDER</u>

                                                                                      19-CV-6189DGL

                        v.

CORRECTION OFFICER PETER WELKLEY, et al.,

                              Defendants.
_____

## INTRODUCTION

      Plaintiff George Wishart brings this action against ten individual corrections officers. Plaintiff alleges that when he was incarcerated at Orleans Correctional Facility, defendant Welkley sexually harassed plaintiff's girlfriend when she came to visit, and sent her harassing emails afterward. When plaintiff complained, he alleges that on March 14, 2016, the ten individual defendant officers collectively beat him, causing a rotator cuff injury that required surgery to correct, wrongfully placed plaintiff in solitary confinement, and filed false reports about the incident. The Office of Special Investigation later investigated, and determined that there was sufficient evidence to substantiate plaintiff's allegations that Welkley had harassed plaintiff's girlfriend, and that prison staff members had assaulted plaintiff. Plaintiff alleges claims including excessive force in violation of the Eighth Amendment, retaliation for exercise of First Amendment rights, and failure to intervene.

      The instant motion seeking sanctions for contempt involves two of the individual defendants: Correction Officer Swiatowy ("Swiatowy"), and Correction Sergeant James

Opperman ("Opperman"). Familiarity with the underlying facts and procedural history of this matter is presumed.

In brief, on January 29, 2021, Magistrate Judge Pedersen issued a Decision and Order (Dkt. #83) granting a motion by plaintiff to compel discovery. He directed that the defendants turn over their personal electronic devices for forensic analysis by an electronically stored information ("ESI") vendor, and further directed that such analysis take place at defendants' expense. In connection with that Decision and Order, defendants were also ordered to pay plaintiff's reasonable expenses in seeking to compel defendants' compliance with plaintiff's e-discovery demands.

At a status conference on March 17, 2021, Magistrate Pedersen learned that not all defendants had yet complied with the January 29, 2021 Decision and Order, and directed them to do so "forthwith." (Dkt. #86).

Efforts by the ESI vendor to collect devices and other e-discovery from Swiatowy and Opperman included multiple e-mails to them, in and after April 2021, for the purpose of scheduling remote collection of their data, and properly coordinating the delivery of collection kits to their homes. These efforts were beset by difficulties. After Opperman's initial remote data collection appointment did not take place due to connection difficulties, he resisted efforts to reschedule, expressing frustration at the need to turn over information he had already provided previously, and at delays which he claimed were not his fault. (Dkt. #91 at ¶9, Dkt. #101 at (G)). As for Swiatowy, after his initial collection appointment was canceled by the vendor due to the inability to ship a collection kit on time, he made no attempt to reschedule. (Dkt. #101 at (F)).

On June 1, 2021, approximately six weeks after the ESI vendor first reached out to Swiatowy and Opperman, plaintiff indicated that he had not yet received their e-discovery.

2

Plaintiff moved for sanctions for defendants' noncompliance with discovery orders, and sought Judge Pedersen's certification of the relevant facts to this Court, for contempt. (Dkt. #88). On March 11, 2022, Magistrate Judge Pedersen granted that motion in part, sanctioned defendants in the amount of $66,955.48 (later amended to $104,603.48), and separately entered a Certification for Contempt. (Dkt. #100, #101, #111).

In the weeks that followed, Swiatowy and Opperman both rescheduled their data collection with the ESI vendor, and on June 22, 2021, their counsel indicated that their compliance with the January 20, 2021 Decision and Order was finally complete. (Dkt. #95 at ¶¶9, 15).

Plaintiff now asks the Court to hold Swiatowy and Opperman in contempt, and requests that they be ordered to pay plaintiff's reasonable expenses, including attorneys' fees, that were incurred in the effort to obtain e-discovery from them after entry of the January 20, 2021 Decision and Order from Judge Pedersen.

Pursuant to 28 U.S.C. §636(e)(6)(B)(iii), this Court held an evidentiary hearing on January 5, 2023, at which Swiatowy, Opperman, and Nathan Bender, a forensic expert employed by 4Discovery, the vendor who collected Swiatowy's and Opperman's ESI, testified. (Dkt. #135).

For the reasons that follow, the Court declines to find Swiatowy and Opperman in contempt, or to order additional monetary sanctions.

## DISCUSSION

### I. Applicable Standard

To demonstrate civil contempt, a movant must establish that: (1) the subject order was clear and unambiguous; (2) the proof of noncompliance by the contemnor is "clear and convincing," and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *See Gucci Am. v. Bank of China*, 768 F.3d 122, 152 (2d Cir. 2014). While a finding of willful conduct is not

necessary, if contempt is found, a finding of willfulness strongly supports an award of attorney's fees to the prejudiced party. *See Church v. Steller*, 35 F. Supp. 2d 215, 219 (N.D.N.Y. 1999)(citing *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F. 2d 1, 5 (2d Cir. 1989).

Where sanctions for contempt are awarded, they are intended to be "compensatory or coercive, and may not be punitive." *Id*. Where a party's noncompliance is temporary and does not result in harm, sanctions "would not serve the coercive or compensatory purposes of civil contempt." *Consumer Fin. Prot. Bureau v. Mackinnon*, 2022 U.S. Dist. LEXIS 125215 at *5 (W.D.N.Y. 2022).

After careful consideration of the certified facts (Dkt. #101), the stipulated facts submitted to the Court in connection with the evidentiary hearing, and the evidence presented, the Court declines to find Swiatowy and Opperman in contempt, or to otherwise impose additional sanctions for their sluggish compliance with Magistrate Judge Pedersen's discovery orders.

While the defendants' recalcitrance and lack of promptness in responding to plaintiff's electronic discovery demands is troubling, both sides agree that at least some of the initial delay, and the need to repetitively seek access to reexamine defendants' devices through a third-party ESI vendor, was attributable to the fact that the job of collecting devices and obtaining e-discovery was initially assigned to an individual in the attorney general's office who was not qualified for the task, and was unable to complete it.

Defense counsel repeatedly acknowledged at the hearing, and in filings, that the Attorney General's agent botched the initial program for obtaining e-discovery from defendants' devices. It was that bungled effort that occasioned the Magistrate Judge to order that a third-party ESI vendor be tasked with the job.

Testimony and e-mails from the defendants, and in particular a belligerent message from Opperman to the ESI vendor in which he refused to "go out of [his] way to contact" the vendor to reschedule a remote data collection appointment, demonstrated their growing frustration with the need to repeatedly produce their phones for examination. (Dkt. #101 at (G)).

As not infrequently happens, the facts and inferences disclosed at the evidentiary hearing, painted a somewhat different picture as to what happened concerning the turnover of defendants' devices and why. For example, it was not established that either defendant ever received a copy of the Magistrate Judge's written discovery orders or that his oral "forthwith directive" from the bench was ever discussed and explained to defendants. In any event, it was several weeks after Judge Pedersen's forthwith directive that the third-party ESI vendor first reached out to the defendants to obtain their devices.

Furthermore, many of the facts certified for contempt by Magistrate Judge Pedersen centered around Swiatowy's turning over of a phone to the ESI vendor that appeared to have been deliberately reset to erase any useful electronic data it may have contained – something Swiatowy denied having done. Information from one of Opperman's phones was also unable to be extracted due to password protection, which Opperman denied having engaged. Evidence at the hearing indicated that these phones had been turned over to the attorney general's office early in the discovery process, where the job of collecting electronic data was apparently bungled. This interruption in the phones' chain of custody, at the very least, created a question of fact as to when, and by whom, the devices might have been reset or password-protected.

Swiatowy and Opperman also testified that although they were generally aware of the need to comply with e-discovery demands, they were not explicitly told about the Magistrate Judge's various orders. It is undisputed that once a third-party ESI vendor was selected by the parties and

began e-mailing Swiatowy and Opperman in or around April 2021, collection of the outstanding discovery was completed from both men within about two months, in spite of the initial pushback, or technological difficulties, or both, on the part of the defendants.

As such, the harm alleged by plaintiff here consists primarily of discovery delayed, not discovery denied. Defendants have offered plausible reasons for their failure to comply more quickly, and have apologized for their failure to comply more graciously. As such, I cannot conclude that the defendants' actions rose to the level of contempt, and/or that monetary sanctions, in addition to the extraordinary sum already awarded by Magistrate Judge Pedersen, would accomplish any proper purpose. Although plaintiff has raised serious questions of fact concerning whether and to what extent Swiatowy's and/or Opperman's eventual compliance with Magistrate Judge Pedersen's discovery orders was incomplete due to spoliation of evidence, that is a matter best resolved at trial.

In sum, I observe that defendants have already been sanctioned in significant amounts for discovery delays in this matter, and find that plaintiff has failed to prove that assessment of additional monetary penalties would serve the coercive or compensatory purposes of civil contempt, given that the parties against whom contempt was certified have now complied with the discovery orders at issue. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 144 (2d Cir. 2014); *Consumer Fin. Prot. Bureau*, 2022 U.S. Dist. LEXIS 125215 at *5. To the extent that plaintiff's motion for sanctions (Dkt. #88) requested an award of sanctions from this Court for contempt, it is denied.

## CONCLUSION

For the reasons set forth above, I find that an award of sanctions for contempt would serve no proper purpose. As such, the outstanding portion of plaintiff's motion for sanctions (Dkt. #88) which sought that relief is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 8, 2023.